# EXHIBIT A

## to Defendant Ironclad Environmental Solution Inc.'s Notice of Removal

## *State Court Pleadings*

Danny Yadidsion, Esq., SBN 260282
Paige Taylor, Esq. SBN 288009
LABOR LAW PC
100 Wilshire Blvd., Suite 700
Santa Monica, California 90401
Telephone: (310) 494-6082
Danny@LaborLawPC.com
Paige.Taylor@LaborLawPC.com
calendar@laborlawpc.com

Attorneys for Plaintiff
**JAWANNA WALKER,**
individually and on behalf of similarly situated employees

**ELECTRONICALLY FILED**
Superior Court of California,
County of Alameda
**12/19/2025 at 09:58:50 AM**
By: Andrel Gospel,
Deputy Clerk

**SUPERIOR COURT OF THE STATE OF CALIFORNIA**

**FOR THE COUNTY OF ALAMEDA**

**JAWANNA WALKER**, individually and on behalf of similarly situated employees,

*Plaintiff,*

v.

**IRONCLAD ENVIRONMENTAL SOLUTIONS, INC.**, a Delaware corporation; and **DOES 1- 50**, inclusive,

*Defendants.*

CASE NO.: 25CV161021

**CLASS ACTION COMPLAINT FOR:**

1. **Failure to Pay Wages for All Hours Worked (Cal. Labor Code §§ 1194 and 1197);**
2. **Failure to Pay Overtime Wages (Cal. Labor Code §§ 510 and 1194);**
3. **Failure to Provide Meal Periods (Cal. Labor Code §§ 512 and 226.7);**
4. **Failure to Provide Rest Periods (Cal. Labor Code § 226.7);**
5. **Failure to Furnish Timely and Accurate Wage Statements (Cal. Labor Code § 226);**
6. **Failure to Pay All Compensation Due Upon Discharge (Cal. Labor Code §§201, 202, and 203);**
7. **Failure to Reimburse for Business Expenses (Cal. Labor Code section § 2802);**
8. **Unfair, Unlawful, or Fraudulent Business Practices (Cal. Bus. & Prof. Code § 17200 *et seq.*)**

**DEMAND FOR JURY TRIAL**

## INTRODUCTION

1. Plaintiff JAWANNA WALKER ("Plaintiff"), on behalf of Plaintiff and similarly situated employees, hereby submits this Complaint against Defendant IRONCLAD ENVIRONMENTAL SOLUTIONS, INC. ("IES"), a California corporation doing business in California; and DOES 1 through 50, inclusive (collectively, "Defendants"), and each of them, and alleges as follows:

2. This is a class action under California Code of Civil Procedure §382 seeking damages for unpaid wages, failure to provide accurate itemized wage statements, penalties, interest, and other equitable relief, and reasonable attorneys' fees and costs under Cal. Labor Code ("Labor Code") §§ 226(e), 226.2, 226.7, 510, 512, 558, 1194, 1194.2, 2802, 201-203, and applicable IWC Wage Orders, Cal. Civ. Proc. Code § 1021.5, and restitution under California's Unfair Competition Law ("UCL"), Business & Professions Code §§ 17200 *et seq.*

3. Plaintiff brings this action on behalf of all other similarly situated individuals – ***all non-exempt employees currently and formerly employed by Defendants*** ("Class Members") – in the State of California from four years prior to the filing of this Complaint through to the trial date ("Class Period"). Defendants' violations of California's wage and hours laws and unfair competition laws, as described more fully below, have been ongoing for at least the past four years, and are continuing at present.

4. During the Class Period, Plaintiff and Class Members were non-exempt employees as defined under the Labor Code and were entitled to receive all wages owed and either regular meal and rest breaks or premium pay for time worked during overtime, meal breaks, and rest breaks. Plaintiff and Class Members were also entitled to receive regular, accurate itemized wage statements reflecting the total amount of money which they were owed and the accurate name of the company employing them.

5. Moreover, Defendants regularly furnished to Plaintiff and all Class Members inaccurate itemized wage statements by including inaccurate wages owing to Defendants' willful violation of California's meal and rest break laws.

6. In particular, during the one-year period prior to the filing of this Complaint through

to the trial date ("Wage Statement Class Period"), Defendants knowingly and intentionally failed to provide Class Members with accurate itemized wage statements ("Wage Statement Subclass"), in violation of Labor Code § 226(a) and 226.2. Defendants did so by providing wage statements with inaccurate payment amounts, owing to the failure to pay all wages for all hours worked and to the failure to pay premium and meal and rest break pay.

7. In addition, this action is brought on behalf of a subclass comprised of Plaintiff and Class Members formerly employed by Defendants ("Waiting Time Penalty Subclass Members"). During the "Waiting Time Penalty Subclass Period" – designated as three years prior to the filing of the Complaint through to the trial date – Defendants failed to pay all compensation due and owing to Waiting Time Penalty Subclass Members upon discharge from employment in violation of Labor Code §§ 201-203.

8. As a result of the above Labor Code violations, Defendants committed unfair, unlawful, and fraudulent business practices, in violation of the UCL.

## THE PARTIES

9. Plaintiff is a resident of California, and was, at all times relevant to this action, a non-exempt employee of Defendants.

10. Defendant IRONCLAD ENVIRONMENTAL SOLUTIONS, INC. is a Delaware corporation that at all times relevant hereto, did business and employed individuals in the County of Alameda, State of California.

11. Defendants are Plaintiff's employer within the meaning of the Labor Code and is therefore subject to the jurisdiction of this Court.

12. The true names and capacities, whether individual, corporate, associate, or otherwise of the Defendants named herein as DOES 1-50, inclusive, are unknown to Plaintiff at this time and therefore said Defendants are sued by such fictitious names. Plaintiff will seek leave to amend this Complaint to insert the true names and capacities of said Defendants when the same become known to Plaintiff. Plaintiff is informed and believes and thereupon alleges that each of the fictitiously-named Defendants is responsible for the wrongful acts alleged herein and is therefore liable to Plaintiff as alleged hereinafter.

13. Plaintiff is informed and believes, and based thereupon alleges, that at all times relevant hereto, Defendants, and each of them, were the agents, employees, managing agents, supervisors, conspirators, parent corporation, joint employers, alter ego, and/or joint ventures of the other Defendants, and each of them, and in doing the things alleged herein, were acting at least in part within the course and scope of said agency, employment, conspiracy, joint employment, alter ego status, and/or joint venture and with the permission and consent of each of the other Defendants.

14. Plaintiff is informed and believes, and based thereupon alleges, that Defendants, and each of them, including those Defendants named DOES 1-50, acted in concert with one another to commit the wrongful acts alleged therein, and aided, abetted, incited, compelled, and/or coerced one another in the wrongful acts alleged herein, and/or attempted to do so. Plaintiff is further informed and believes, and based thereupon alleges, that the Defendants, and each of them, including those Defendants named as DOES 1-50, formed and executed a conspiracy or common plan pursuant to which they would commit the unlawful acts alleged herein, with all such acts alleged herein done as part of and pursuant to said conspiracy, intended to and actually causing Plaintiff harm.

15. Whenever and wherever reference is made in this Complaint to any act or failure to act by a Defendant or co-Defendant, such allegations and references shall also be deemed to mean the acts and/or failures to act by each Defendant acting individually, jointly and severally.

## JURISDICTION

16. This Court has jurisdiction over Plaintiff's and Class Members' claims under Labor Code §§ 201-203, 226, 510, 512, 558, 1194, 2802, applicable Wage Orders, and the UCL, Bus. & Prof. Code §§ 17203 and 17204.

17. The amount in controversy for Plaintiff's individual claims, including claims for civil penalties and pro rata share of attorneys' fees, is less than seventy-five thousand dollars ($75,000).

///

///

**VENUE**

18. Venue is proper in the County of Alameda pursuant to Cal. Civ. Proc. Code § 395(a) and 395.5. Defendant IES is a California corporation. Defendants maintains offices and transacts business in the County of Alameda.

**ALTER EGO, AGENCY, JOINT EMPLOYER, LABOR CODE § 558.1**

19. Plaintiff is informed and believes, and based thereon alleges, that there exists such a unity of interest and ownership between Defendants and DOES 1-50 that the individuality and separateness of Defendants have ceased to exist.

20. Plaintiff is informed and believes, and based thereon alleges, that despite the formation of purported corporate existence, DOES 1-50 are, in reality, one and the same as Defendants, including, but not limited to because:

a. Defendant IES is completely dominated and controlled by DOES 1-50, who personally violated the laws as set forth in this complaint, and who have hidden and currently hid behind Defendants to circumvent statutes or accomplish some other wrongful or inequitable purpose.

b. DOES 1 through 50 derive actual and significant monetary benefits by and through Defendant IES' unlawful conduct, and by using Defendant IES as the funding source for their own personal expenditures.

c. Plaintiff is informed and believes that Defendant IES and DOES 1-50, while really one and the same, were segregated to appear as though separate and distinct for purposes of circumventing a statute or accomplishing some other wrongful or inequitable purpose.

d. Plaintiff is informed and believes that Defendants do not comply with all requisite corporate formalities to maintain a legal and separate corporate existence.

e. Plaintiff is informed and believes, and based thereon alleges, that the business affairs of Defendant IES and DOES 1-50 are, and at all times relevant were, so mixed and intermingled that the same cannot reasonably be segregated, and the same are in inextricable confusion. Defendant IES is, and at all times

relevant hereto was, used by DOES 1-50 as a mere shell and conduit for the conduct of certain of Defendants' affairs, and are, and were, the alter ego of DOES 1-50. The recognition of the separate existence of Defendants would not promote justice, in that it would permit Defendants to insulate themselves from liability to Plaintiff for violations of the Government Code, Labor Code, and other statutory violations. The corporate existence of Defendants and DOES 1-50 should be disregarded in equity and for the ends of justice because such disregard is necessary to avoid fraud and injustice to Plaintiff herein.

f. Accordingly, Defendant IES constitutes the alter ego of DOES 1-50, and the fiction of their separate corporate existence must be disregarded.

21. As a result of the aforementioned facts, Plaintiff is informed and believes, and based thereon alleges that Defendant IES and DOES 1-50 are Plaintiff's joint employers by virtue of a joint enterprise, and that Plaintiff was an employee of Defendant IES and DOES 1-50. Plaintiff performed services for each and every one of Defendants, and to the mutual benefit of all Defendants, and all Defendants shared control of Plaintiff as an employee, either directly or indirectly, in the manner in which Defendants' business was and is conducted.

22. Plaintiff is informed and believes that DOES 1-50 were the actual employers and/or "person[s] acting on behalf of the employer" within the meaning of Labor Code section 558.1.

**FACTUAL ALLEGATIONS COMMON TO ALL CLAIMS**

23. Defendant IRONCLAD ENVIRONMENTAL SOLUTIONS, INC. is a Delaware corporation engaged in the environmental services and waste management industry, including the rental of containment and related equipment, and at all times relevant hereto did business in Alameda County, State of California.

24. Throughout the Class Period, Plaintiff and Class Members served in nonmanagerial, non-supervisory roles where they neither had supervisory responsibilities nor had discretion over the projects, work, or hours they worked. As such, Plaintiff and Class Members were non-exempt employees and were paid accordingly on an hourly basis.

25. Despite being non-exempt hourly employees, Plaintiff and the Class Members were

not afforded legally compliant meal or rest breaks. Defendants also did not provide premium pay for missed meal and rest breaks.

26. In addition, Defendants failed to pay Plaintiff and the Class Members wages for all hours worked, including by requiring Plaintiff and the Class Members to complete work off the clock and otherwise denying Plaintiff and the Class Members payment for all hours worked.

27. Moreover, Defendants failed to pay Plaintiff and the Class Members overtime wages for hours spent working overtime, including on days when they worked in excess of eight hours per day or weeks in which they worked in excess of forty hours per week. Defendants also failed to pay double time to Plaintiff and the Class Members on days in which they worked in excess of twelve hours.

28. Plaintiff's and the Class Members' wage statements confirm that they were not paid premiums for their missed meal and rest breaks, which itself made the statements inaccurate because the statements did not accurately reflect all wages owed to Plaintiff and Class Members under California law. Instead, these wage statements also reflect routine, repeated, and deliberate violations of California labor laws.

29. <u>Failure to Pay Overtime</u>: Plaintiff's and the Class Members' wage statements show individual days in which they worked in excess of eight hours, and weeks in which they worked in excess of 40 hours. But every day was paid at the "regular pay" rate with no overtime paid. Plaintiff's and the Class Members' wage statements regularly failed to reflect payment owed to them for overtime hours worked.

30. <u>Failure to Pay Premium for Missed Meal and Rest Breaks</u>: Nowhere on Plaintiff's or the Class Members' wage statements is there any reflection of premium pay for missed meal and rest breaks, despite Defendants denying Class Members the opportunity to take such meal and rest breaks as required by California law.

31. <u>Off the Clock Work</u>: Nowhere on Plaintiff's or the Class Members' wage statements is there any reflection for payment of work completed before clocking in or after clocking out, as required by Defendants.

///

## CLASS ACTION ALLEGATIONS

32. Plaintiff brings this class action pursuant to Cal. Civ. Proc. Code § 382 on behalf of the Class and Waiting Time Penalty Subclass. Upon information and belief, the members of the Class and Waiting Time Penalty Subclass are so numerous that joinder of all members is impractical. Plaintiff's claims are typical of the claims of the members of the Class and Waiting Time Penalty Subclass because Plaintiff was an employee of Defendants who was (a) not paid for all hours worked, including for required off the clock work; (b) not paid any premium overtime pay for the duration of Plaintiff's employment with Defendants; (c) was not paid a premium rate for denied meal and rest breaks for the duration of Plaintiff's employment with Defendants; (d) was provided with inaccurate wage statements which provided inaccurate sums of money to be paid to Plaintiff; and (e) was not paid all wages due at termination.

33. Plaintiff will fairly and adequately represent the interests of the Class and Waiting Time Penalty Subclass. Plaintiff has no conflict of interest with any member of the Class and Waiting Time Penalty Subclass. Plaintiff has retained competent and experienced counsel in complex class action litigation. Plaintiff's counsel has the expertise and financial resources to adequately represent the interests of the Class and Waiting Time Penalty Subclass.

34. Common questions of law and fact exist as to all members of the Class and the Waiting Time Penalty Subclass and predominate over any questions solely affecting individual members of the Class and Subclass.

35. Class action treatment is superior to any alternative to ensure the fair and efficient adjudication of the controversy alleged herein. Such treatment will permit a large number of similarly situated persons to prosecute their common claims in a single forum simultaneously, efficiently, and without duplication of effort and expense that numerous individual actions would entail. No difficulties are likely to be encountered in the management of this class action that would preclude its maintenance as a class action, and no superior alternative exists for the fair and efficient adjudication of this controversy. Class Members are readily identifiable from Defendants' employee rosters and/or payroll records.

36. Defendants' actions are generally applicable to the entire Class. Prosecution of

separate actions by individual members of each Class creates the risk of inconsistent or varying adjudications of the issues presented herein, which, in turn, would establish incompatible standards of conduct for Defendants.

37. Because joinder of all members is impractical, a class action is superior to other available methods for the fair and efficient adjudication of this controversy. Furthermore, the amounts at stake for many members of each Class, while substantial, may not be sufficient to enable them to maintain separate suits against Defendants.

**FIRST CAUSE OF ACTION AGAINST ALL DEFENDANTS**

**FAILURE TO PAY WAGES FOR ALL HOURS WORKED**

[*California Labor Code §§ 1194, 1197 and IWC Wage Orders*]

38. Plaintiff re-alleges each and every paragraph of this Complaint as though fully set forth.

39. California Labor Code §§ 1194, 1197, and applicable Wage Orders entitle non-exempt employees to be paid for all hours worked. All hours must be paid at the statutory or agreed rate and no part of this rate may be used as a credit against a minimum wage obligation.

40. During the relevant time period, Plaintiff and Class Members were not paid all wages owed when Defendants did not pay minimum wage for all hours worked.

41. As a result of these violations, Defendants is liable for unpaid wages, interest thereon, and attorneys' fees and costs.

42. Plaintiff and Class Members also request relief as described below.

**SECOND CAUSE OF ACTION AGAINST ALL DEFENDANTS**

**FAILURE TO PAY OVERTIME WAGES**

[*California Labor Code §§ 510, 1194 and IWC Wage Orders*]

43. Plaintiff re-alleges each and every paragraph of this Complaint as though fully set forth.

44. Pursuant to Labor Code sections 510, 1194, and IWC Wage Orders, Defendants are required to compensate non-exempt employees for all overtime, which is calculated at one and one-half (1 1/2) times the regular rate of pay for all hours worked in excess of eight (8) hours per

day and/or forty (40) hours per week, and for the first eight (8) hours on the seventh consecutive workday, with double time for all hours worked in excess of twelve (12) hours in any workday and for all hours worked in excess of eight (8) hours on the seventh consecutive day of work in any workweek.

45. Plaintiff and Class Members are current and former non-exempt employees entitled to the protections of Labor Code sections 510, 1194, and IWC Wage Orders. Defendants failed to compensate Plaintiff and Class Members for all overtime hours worked as required under the foregoing provisions by, among other things: failing to pay overtime at one and one-half (11⁄2) times the regular rate of pay for work performed in excess of eight (8) hours in a workday, and/or forty (40) hours per week, and for the first eight (8) hours on the seventh consecutive workday; and failing to pay overtime at double the regular rate of pay for work performed in excess of 12 hours in a workday, and for all hours worked in excess of eight (8) hours on the seventh consecutive day of work in any workweek.

46. Plaintiff and members of the Class Members worked in excess of eight hours per day and in excess of forty hours per week, and Defendants unlawfully failed to pay Plaintiff and Class Members the proper overtime compensation.

47. As a result of these violations, Defendants are liable for unpaid overtime wages, interest thereon, and attorneys' fees and costs.

48. Plaintiff and Class Members also request relief as described below.

**<u>THIRD CAUSE OF ACTION AGAINST ALL DEFENDANTS</u>**

**FAILURE TO PPROVIDE MEAL PERIODS**

[*California Labor Code §§ 512 and 226.7*]

49. Plaintiff re-alleges each paragraph of this Complaint as though fully set forth.

50. As part of Defendants' unlawful scheme, Defendants failed to provide Plaintiff and Class Members with a full, 30-minute meal period free of all duties pursuant to Labor Code Sections 226.7, 512 and IWC Wage Orders. Defendants further failed to provide a second meal period to employees working more than ten (10) hours in a workday. Plaintiff and Class Members worked in excess of five hours a day without being provided at least half hour meal periods in

which they were relieved of their duties, as required by Labor Code §§ 226.7 and 512 and applicable Wage Orders. *See Brinker Restaurant Corp., et al. v. Superior Court* (2012) 53 Cal.4th 1004, 1040-41 ("The employer satisfies this obligation if it relieves its employees of all duty, relinquishes control over their activities and permits them a reasonable opportunity to take an uninterrupted 30–minute period, and does not impede or discourage them from doing so . . . [A] first meal period [is required] no later than the end of an employee's fifth hour of work, and a second meal period [is required] no later than the end of an employee's 10th hour of work.").

51. Defendants violated Labor Code sections 226.7, 510, 1194, 1197, and IWC Wage Orders by failing to compensate Plaintiff and Class Members for all hours worked during their meal periods.

52. As a proximate result of the violations, Plaintiff and Class Members have been damaged in an amount according to proof at trial. Therefore, pursuant to California Labor Code Sections 226.7, 510, 1194, 1197, and other applicable provisions under the Labor Code and IWC Wage Orders, Plaintiff and Class Members are entitled to recover all wages earned and due, plus interest, penalties, attorney's fees, expenses, and costs of suit.

53. Plaintiff and Class Members also request relief as described below.

## FOURTH CAUSE OF ACTION AGAINST ALL DEFENDANTS

## FAILURE TO PROVIDE REST PERIODS

[*California Labor Code §226.7*]

54. Plaintiff re-alleges each paragraph of this Complaint as though fully set forth.

55. Defendants failed to provide the rest periods that are required by applicable Wage Orders. *See Brinker*, 53 Cal. 4th 1004 at 1029 ("Employees are entitled to 10 minutes rest for shifts from three and one-half to six hours in length, 20 minutes for shifts of more than six hours up to 10 hours, 30 minutes for shifts of more than 10 hours up to 14 hours, and so on.").

56. Defendants violated Labor Code sections 226.7 and 512, and IWC Wage Orders by failing to provide Plaintiff and Class Members required rest periods.

57. Defendants violated California Labor Code section 226.7 and IWC Wage Orders by failing to pay Plaintiff and Class Members who were not provided with a rest period, one

additional hour of compensation at each employee's regular rate of pay for each workday that a rest period was not provided.

58. As a proximate result of the violations, Plaintiff and Class Members have been damaged in an amount according to proof at trial. Therefore, pursuant to California Labor Code sections 226.7, 512, and other applicable provisions under the Labor Code and IWC Wage Orders, Plaintiff and Class Members are entitled to recover all wages earned and due, plus interest, penalties, attorney's fees, expenses, and costs of suit.

59. Plaintiff and Class Members also request relief as described below.

**FIFTH CAUSE OF ACTION AGAINST ALL DEFENDANTS**

**FAILURE TO FURNISH TIMELY AND ACCURATE ITEMIZED WAGE STATEMENTS**

[*California Labor Code § 226.7 and applicable Wage Order*]

60. Plaintiff re-alleges each paragraph of this Complaint as though fully set forth.

61. In violation of Labor Code § 226(a), Defendants did not provide Plaintiff or Class Members with accurate itemized wage statements in writing showing: (1) all applicable hourly rates in effect during each respective pay period and the corresponding number of hours worked by each respective individual; (2) number of hours worked; (3) gross wages earned; (4) net wages earned; (5) all deductions; (6) inclusive dates of the period for which the employee is paid; (7) the employee identification or social security number; and, (8) the name and address of the legal entity that is the employer.

62. As a result of Defendants' failure to provide accurate itemized wages statements, Plaintiff and Class Members suffered actual damages and harm by being unable to determine their applicable hourly rate for each pay period, which prevented them from becoming aware of these violations and asserting their statutory protections under California law.

63. Defendants knowingly and intentionally failed to comply with Labor Code § 226(a) on each and every wage statement provided to Plaintiff and Class and Subclass Members.

64. Pursuant to Labor Code § 226(e), Plaintiff and Class Members are entitled to recover the greater of all actual damages or fifty dollars ($50.00) for the initial pay period in which

a violation occurs and one hundred dollars ($100.00) per employee for each violation in a subsequent pay period, not exceeding an aggregate penalty of four thousand dollars ($4,000.00).

65. Plaintiff and Class Members are entitled to an award of costs and reasonable attorneys' fees under Labor Code § 226(h).

66. Plaintiff and Class Members also requests relief as described below.

**SIXTH CAUSE OF ACTION AGAINST ALL DEFENDANTS**

**FAILURE TO PAY ALL COMPENSATION DUE UPON DISCHARGE**

[*California Labor Code §§ 201, 202, and 203*]

67. Plaintiff re-alleges each paragraph of this Complaint as though fully set forth.

68. Pursuant to Labor Code sections 201, 202, and 203, Defendant is required to pay all earned and unpaid wages to an employee who is discharged. Labor Code section 201 mandates that if an employer discharges an employee, the employee's wages accrued and unpaid at the time of discharge are due and payable immediately.

69. Pursuant to Labor Code section 202, Defendants are required to pay all accrued wages due to an employee no later than 72 hours after the employee quits his or her employment, unless the employee provided 72 hours previous notice of his or her intention to quit, in which case the employee is entitled to his or her wages at the time of quitting.

70. Labor Code section 203 provides that if an employer willfully fails to timely pay wages of an employee who is discharged or who quits, in accordance with Labor Code sections 201 and 202, the employer is liable for waiting time penalties in the form of continued compensation to the employee at the same rate for up to 30 workdays.

71. Defendants have willfully failed to pay accrued wages and other compensation to Plaintiff in accordance with Labor Code sections 201 and 202.

72. As a proximate result of the aforementioned violations, Plaintiff has been damaged in an amount according to proof at trial. Therefore, pursuant to California Labor Code sections 201, 202, 203, 1194, and other applicable provisions under the Labor Code and IWC Wage Orders, Plaintiff is entitled to recover all wages earned and due, plus interest, penalties, attorney's fees, expenses, and costs of suit.

**SEVENTH CAUSE OF ACTION AGAINST ALL DEFENDANTS**

**FAILURE TO REIMBURSE FOR BUSINESS EXPENSES**

[*Cal. Labor Code §2802*]

73. Plaintiff re-alleges each paragraph of this Complaint as though fully set forth.

74. California Labor Code § 2802 requires employers to reimburse employees for all reasonable business expenses incurred by employees as a condition of employment.

75. Plaintiff and Class Members were required to pay for work-related expenses *(e.g.* cell phone usage), and they incurred expenses as a result. Defendants unlawfully refused to reimburse Plaintiff and Class Members for these expenses

76. As a result of these violations, Defendants are liable for damages related to these unreimbursed expenses.

77. Plaintiff and Class Members also request relief as described below.

**EIGHTH CAUSE OF ACTION AGAINST ALL DEFENDANTS**

**UNFAIR BUSINESS PRACTICES IN VIOLATION OF CALIFORNIA BUSINESS AND PROFESSIONS CODE**

[*Bus. & Prof. Code §§ 17200 et seq.*]

78. Plaintiff re-alleges each paragraph of this Complaint as though fully set forth.

79. Plaintiff brings this cause of action individually and as a representative of all others subject to Defendants' unlawful acts and practices.

80. Business and Professions Code § 17200 prohibits unfair competition in the form of any unlawful, unfair, or fraudulent business act or practice. Business and Professions Code § 17204 allows "any person who has suffered injury in fact and has lost money or property" to prosecute a civil action for violation of the Unfair Competition Law.

81. Defendants committed unlawful, unfair, and/or fraudulent business acts and practices as defined by Business and Professions Code § 17200 by failing to pay overtime wages.

82. The above-described unlawful actions of Defendants constitute false, unfair, fraudulent and/or deceptive business practices, within the meaning of Business and Professions Code § 17200, et seq.

83. As a result of its unlawful acts, Defendants reaped unfair benefits and illegal profits at the expense of Plaintiff and the Class that Plaintiff seeks to represent. Defendants should be enjoined from this activity, caused to specifically perform its obligations, and made to disgorge these ill-gotten gains and pay restitution to Plaintiff and the members of the Class including, but not limited to, restitution of all unpaid wages, plus interest, as well as attorneys' fees and costs.

84. Plaintiff and Class Members also request relief as described below.

## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff, individually and on behalf of the proposed Class and Subclass prays for judgment against Defendants, and each of them, in an amount according to proof, as follows:

1. Certification of Plaintiff's non-PAGA claims as a class action, pursuant to Cal. Code of Civ. Pro. Section 382, on behalf of the proposed class;
2. For restitution of all monies due to Plaintiff and Class Members, as well as disgorged profits from Defendants' unfair and unlawful business practices;
3. For meal and rest period compensation pursuant to California Labor Code § 226.7 and IWC Wage Orders;
4. For liquidated damages pursuant to California Labor Code § 1194.2;
5. For preliminary and permanent injunctive relief enjoining Defendant from violating the relevant provisions of the California Labor Code and the IWC Wage Orders, and from engaging in the unlawful business practices complained of herein;
6. For statutory and civil penalties according to proof, including but not limited to all penalties authorized by the California Labor Code §§ 203 and 226 (e) and 2699;
7. For interest on the unpaid wages at 10% per annum pursuant to California Labor Code §§ 218.6, 1194, 2802, California Civil Code §§ 3287, 3288, and/or any other applicable provision providing for pre-judgment interest;
8. For reasonable attorneys' fees and costs pursuant to California Labor Code §§ 1194, 2802, Civil Code § 1021.5, and any other applicable provisions providing for attorneys' fees and costs;

9. For all such other and further relief that the court may deem just and proper

DATED: **December 19, 2025**

Respectfully Submitted,

**LABOR LAW PC**

By: ______________________
Danny Yadidsion, Esq.
Paige Taylor, Esq.
Attorneys for Plaintiff
JAWANNA WALKER,
individually and on behalf of similarly situated employees

**DEMAND FOR TRIAL BY JURY**

Plaintiff hereby demands a jury trial of all causes of action and claims with respect to which Plaintiff has a right to jury trial.

DATED: **December 19, 2025**

**LABOR LAW PC**

By: ______________________
Danny Yadidsion, Esq.
Paige Taylor, Esq.
Attorneys for Plaintiff
JAWANNA WALKER,
individually and on behalf of similarly situated employees

SUM-100

# SUMMONS
## (CITACION JUDICIAL)

FOR COURT USE ONLY
(SOLO PARA USO DE LA CORTE)

ELECTRONICALLY FILED
Superior Court of California
County of Alameda
12/19/2025
Chad Finke, Executive Officer / Clerk of the Court
By: A. Gospel Deputy

**NOTICE TO DEFENDANT:**
***(AVISO AL DEMANDADO):***

IRONCLAD ENVIRONMENTAL SOLUTIONS, INC., a Delaware corporation; and DOES 1- 50, inclusive

**YOU ARE BEING SUED BY PLAINTIFF:**
***(LO ESTÁ DEMANDANDO EL DEMANDANTE):***

JAWANNA WALKER, individually and on behalf of similarly situated employees

NOTICE! You have been sued. The court may decide against you without your being heard unless you respond within 30 days. Read the information below.

You have 30 CALENDAR DAYS after this summons and legal papers are served on you to file a written response at this court and have a copy served on the plaintiff. A letter or phone call will not protect you. Your written response must be in proper legal form if you want the court to hear your case. There may be a court form that you can use for your response. You can find these court forms and more information at the California Courts Online Self-Help Center (*www.courtinfo.ca.gov/selfhelp*), your county law library, or the courthouse nearest you. If you cannot pay the filing fee, ask the court clerk for a fee waiver form. If you do not file your response on time, you may lose the case by default, and your wages, money, and property may be taken without further warning from the court.

There are other legal requirements. You may want to call an attorney right away. If you do not know an attorney, you may want to call an attorney referral service. If you cannot afford an attorney, you may be eligible for free legal services from a nonprofit legal services program. You can locate these nonprofit groups at the California Legal Services Web site (*www.lawhelpcalifornia.org*), the California Courts Online Self-Help Center (*www.courtinfo.ca.gov/selfhelp*), or by contacting your local court or county bar association. NOTE: The court has a statutory lien for waived fees and costs on any settlement or arbitration award of $10,000 or more in a civil case. The court's lien must be paid before the court will dismiss the case.

*¡AVISO! Lo han demandado. Si no responde dentro de 30 días, la corte puede decidir en su contra sin escuchar su versión. Lea la información a continuación.*

*Tiene 30 DÍAS DE CALENDARIO después de que le entreguen esta citación y papeles legales para presentar una respuesta por escrito en esta corte y hacer que se entregue una copia al demandante. Una carta o una llamada telefónica no lo protegen. Su respuesta por escrito tiene que estar en formato legal correcto si desea que procesen su caso en la corte. Es posible que haya un formulario que usted pueda usar para su respuesta. Puede encontrar estos formularios de la corte y más información en el Centro de Ayuda de las Cortes de California (www.sucorte.ca.gov), en la biblioteca de leyes de su condado o en la corte que le quede más cerca. Si no puede pagar la cuota de presentación, pida al secretario de la corte que le dé un formulario de exención de pago de cuotas. Si no presenta su respuesta a tiempo, puede perder el caso por incumplimiento y la corte le podrá quitar su sueldo, dinero y bienes sin más advertencia.*

*Hay otros requisitos legales. Es recomendable que llame a un abogado inmediatamente. Si no conoce a un abogado, puede llamar a un servicio de remisión a abogados. Si no puede pagar a un abogado, es posible que cumpla con los requisitos para obtener servicios legales gratuitos de un programa de servicios legales sin fines de lucro. Puede encontrar estos grupos sin fines de lucro en el sitio web de California Legal Services, (www.lawhelpcalifornia.org), en el Centro de Ayuda de las Cortes de California, (www.sucorte.ca.gov) o poniéndose en contacto con la corte o el colegio de abogados locales. AVISO: Por ley, la corte tiene derecho a reclamar las cuotas y los costos exentos por imponer un gravamen sobre cualquier recuperación de $10,000 ó más de valor recibida mediante un acuerdo o una concesión de arbitraje en un caso de derecho civil. Tiene que pagar el gravamen de la corte antes de que la corte pueda desechar el caso.*

The name and address of the court is:
*(El nombre y dirección de la corte es)* Alameda Superior Court - Hayward Hall of Justice
24405 Amador Street, Hayward, CA 94544

CASE NUMBER: *(Número del Caso):*
25CV161021

The name, address, and telephone number of plaintiff's attorney, or plaintiff without an attorney, is: *(El nombre, la dirección y el número de teléfono del abogado del demandante, o del demandante que no tiene abogado, es):*
Danny Yadidsion, Esq., SBN: 260282; LABOR LAW PC; 310-494-6082; 100 Wilshire Blvd, Suite 700, Santa Monica, CA 90401

DATE: 12/19/2025 Clerk, by A. Gospel, Deputy
*(Fecha)* Chad Finke, Executive Officer / Clerk of the Court *(Secretario)* *(Adjunto)*

*(For proof of service of this summons, use* Proof of Service of Summons *(form POS-010).)*
*(Para prueba de entrega de esta citatión use el formulario* Proof of Service of Summons, *(POS-010)).*

[SEAL]

SUPERIOR COURT OF CALIFORNIA COUNTY OF ALAMEDA

**NOTICE TO THE PERSON SERVED:** You are served

1. ☐ as an individual defendant.
2. ☐ as the person sued under the fictitious name of *(specify)*:
3. ☒ on behalf of (specify): Ironclad Environmental Solutions, Inc, a Delaware corporation

   under: ☒ CCP 416.10 (corporation) ☐ CCP 416.60 (minor)
   ☐ CCP 416.20 (defunct corporation) ☐ CCP 416.70 (conservatee)
   ☐ CCP 416.40 (association or partnership) ☐ CCP 416.90 (authorized person)
   ☐ other *(specify)*:
4. ☐ by personal delivery on *(date)*:





For your protection and privacy, please press the Clear This Form button after you have printed the form. Print this form Save this form Clear this form

CM-010

ATTORNEY OR PARTY WITHOUT ATTORNEY *(Name, State Bar number, and address):*
Danny Yadidsion, SBN 260282 and Paige Taylor, Esq. SBN 288009
Labor Law PC, 100 Wilshire Blvd., Sutie 700, Santa Monica, CA 90401

TELEPHONE NO.: (310) 494-6082 FAX NO. :
EMAIL ADDRESS: Danny@laborlawpc.com, Paige.Taylor@LaborLawPC.com
ATTORNEY FOR *(Name):* Plaintiff JAWANNA WALKER

FOR COURT USE ONLY

ELECTRONICALLY FILED
Superior Court of California,
County of Alameda
12/19/2025 at 09:58:50 AM
By: Andrel Gospel,
Deputy Clerk

SUPERIOR COURT OF CALIFORNIA, COUNTY OF ALAMEDA
STREET ADDRESS: 24405 Amador Street,
MAILING ADDRESS: 24405 Amador Street,
CITY AND ZIP CODE: Hayward, CA 94544
BRANCH NAME: Hayward Hall of Justice

CASE NAME:
JAWANNA WALKER v. IRONCLAD ENVIRONMENTAL SOLUTIONS, INC., et al.

**CIVIL CASE COVER SHEET**

☑ **Unlimited** (Amount demanded exceeds $35,000) ☐ **Limited** (Amount demanded is $35,000 or less)

**Complex Case Designation**

☐ Counter ☐ Joinder

Filed with first appearance by defendant (Cal. Rules of Court, rule 3.402)

CASE NUMBER: 25CV161021

JUDGE:

DEPT.:

*Items 1–6 below must be completed (see instructions on page 2).*

1. Check **one** box below for the case type that best describes this case:

**Auto Tort**
☐ Auto (22)
☐ Uninsured motorist (46)

**Other PI/PD/WD (Personal Injury/Property Damage/Wrongful Death) Tort**
☐ Asbestos (04)
☐ Product liability (24)
☐ Medical malpractice (45)
☐ Other PI/PD/WD (23)

**Non-PI/PD/WD (Other) Tort**
☐ Business tort/unfair business practice (07)
☐ Civil rights (08)
☐ Defamation (13)
☐ Fraud (16)
☐ Intellectual property (19)
☐ Professional negligence (25)
☐ Other non-PI/PD/WD tort (35)

**Employment**
☐ Wrongful termination (36)
☑ Other employment (15)

**Contract**
☐ Breach of contract/warranty (06)
☐ Rule 3.740 collections (09)
☐ Other collections (09)
☐ Insurance coverage (18)
☐ Other contract (37)

**Real Property**
☐ Eminent domain/Inverse condemnation (14)
☐ Wrongful eviction (33)
☐ Other real property (26)

**Unlawful Detainer**
☐ Commercial (31)
☐ Residential (32)
☐ Drugs (38)

**Judicial Review**
☐ Asset forfeiture (05)
☐ Petition re: arbitration award (11)
☐ Writ of mandate (02)
☐ Other judicial review (39)

**Provisionally Complex Civil Litigation (Cal. Rules of Court, rules 3.400–3.403)**
☐ Antitrust/Trade regulation (03)
☐ Construction defect (10)
☐ Mass tort (40)
☐ Securities litigation (28)
☐ Environmental/Toxic tort (30)
☐ Insurance coverage claims arising from the above listed provisionally complex case types (41)

**Enforcement of Judgment**
☐ Enforcement of judgment (20)

**Miscellaneous Civil Complaint**
☐ RICO (27)
☐ Other complaint *(not specified above)* (42)

**Miscellaneous Civil Petition**
☐ Partnership and corporate governance (21)
☐ Other petition *(not specified above)* (43)

2. This case ☑ is ☐ is not complex under rule 3.400 of the California Rules of Court. If the case is complex, mark the factors requiring exceptional judicial management:
   a. ☐ Large number of separately represented parties
   b. ☐ Extensive motion practice raising difficult or novel issues that will be time-consuming to resolve
   c. ☐ Substantial amount of documentary evidence
   d. ☐ Large number of witnesses
   e. ☐ Coordination with related actions pending in one or more courts in other counties, states, or countries, or in a federal court
   f. ☐ Substantial postjudgment judicial supervision
3. Remedies sought *(check all that apply):* a. ☑ monetary b. ☑ nonmonetary; declaratory or injunctive relief c. ☑ punitive
4. Number of causes of action *(specify):* EIGHT (8)
5. This case ☑ is ☐ is not a class action suit.
6. If there are any known related cases, file and serve a notice of related case. *(You may use form CM-015.)*

Date: December 19, 2025

Danny Yadidson, Esq.
(TYPE OR PRINT NAME)

(SIGNATURE OF PARTY OR ATTORNEY FOR PARTY)

**NOTICE**

- Plaintiff must file this cover sheet with the first paper filed in the action or proceeding (except small claims cases or cases filed under the Probate Code, Family Code, or Welfare and Institutions Code). (Cal. Rules of Court, rule 3.220.) Failure to file may result in sanctions.
- File this cover sheet in addition to any cover sheet required by local court rule.
- If this case is complex under rule 3.400 et seq. of the California Rules of Court, you must serve a copy of this cover sheet on all other parties to the action or proceeding.
- Unless this is a collections case under rule 3.740 or a complex case, this cover sheet will be used for statistical purposes only.

## INSTRUCTIONS ON HOW TO COMPLETE THE COVER SHEET

**CM-010**

**To Plaintiffs and Others Filing First Papers.** If you are filing a first paper (for example, a complaint) in a civil case, you **must** complete and file, along with your first paper, the Civil Case Cover Sheet contained on page 1. This information will be used to compile statistics about the types and numbers of cases filed. You must complete items 1 through 6 on the sheet. In item 1, you must check **one** box for the case type that best describes the case. If the case fits both a general and a more specific type of case listed in item 1, check the more specific one. If the case has multiple causes of action, check the box that best indicates the **primary** cause of action. To assist you in completing the sheet, examples of the cases that belong under each case type in item 1 are provided below. A cover sheet must be filed only with your initial paper. Failure to file a cover sheet with the first paper filed in a civil case may subject a party, its counsel, or both to sanctions under rules 2.30 and 3.220 of the California Rules of Court.

**To Parties in Rule 3.740 Collections Cases.** A "collections case" under rule 3.740 is defined as an action for recovery of money owed in a sum stated to be certain that is not more than $25,000, exclusive of interest and attorney's fees, arising from a transaction in which property, services, or money was acquired on credit. A collections case does not include an action seeking the following: (1) tort damages, (2) punitive damages, (3) recovery of real property, (4) recovery of personal property, or (5) a prejudgment writ of attachment. The identification of a case as a rule 3.740 collections case on this form means that it will be exempt from the general time-for-service requirements and case management rules, unless a defendant files a responsive pleading. A rule 3.740 collections case will be subject to the requirements for service and obtaining a judgment in rule 3.740.

**To Parties in Complex Cases.** In complex cases only, parties must also use the Civil Case Cover Sheet to designate whether the case is complex. If a plaintiff believes the case is complex under rule 3.400 of the California Rules of Court, this must be indicated by completing the appropriate boxes in items 1 and 2. If a plaintiff designates a case as complex, the cover sheet must be served with the complaint on all parties to the action. A defendant may file and serve no later than the time of its first appearance a joinder in the plaintiff's designation, a counter-designation that the case is not complex, or, if the plaintiff has made no designation, a designation that the case is complex.

### CASE TYPES AND EXAMPLES

**Auto Tort**
- Auto (22)–Personal Injury/Property Damage/Wrongful Death
  - Uninsured Motorist (46) *(if the case involves an uninsured motorist claim subject to arbitration, check this item instead of Auto)*

**Other PI/PD/WD (Personal Injury/ Property Damage/Wrongful Death) Tort**
- Asbestos (04)
  - Asbestos Property Damage
  - Asbestos Personal Injury/ Wrongful Death
- Product Liability *(not asbestos or toxic/environmental)* (24)
- Medical Malpractice (45)
  - Medical Malpractice– Physicians & Surgeons
- Other Professional Health Care Malpractice
- Other PI/PD/WD (23)
  - Premises Liability (e.g., slip and fall)
  - Intentional Bodily Injury/PD/WD (e.g., assault, vandalism)
  - Intentional Infliction of Emotional Distress
  - Negligent Infliction of Emotional Distress
  - Other PI/PD/WD

**Non-PI/PD/WD (Other) Tort**
- Business Tort/Unfair Business Practice (07)
- Civil Rights (e.g., discrimination, false arrest) *(not civil harassment)* (08)
- Defamation (e.g., slander, libel) (13)
- Fraud (16)
- Intellectual Property (19)
- Professional Negligence (25)
  - Legal Malpractice
  - Other Professional Malpractice *(not medical or legal)*
- Other Non-PI/PD/WD Tort (35)

**Employment**
- Wrongful Termination (36)
- Other Employment (15)

**Contract**
- Breach of Contract/Warranty (06)
  - Breach of Rental/Lease
    - Contract *(not unlawful detainer or wrongful eviction)*
  - Contract/Warranty Breach–Seller Plaintiff *(not fraud or negligence)*
  - Negligent Breach of Contract/ Warranty
  - Other Breach of Contract/Warranty
- Collections (e.g., money owed, open book accounts) (09)
  - Collection Case–Seller Plaintiff
  - Other Promissory Note/Collections Case
- Insurance Coverage *(not provisionally complex)* (18)
  - Auto Subrogation
  - Other Coverage
- Other Contract (37)
  - Contractual Fraud
  - Other Contract Dispute

**Real Property**
- Eminent Domain/Inverse Condemnation (14)
- Wrongful Eviction (33)
- Other Real Property (e.g., quiet title) (26)
  - Writ of Possession of Real Property
  - Mortgage Foreclosure
  - Quiet Title
  - Other Real Property *(not eminent domain, landlord/tenant, or foreclosure)*

**Unlawful Detainer**
- Commercial (31)
- Residential (32)
- Drugs (38) *(if the case involves illegal drugs, check this item; otherwise, report as Commercial or Residential)*

**Judicial Review**
- Asset Forfeiture (05)
- Petition Re: Arbitration Award (11)
- Writ of Mandate (02)
  - Writ–Administrative Mandamus
  - Writ–Mandamus on Limited Court Case Matter
  - Writ–Other Limited Court Case Review
- Other Judicial Review (39)
  - Review of Health Officer Order
  - Notice of Appeal–Labor Commissioner Appeals

**Provisionally Complex Civil Litigation (Cal. Rules of Court Rules 3.400–3.403)**
- Antitrust/Trade Regulation (03)
- Construction Defect (10)
- Claims Involving Mass Tort (40)
- Securities Litigation (28)
- Environmental/Toxic Tort (30)
- Insurance Coverage Claims *(arising from provisionally complex case type listed above)* (41)

**Enforcement of Judgment**
- Enforcement of Judgment (20)
  - Abstract of Judgment (Out of County)
- Confession of Judgment *(non-domestic relations)*
- Sister State Judgment
- Administrative Agency Award *(not unpaid taxes)*
- Petition/Certification of Entry of Judgment on Unpaid Taxes
- Other Enforcement of Judgment Case

**Miscellaneous Civil Complaint**
- RICO (27)
- Other Complaint *(not specified above)* (42)
  - Declaratory Relief Only
  - Injunctive Relief Only *(non-harassment)*
  - Mechanics Lien
  - Other Commercial Complaint Case *(non-tort/non-complex)*
  - Other Civil Complaint *(non-tort/non-complex)*

**Miscellaneous Civil Petition**
- Partnership and Corporate Governance (21)
- Other Petition *(not specified above)* (43)
  - Civil Harassment
  - Workplace Violence
  - Elder/Dependent Adult Abuse
  - Election Contest
  - Petition for Name Change
  - Petition for Relief From Late Claim
  - Other Civil Petition



d privacy, please press the Clear This Form button after you | Print this form | Save this form | Clear this form

| SUPERIOR COURT OF CALIFORNIA COUNTY OF ALAMEDA | Reserved for Clerk's File Stamp |
|---|---|
| COURTHOUSE ADDRESS: Rene C. Davidson Courthouse Administration Building, 1221 Oak Street, Oakland, CA 94612 | FILED Superior Court of California County of Alameda 12/19/2025 Chad Finke, Executive Officer/Clerk of the Court By: [signature] Deputy A. Gospel |
| PLAINTIFF: Jawanna Walker | |
| DEFENDANT: Ironclad Environmental Solutions, Inc. | |
| **NOTICE OF CASE MANAGEMENT CONFERENCE** | CASE NUMBER: 25CV161021 |

TO THE PLAINTIFF(S)/ATTORNY(S) FOR PLAINTIFF(S) OF RECORD:

You are ordered to serve all named defendants and file proofs of service on those defendants with the court within 60 days of the filing of the complaint (Cal. Rules of Court, 3.110(b)).

Give notice of this conference to all other parties and file proof of service.

Your Case Management Conference has been scheduled on:

Date: 05/18/2026 Time: 2:30 PM Dept.: 21

Location: Rene C. Davidson Courthouse
Administration Building, 1221 Oak Street, Oakland, CA 94612

TO DEFENDANT(S)/ATTORNEY(S) FOR DEFENDANT(S) OF RECORD:

The setting of the Case Management Conference does not exempt the defendant from filing a responsive pleading as required by law, you must respond as stated on the summons.

TO ALL PARTIES who have appeared before the date of the conference must:

Pursuant to California Rules of Court, 3.725, a completed Case Management Statement (Judicial Council form CM-110) must be filed and served at least 15 calendar days before the Case Management Conference. The Case Management Statement may be filed jointly by all parties/attorneys of record or individually by each party/attorney of record.

**Meet and confer**, in person or by telephone as required by Cal. Rules of Court, rule 3.724.

**Post jury fees** as required by Code of Civil Procedure section 631.

If you do not follow the orders above, the court may issue an order to show cause why you should not be sanctioned under Cal. Rules of Court, rule 2.30. Sanctions may include monetary sanctions, striking pleadings or dismissal of the action.

The judge may place a Tentative Case Management Order in your case's on-line register of actions before the conference. This order may establish a discovery schedule, set a trial date or refer the case to Alternate Dispute Resolution, such as mediation or arbitration. Check the court's eCourt Public Portal for each assigned department's procedures regarding tentative case management orders at https://eportal.alameda.courts.ca.gov.

Expedited Jury Trials

If the parties agree, they may try the case in an Expedited Jury Trial. Code of Civ. Proc. § 630.01 et seq. In short, the parties would agree to the following: 8 jurors (6 must agree); 3 peremptory challenges per side; 5-hour time limit per side, unless otherwise agreed and approved; one to two court days for completion, unless otherwise agreed and approved; high/low arrangement option; and limited right to appeal. For additional information, please see the following links:

- EJT-010-INFO* Expedited Jury Trial Information Sheet (ca.gov)
- EJT-008 Agreement of Parties (Mandatory Expedited Jury Trial Procedures) (ca.gov)
- EJT-020 [Proposed] Consent Order for Voluntary Expedited Jury Trial (ca.gov)

| SUPERIOR COURT OF CALIFORNIA<br>COUNTY OF ALAMEDA | Reserved for Clerk's File Stamp<br><br>**FILED**<br>Superior Court of California<br>County of Alameda<br>12/19/2025<br>Chad Finke, Executive Officer/Clerk of the Court<br>By: [signature] Deputy<br>A. Gospel |
|---|---|
| COURTHOUSE ADDRESS:<br>Rene C. Davidson Courthouse<br>1225 Fallon Street, Oakland, CA 94612 | |
| PLAINTIFF/PETITIONER:<br>Jawanna Walker | |
| DEFENDANT/RESPONDENT:<br>Ironclad Environmental Solutions, Inc. | |
| **CERTIFICATE OF MAILING** | CASE NUMBER:<br>25CV161021 |

**I, the below-named Executive Officer/Clerk of the above-entitled court, do hereby certify that I am not a party to the cause herein, and that on this date I served the attached document upon each party or counsel named below by placing the document for collection and mailing so as to cause it to be deposited in the United States mail at the courthouse in Oakland, California, one copy of the original filed/entered herein in a separate sealed envelope to each address as shown below with the postage thereon fully prepaid, in accordance with standard court practices.**

Danny Yadidsion
Labor Law PC
100 Wilshire Blvd., Suite 700
Santa Monica, CA 90401

Chad Finke, Executive Officer / Clerk of the Court

Dated: 12/23/2025

By: [signature]

A. Gospel, Deputy Clerk

**CERTIFICATE OF MAILING**

POS-010

| ATTORNEY OR PARTY WITHOUT ATTORNEY *(Name, State Bar number, and address)* | *FOR COURT USE ONLY* |
|---|---|
| Labor Law PC<br>Danny Yadidsion, esq. SBN 260282<br>100 Wilshire Blvd., Suite 700<br>Santa Monica, CA 90401<br>TELEPHONE NO: (310)494-6082 FAX NO *(Optional)*:<br>E-MAIL ADDRESS *(Optional)*: danny@laborlawpc.com<br>ATTORNEY FOR *(Name)*: Plaintiff | ELECTRONICALLY FILED<br>Superior Court of California<br>County of Alameda<br>12/30/2025<br>Chad Finke, Executive Officer / Clerk of the Court<br>By: N. Douglas Deputy |
| **SUPERIOR COURT OF CALIFORNIA, COUNTY OF** Alameda<br>STREET ADDRESS: 1221 Oak Street 3rd and 4th floors<br>MAILING ADDRESS:<br>CITY AND ZIP CODE: Oakland, 94612<br>BRANCH NAME: Oakland Administration Building | |
| PLAINTIFF / PETITIONER: Jawanna Walker, e al.<br>DEFENDANT / RESPONDENT: IRONCLAD ENVIRONMENTAL SOLUTIONS, INC., et al. | CASE NUMBER:<br>25CV161021 |
| **PROOF OF SERVICE OF SUMMONS** | Ref. No. or File No.:<br>14854679 (27044482) |

*(Separate proof of service is required for each party served.)*

1. At the time of service I was at least 18 years of age and not a party to this action.
2. I served copies of:
   a. [X] Summons
   b. [X] Complaint
   c. [ ] Alternative Dispute Resolution (ADR) Package
   d. [X] Civil Case Cover Sheet *(served in complex cases only)*
   e. [ ] Cross-Complaint
   f. [X] Other *(specify documents)*: Correspondence, Notice of Case Management Conference
3. a. Party served *(specify name of party as shown on documents served)*:
   Ironclad Environmental Solutions, Inc, a Delaware corporation
   b. [X] Person (other than the party in item 3a) served on behalf of an entity or as an authorized agent (and not a person under item 5b on whom substituted service was made) *(specify name and relationship to the party named in item 3a)*:
   CT Corporation System (CT Corp) - Diana Ruiz, Intake Specialist - Person Authorized to Accept Service of Process
4. Address where the party was served:
   330 N Brand Blvd Suite 700, Glendale, CA 91203
5. I served the party *(check proper box)*
   a. [X] **by personal service.** I personally delivered the documents listed in item 2 to the party or person authorized to receive service of process for the party (1) on *(date)*: Fri, Dec 26 2025 (2) at *(time)*: 12:28 PM
   b. [ ] **by substituted service.** On *(date)*: at *(time)*: I left the documents listed in item 2 with or in the presence of *(name and title or relationship to person indicated in item 3)*:

   (1) [ ] **(business)** a person at least 18 years of age apparently in charge at the office or usual place of business of the person to be served. I informed him or her of the general nature of the papers.
   (2) [ ] **(home)** a competent member of the household (at least 18 years of age) at the dwelling house or usual place of abode of the party. I informed him or her of the general nature of the papers.
   (3) [ ] **(physical address unknown)** a person at least 18 years of age apparently in charge at the usual mailing address of the person to be served, other than a United States Postal Service post office box. I informed him or her of the general nature of the papers.
   (4) [ ] I thereafter mailed (by first-class, postage prepaid) copies of the documents to the person to be served at the place where the copies were left (Code Civ. Proc., § 415.20). I mailed the documents on *(date)*: from *(city)*: or [ ] a declaration of mailing is attached.
   (5) [ ] I attach a **declaration of diligence** stating actions taken first to attempt personal service.

| | | |
|---|---|---|
| PLAINTIFF / PETITIONER: | Jawanna Walker, e al. | CASE NUMBER: 25CV161021 |
| DEFENDANT / RESPONDENT: | IRONCLAD ENVIRONMENTAL SOLUTIONS, INC., et al. | |

5. c. ☐ **by mail and acknowledgment of receipt of service.** I mailed the documents listed in item 2 to the party, to the address shown in item 4, by first-class mail, postage prepaid,
   (1) on *(date)*: (2) from *(city)*:
   (3) ☐ with two copies of the *Notice and Acknowledgment of Receipt* and a postage-paid return envelope addressed to me. *(Attach completed Notice and Acknowledgement of Receipt.)* (Code Civ. Proc., § 415.30.)
   (4) ☐ to an address outside California with return receipt requested. (Code Civ. Proc., § 415.40.)
   d. ☐ **by other means** *(specify means of service and authorizing code section)*:

   ☐ Additional page describing service is attached.

6. The "Notice to the Person Served" (on the summons) was completed as follows:
   a. ☐ as an individual defendant.
   b. ☐ as the person sued under the fictitious name of *(specify)*:
   c. ☐ as occupant.
   d. ☒ On behalf of *(specify)*: Ironclad Environmental Solutions, Inc, a Delaware corporation
   under the following Code of Civil Procedure section:
   ☒ 416.10 (corporation) ☐ 415.95 (business organization, form unknown)
   ☐ 416.20 (defunct corporation) ☐ 416.60 (minor)
   ☐ 416.30 (joint stock company/association) ☐ 416.70 (ward or conservatee)
   ☐ 416.40 (association or partnership) ☐ 416.90 (authorized person)
   ☐ 416.50 (public entity) ☐ 415.46 (occupant)
   ☐ other:

7. **Person who served papers**
   a. Name: Jimmy Lizama
   b. Address: 1400 North McDowell Blvd Suite 300, Petaluma, CA 94954
   c. Telephone number: 800-938-8815
   d. **The fee** for service was: $50.00
   e. I am:
   (1) ☐ not a registered California process server.
   (2) ☐ exempt from registration under Business and Professions Code section 22350(b).
   (3) ☒ a registered California process server:
   (i) ☐ owner ☐ employee ☒ independent contractor
   (ii) Registration No: 4553
   (iii) County: Los Angeles

8. ☒ **I declare** under penalty of perjury under the laws of the State of California that the foregoing is true and correct.
   or
9. ☐ **I am a California sheriff or marshal and** I certify that the foregoing is true and correct.

Date: December 26, 2025

Jimmy Lizama

(NAME OF PERSON WHO SERVED PAPERS / SHERIFF OR MARSHAL)

InfoTrack US, Inc. - P000634
1400 North McDowell Blvd Suite 300,
Petaluma, CA 94954
800-938-8815

(SIGNATURE)

# SUPERIOR COURT OF CALIFORNIA, COUNTY OF ALAMEDA

Rene C. Davidson Courthouse, Department 21

JUDICIAL OFFICER: HONORABLE S. RAJ CHATTERJEE

Courtroom Clerk: Pamela Greene CSR: None

**25CV161021** January 22, 2026
2:30 PM

**WALKER**
**vs**
**IRONCLAD ENVIRONMENTAL SOLUTIONS, INC.**

## MINUTES

**APPEARANCES:**

No Appearances

**NATURE OF PROCEEDINGS: Complex Determination Hearing**

ORDER RE: COMPLIANCE

The Court has ordered the following after review of the case.

**COMPLEX DETERMINATION GRANTED (EMPLOYMENT CLASS ACTION)**

**COMPLEX DETERMINATION**

The Court designates this case as complex pursuant to Rule 3.400 et seq. of the California Rules of Court. Counsel are advised to be familiar with the Alameda County Local Rules concerning complex litigation, including Rule 3.250 et seq.

Pursuant to Government Code Sections 70616(a) and 70616(b), a single complex fee of one thousand dollars ($1,000.00) must be paid on behalf of all plaintiffs. For defendants, a complex fee of one thousand dollars ($1,000.00) must be paid for each defendant, intervenor, respondent or adverse party, not to exceed, for each separate case number, a total of eighteen thousand dollars ($18,000.00), collected from all defendants, intervenors, respondents, or adverse parties. All such fees are ordered to be paid to Alameda Superior Court, within 10 days of service of this order.

**PORTAL INFORMATION**

Calendar information, filings, and tentative rulings are available to the public athttps://eportal.alameda.courts.ca.gov/. All counsel are expected to be familiar and to comply with pertinent provisions of the Code of Civil Procedure, the California Rules of Court, the

## SUPERIOR COURT OF CALIFORNIA, COUNTY OF ALAMEDA

Alameda County Superior Court Local Rules and the procedures outlined on the domain web page of the assigned department. Counsel should review the portal information for Departments 21 and 18 available on the web.

**CLASS CERTIFICATION MOTION DEADLINE**

Plaintiff must file a motion for class certification by 11/23/2026.

Judicial: Non-Appearance Case Review re: Deadline to File Class Certification is scheduled for 11/23/2026 at 02:30 PM in Department 21 at Rene C. Davidson Courthouse.

The Court finds that this deadline provides sufficient time for the parties to complete class discovery. See generally CRC 3.764(b). The parties are expected to diligently proceed with undertaking discovery necessary for determining class certification and to timely resolve any disputes that arise, including bringing any necessary motions, to meet this deadline.

**MANDATORY JOINT CASE MANAGEMENT CONFERENCE STATEMENT**

At least seven calendar days before the Initial Case Management Conference ("CMC"), the parties shall file a Joint CMC Statement on pleading paper. All parties who have appeared shall participate in the Joint CMC Statement. The Joint CMC Statement should address from each party's perspective each issue set forth in CRC Rule 3.750(b). The Joint CMC Statement should also address any additional matters that any party believes will advance the action.
For all subsequent CMCs, the parties shall file a Joint CMC Statement on pleading paper setting for the status of the action and any appropriate matters. The Joint CMC Statement shall be filed at least 7 calendar days before the CMC.

**SUMMARY DISCOVERY MOTION PROCEDURES BY STIPULATION**

The Complex Civil Departments 18 and 21 permit parties to submit discovery disputes by stipulation under summary procedures that are posted in the Court's portal pages.

**SERVICE OF THIS ORDER**

Counsel for plaintiff(s) shall have a continuing obligation to serve a copy of this order on newly joined parties defendant not listed on the proof of service of this order and file proof of service. Each party defendant joining any third-party cross-defendant shall have a continuing duty to serve a copy of this order on newly joined cross-defendants and to file proof of service.

The Court orders counsel to obtain a copy of this order from the eCourt portal, https://eportal.alameda.courts.ca.gov/.

# SUPERIOR COURT OF CALIFORNIA, COUNTY OF ALAMEDA

By: P. Greene, Deputy Clerk

Minutes of: 01/22/2026
Entered on: 01/22/2026

# SUPERIOR COURT OF CALIFORNIA, COUNTY OF ALAMEDA

Rene C. Davidson Courthouse

| | |
|---|---|
| Jawanna Walker<br>Plaintiff/Petitioner(s)<br>vs.<br>Ironclad Environmental Solutions, Inc.<br>Defendant/Respondent (s) | No. 25CV161021<br><br>Date: 01/22/2026<br>Time: 2:30 PM<br>Dept: 21<br>Judge: S. Raj Chatterjee<br><br>ORDER re: Complex Determination Hearing |

ORDER RE: COMPLIANCE

The Court has ordered the following after review of the case.

**COMPLEX DETERMINATION GRANTED (EMPLOYMENT CLASS ACTION)**

**COMPLEX DETERMINATION**

The Court designates this case as complex pursuant to Rule 3.400 et seq. of the California Rules of Court. Counsel are advised to be familiar with the Alameda County Local Rules concerning complex litigation, including Rule 3.250 et seq.

Pursuant to Government Code Sections 70616(a) and 70616(b), a single complex fee of one thousand dollars ($1,000.00) must be paid on behalf of all plaintiffs. For defendants, a complex fee of one thousand dollars ($1,000.00) must be paid for each defendant, intervenor, respondent or adverse party, not to exceed, for each separate case number, a total of eighteen thousand dollars ($18,000.00), collected from all defendants, intervenors, respondents, or adverse parties. All such fees are ordered to be paid to Alameda Superior Court, within 10 days of service of this order.

**PORTAL INFORMATION**

Calendar information, filings, and tentative rulings are available to the public athttps://eportal.alameda.courts.ca.gov/. All counsel are expected to be familiar and to comply with pertinent provisions of the Code of Civil Procedure, the California Rules of Court, the Alameda County Superior Court Local Rules and the procedures outlined on the domain web page of the assigned department. Counsel should review the portal information for Departments 21 and 18 available on the web.

**CLASS CERTIFICATION MOTION DEADLINE**

**SUPERIOR COURT OF CALIFORNIA, COUNTY OF ALAMEDA**
Rene C. Davidson Courthouse

Plaintiff must file a motion for class certification by 11/23/2026.

Judicial: Non-Appearance Case Review re: Deadline to File Class Certification is scheduled for 11/23/2026 at 02:30 PM in Department 21 at Rene C. Davidson Courthouse.

The Court finds that this deadline provides sufficient time for the parties to complete class discovery. See generally CRC 3.764(b). The parties are expected to diligently proceed with undertaking discovery necessary for determining class certification and to timely resolve any disputes that arise, including bringing any necessary motions, to meet this deadline.

**MANDATORY JOINT CASE MANAGEMENT CONFERENCE STATEMENT**

At least seven calendar days before the Initial Case Management Conference ("CMC"), the parties shall file a Joint CMC Statement on pleading paper. All parties who have appeared shall participate in the Joint CMC Statement. The Joint CMC Statement should address from each party's perspective each issue set forth in CRC Rule 3.750(b). The Joint CMC Statement should also address any additional matters that any party believes will advance the action.
For all subsequent CMCs, the parties shall file a Joint CMC Statement on pleading paper setting for the status of the action and any appropriate matters. The Joint CMC Statement shall be filed at least 7 calendar days before the CMC.

**SUMMARY DISCOVERY MOTION PROCEDURES BY STIPULATION**

The Complex Civil Departments 18 and 21 permit parties to submit discovery disputes by stipulation under summary procedures that are posted in the Court's portal pages.

**SERVICE OF THIS ORDER**

Counsel for plaintiff(s) shall have a continuing obligation to serve a copy of this order on newly joined parties defendant not listed on the proof of service of this order and file proof of service. Each party defendant joining any third-party cross-defendant shall have a continuing duty to serve a copy of this order on newly joined cross-defendants and to file proof of service.

The Court orders counsel to obtain a copy of this order from the eCourt portal, https://eportal.alameda.courts.ca.gov/.

Dated : 01/22/2026

S. Raj Chatterjee / Judge

SUPERIOR COURT OF CALIFORNIA, COUNTY OF ALAMEDA
Rene C. Davidson Courthouse

ELECTRONICALLY FILED
Superior Court of California,
County of Alameda
01/29/2026 at 02:31:12 PM
By: Chan Huang,
Deputy Clerk

Johnny V. Little, Jr. (SBN 341130)
jlittle@scopelitis.com
SCOPELITIS, GARVIN, LIGHT, HANSON & FEARY, LLP
2 North Lake Avenue, Suite 560
Pasadena, CA 91101
Tel.: (626) 795-4700
Fax: (626) 795-4790

Attorneys for Defendant,
IRONCLAD ENVIRONMENTAL SOLUTIONS, INC.

**SUPERIOR COURT OF THE STATE OF CALIFORNIA**

**FOR THE COUNTY OF ALAMEDA**

| | |
|---|---|
| JAWANNA WALKER, individually and on behalf of similarly situated employees,<br><br>Plaintiff,<br><br>v.<br><br>IRONCLAD ENVIRONMENTAL SOLUTIONS, INC., a Delaware corporation; and DOES 1-50, inclusive,<br><br>Defendants. | Case No.: 25CV161021<br><br>**NOTICE OF APPEARANCE OF COUNSEL** |

TO THE COURT AND TO ALL COUNSEL OF RECORD:

PLEASE TAKE NOTICE that defendant Ironclad Environmental Solutions, Inc., shall be represented in this matter by Johnny V. Little, Jr., whose contact information is as follows:

Johnny V. Little, Jr. (SBN 341130)
jlittle@scopelitis.com
SCOPELITIS, GARVIN, LIGHT, HANSON & FEARY, LLP
2 North Lake Avenue, Suite 560
Pasadena, California 91101
Telephone: (626) 795-4700
Fax: (626) 795-4790

/ / /

/ / /

/ / /

Mr. Little will serve as counsel for defendant, Ironclad Environmental Solutions, Inc., and should be served with all notices, pleadings and discovery in this matter.

Dated: January 29, 2026

SCOPELITIS, GARVIN, LIGHT, HANSON & FEARY, LLP

By: John V. Little

Johnny V. Little, Jr.
Attorneys for Defendant,
IRONCLAD ENVIRONMENTAL SOLUTIONS, INC.

# PROOF OF SERVICE

**STATE OF CALIFORNIA, COUNTY OF LOS ANGELES**

I, **Derek Mitchell**, am employed in the County of Los Angeles, State of California. I am over the age of 18 and not a party to the within action. My business address is 2 North Lake Avenue, Suite 560, Pasadena, California 91101.

On January 29, 2026, I served the foregoing document described as **NOTICE OF APPEARANCE OF COUNSEL** on interested parties in this action as follows:

Danny Yadidsion, Esq.
Paige Taylor, Esq.
LABOR LAW PC
100 Wilshire Blvd., Suite 700
Santa Monica, California 90401
Telephone: (310) 494-6082
Danny@LaborLawPC.com
Paige.Taylor@LaborLawPC.com
calendar@laborlawpc.com

√ **(VIA ELECTRONIC TRANSMISSION):** I caused such document(s) described herein to be uploaded electronically onto the website www.onelegal.com. I uploaded the above entitled document(s) with the understanding that all parties will be e-served and will have access to be able to download said documents

√ **(STATE)** I declare under penalty of perjury under the laws of the State of California that the above is true and correct.

Executed on January 29, 2026, at Pasadena, California.

Derek R. Mitchell

Derek Mitchell

4930-7312-8587, v. 1

Electronically Received 02/02/2026 11:47 AM

Johnny V. Little, Jr. (SBN 341130)
jlittle@scopelitis.com
SCOPELITIS, GARVIN, LIGHT, HANSON & FEARY, LLP
2 North Lake Avenue, Suite 560
Pasadena, California 91101
Telephone: (626) 795-4700
Facsimile: (626) 795-4790

Attorneys for Defendant,
IRONCLAD ENVIRONMENTAL SOLUTIONS, INC.

**SUPERIOR COURT OF THE STATE OF CALIFORNIA**

**FOR THE COUNTY OF ALAMEDA**

| | |
|---|---|
| JAWANNA WALKER, individually and on behalf of similarly situated employees,<br><br>Plaintiff,<br><br>v.<br><br>IRONCLAD ENVIRONMENTAL SOLUTIONS, INC., a Delaware corporation; and DOES 1-50, inclusive,<br><br>Defendants. | Case No.: 25CV161021<br><br>**DEFENDANT IRONCLAD ENVIRONMENTAL SOLUTIONS, INC.'S NOTICE OF POSTING OF JURY FEES**<br><br>Complaint filed: December 19, 2025<br>Trial Date: Not set |

TO ALL PARTIES AND THEIR ATTORNEYS OF RECORD HEREIN:

PLEASE TAKE NOTICE that Defendant, Ironclad Environmental Solutions, Inc., hereby submits a jury fee deposit in the amount of $150.00 in the above-entitled action pursuant to California Code of Civil Procedure Section 631(b).

Dated: February 2, 2026

SCOPELITIS, GARVIN, LIGHT, HANSON & FEARY, LLP

By: *John V. Little*
Johnny V. Little, Jr.
Attorneys for Defendant,
IRONCLAD ENVIRONMENTAL SOLUTIONS, INC.

# PROOF OF SERVICE

**STATE OF CALIFORNIA, COUNTY OF LOS ANGELES**

I, **Derek Mitchell**, am employed in the County of Los Angeles, State of California. I am over the age of 18 and not a party to the within action. My business address is 2 North Lake Avenue, Suite 560, Pasadena, California 91101.

On February 2, 2026, I served the foregoing document described as **DEFENDANT IRONCLAD ENVIRONMENTAL SOLUTIONS, INC.'S NOTICE OF POSTING OF JURY FEES** on interested parties in this action as follows:

Danny Yadidsion, Esq.
Paige Taylor, Esq.
LABOR LAW PC
100 Wilshire Blvd., Suite 700
Santa Monica, California 90401
Telephone: (310) 494-6082
Danny@LaborLawPC.com
Paige.Taylor@LaborLawPC.com
calendar@laborlawpc.com

√ **(VIA ELECTRONIC TRANSMISSION):** I caused such document(s) described herein to be uploaded electronically onto the website www.onelegal.com. I uploaded the above entitled document(s) with the understanding that all parties will be e-served and will have access to be able to download said documents

√ **(STATE)** I declare under penalty of perjury under the laws of the State of California that the above is true and correct.

Executed on February 2, 2026, at Pasadena, California.

Derek Mitchell

4930-7312-8587, v. 1

ELECTRONICALLY FILED
Superior Court of California,
County of Alameda
02/10/2026 at 11:02:12 AM
By: Brianne Demay,
Deputy Clerk

John V. Little, Jr. (SBN 341130)
jlittle@scopelitis.com
SCOPELITIS, GARVIN, LIGHT, HANSON & FEARY, LLP
2 North Lake Avenue, Suite 560
Pasadena, CA 91101
Tel.: (626) 795-4700
Fax: (626) 795-4790

Attorney for Defendant,
IRONCLAD ENVIRONMENTAL SOLUTIONS, INC.

**SUPERIOR COURT OF THE STATE OF CALIFORNIA**

**FOR THE COUNTY OF ALAMEDA**

| | |
|---|---|
| JAWANNA WALKER, individually and on behalf of similarly situated employees,<br><br>Plaintiff,<br><br>v.<br><br>IRONCLAD ENVIRONMENTAL SOLUTIONS, INC., a Delaware corporation; and DOES 1-50, inclusive,<br><br>Defendants. | Case No.: 25CV161021<br><br>*Assigned to the Honorable S. Raj Chatterjee Dept. 21*<br><br>**DEFENDANT IRONCLAD ENVIRONMENTAL SOLUTIONS, INC.'S ANSWER TO COMPLAINT**<br><br>Action Filed: December 19, 2025<br>Trial Date: None Set |

Defendant Ironclad Environmental Solutions, Inc. ("Defendant"), respectfully submits its Answer to Plaintiff's Complaint.

## I. GENERAL DENIAL

Pursuant to California Code of Civil Procedure § 431.30(d), Defendant generally and specifically denies each and every allegation contained in the Complaint and each purported cause of action therein. Without limiting the generality of the foregoing, Defendant specifically denies that Plaintiff, and/or the individuals she seeks to bring this class action on behalf of, are entitled to any of the relief requested; that Defendant violated any statute or other legal requirement pertaining to the payment of wages and any other compensation to its employees; that Defendant violated any statute or other legal requirement pertaining to employee meal and/or rest breaks; that Defendant committed any wrongful conduct or omission; that Defendant engaged in any joint scheme or plan to engage in any

wrongful conduct or omission; and that any conduct or omissions of Defendant caused any injury or damage to Plaintiff and/or the individuals on whose behalf she seeks to bring this class action.

## II. AFFIRMATIVE DEFENSES

Pursuant to California Code of Civil Procedure § 431.30(g), Defendant further asserts the following separate and distinct affirmative defenses to Plaintiff's claims, without assuming the burden of proof except where required by law, and without waiver of its right to seek leave or stipulation to assert additional defenses. Defendant does not presently know all the facts concerning the alleged conduct at issue in Plaintiff's Complaint and does not have all facts sufficient to state all affirmative defenses at this time. Accordingly, Defendant hereby reserves the right to seek leave to amend this Answer should Defendant later discover facts demonstrating the existence of additional affirmative defenses.

1. Plaintiff's claims are barred because Plaintiff failed to allege facts sufficient to support a claim for relief under the statutes identified in the Complaint, including with respect to any damages, restitution, attorneys' fees, liquidated damages, penalties, and/or interest.

2. Plaintiff's claims must be dismissed to the extent they relate to work activities performed (and business expenses incurred) outside of California because the California Labor Code does not apply to work activities performed outside the state. Plaintiff's claims are also barred to the extent that Plaintiff or any person she purports to represent neither have their base of operations nor work primarily in California because the provisions of the California Labor Code cited in the Complaint apply only to individuals who have their base of operations or who work primarily (more than 50% of their work time) in California. Cal. Labor Code § 925; *Ward v. United Airlines, Inc.*, 9 Cal. 5th 732 (2020); *Oman v. Delta Air Lines, Inc.*, 9 Cal. 5th 762 (2020).

3. Plaintiff's claim for civil penalties under California's Private Attorney General Act, Cal. Lab. Code § 2699 (PAGA), is barred because (a) there are administrative remedies available to Plaintiff, (b) Plaintiff is required to pursue these administrative remedies before bringing all or some of her claims against Defendant, and (c) Plaintiff has failed to exhaust those administrative remedies before filing suit.

4. Any civil penalties sought by Plaintiff under the California Private Attorneys General Act ("PAGA"), Labor Code §§ 2698 et seq., are barred in whole or in part based on reasonable steps taken by Defendant to comply with applicable law and/or cure alleged Labor Code violations, pursuant to Cal. Lab. Code §§ 2699, 2699.3.

5. Plaintiff's claims imposing penalties would be inequitable and unjust and are therefore barred because a good faith dispute exists as to whether additional compensation is due and owed, and Defendant has not intentionally or willfully failed to pay such additional compensation. Specifically, Plaintiff's claims for penalties, including waiting time penalties under California Labor Code § 203 are barred because (a) a good faith, bona fide dispute exists or existed as to whether additional compensation is or was owed, pursuant to California Labor Code §§ 201, 202, and 203; (b) Defendant has not intentionally or willfully failed to pay such additional compensation; and (c) to impose penalties in this action would be inequitable and unjust. In addition, Plaintiff's claims under Cal. Lab. Code § 226 are barred because: (a) a good faith, bona fide dispute exists or existed as to whether Defendant provided accurate, itemized wage statements under California law; (b) Defendant has not knowingly or intentionally failed to comply with Section 226's wage statement requirements; and (c) to impose penalties based on the alleged violations would be inequitable and unjust.

6. Plaintiff's claims based on Defendant's alleged failure to pay overtime wages are barred because, as the operator of a vehicle weighing more than 10,000 pounds, Plaintiff is exempt from the payment of wages under California law. Cal. Code Regs. Tit. 8 § 11090(3)(L)(1), (2).

7. Some or all of Plaintiff's claims are barred because work performed by Plaintiff was not authorized or allowed by Defendant and/or was performed without the knowledge and/or control of Defendant. Plaintiff's overtime claims are barred to the extent such individuals worked any overtime, which Defendant denies, as such work was unauthorized by Defendant and performed without Defendant's knowledge.

8. Some or all of Plaintiff's claims are barred by the applicable statute of limitations.

9. Plaintiff's claims are barred, in whole or in part, by the doctrine of avoidable consequences and by Plaintiff's failure to mitigate her damages.

10. Plaintiff's claims are barred, in whole or in part, because Plaintiff lacks standing to assert them.

11. To the extent Plaintiff's claims are based in whole or in part upon alleged misconduct by Defendant's agents or employees, Plaintiff's claims are barred because such conduct was beyond the course and scope of those agents' or employees' respective agency or employment with Defendant.

12. To the extent Plaintiff's claims are based in whole or in part upon alleged misconduct of persons other than Defendant or Defendant's agents or employees, Plaintiff's claims are barred because Defendant is not liable for the acts or omissions of such persons.

13. Plaintiff's claims are barred, in whole or in part, by the doctrine of unclean hands. For example, Plaintiff was provided with the opportunity to take meal and/or rest breaks. If she declined, failed, or refused to do so, Plaintiff cannot recover any of the penalties sought, which are associated with corresponding alleged violations of California's meal and rest break laws.

14. Plaintiff's claims are barred, in whole or in part, by the doctrine of waiver.

15. Plaintiff's claims are barred, in whole or in part, by the doctrine of estoppel.

16. Some or all of Plaintiff's claims are barred by the *de minimis* doctrine.

17. Some or all of Plaintiff's claims may be reduced by the doctrine of recoupment or offset.

18. Some or all of Plaintiff's claims are barred because Plaintiff consented to the alleged conduct of Defendant.

19. Some or all of Plaintiff's claims are barred to the extent Plaintiff failed to adhere to her obligations under Cal. Labor Code §§ 2854, 2856, and 2857.

20. Plaintiff has been fully compensated for any amounts owed, and, by accepting the payments made to her, has effectuated an accord and satisfaction of her claims.

21. California Business & Professions Code §§ 17200, et seq. is unconstitutional, vague, and overbroad in the manner Plaintiff claims that the statutes apply to Defendant's business practices and thus constitutes a violation of Defendant's rights to due process and equal protection.

22. Any recovery on Plaintiff's Complaint as a whole, and/or any purported cause of action therein, is barred, in whole or in part, pursuant to the Eighth Amendment to the United States Constitution and Article I, Section 17 of the California Constitution to the extent Labor Code sections referred to in the Complaint, California Business and Professions Code section 17200, et seq., and other applicable

statutes operate to impose excessive fines and/or are confiscatory, unconstitutionally vague, arbitrary or oppressive.

23. Plaintiff's claims are preempted under the Supremacy Clause of the U.S. Constitution, U.S. Const, art. VI, cl. 2, because compliance with California's Labor Code requirements affects Defendant's prices, routes, and services within the meaning of the express preemption provision of the Federal Aviation Administration Authorization Act (FAAAA), 49 U.S.C. §§ 14500 et seq.

24. In addition, Plaintiff's claims that are premised on allegations that Defendant failed to provide meal and rest breaks under California law are barred because such laws are preempted under the Supremacy Clause of the U.S. Constitution, art. VI, cl. 2, as (a) California's and rest break rules conflict with the federal hours of service regulations, 49 C.F.R. Part 395, by imposing a different standard than that carefully set at the federal level by the Federal Motor Carrier Safety Administration ("FMCSA"); and (b) the FMCSA's regulation of the hours of service of drivers in interstate commerce through the federal hours of service regulations, 49 C.F.R. Part 395, leaves no room for additional or supplemental state regulation of drivers' hours of service.

25. To the extent Plaintiff seeks to recover under California's meal and rest break rules for a driver hauling hazardous materials, recovery under such claims is preempted under the Supremacy Clause of the U.S. Constitution, U.S. Const., art. VI, cl. 2, because the California meal and rest break rules are in direct conflict with the requirements of 49 C.F.R. § 172.800 and because the Pipeline and Hazardous Materials Safety Administration has issued a determination that California's meal and rest break rules are preempted as applied to drivers hauling loads containing hazardous materials. *See Hazardous Materials: California Meal and Rest Break Requirements*, 83 Fed. Reg. 47961 (Sept. 21, 2018).

26. Plaintiff's claims are barred because they are an undue burden upon interstate commerce in violation of the Commerce Clause of the U.S. Constitution, U.S. Const., art. I, § 8, cl.

27. Plaintiff's claim that Defendant failed to reimburse her for work-related expenses and losses should be dismissed because Plaintiff failed to sufficiently identify alleged work-related expenses, failed to claim that she requested reimbursement for any alleged expenses, and failed to sufficiently allege it was reasonable and necessary for her to incur those expenses.

28. Plaintiff's claims against unnamed "DOE" Defendants must be dismissed because Plaintiff has failed to allege facts sufficient to state a claim upon which relief may be granted with respect to those purported Defendants and because Plaintiff has failed to identify and serve those purported Defendants in a timely manner.

29. Plaintiff's claims are barred because the claims of Plaintiffs and/or their interest in this case conflicts with, or is not sufficiently similar to, the proposed class and the aggrieved employees they purport to represent, such that they are not adequate representatives for such persons.

30. Plaintiff's claims are not appropriate for resolution on a class basis because Plaintiff's claims are not typical of the proposed class members she seeks to represent.

31. Plaintiff's claims are barred because the types of claims alleged by Plaintiff on behalf of herself and the proposed class members she seeks to represent are matters in which individual questions predominate are therefore not appropriate for class treatment.

32. Plaintiff's request for a jury trial of Plaintiff's claim under California Business and Professions Code §§ 17200, et seq. is barred because it is an equitable claim.

33. Plaintiff's claim for prejudgment interest is barred because the damages claimed by Plaintiff are not certain and not capable of being made certain.

34. Without waiving its ability to oppose class treatment, if the Court grants Plaintiff permission to proceed with a class action over Defendant's objection, then Defendant asserts the affirmative defenses set forth above against each and every proposed class member Plaintiff seeks to represent.

WHEREFORE, Defendant requests judgment as follows:

a. That Plaintiff take nothing by way of the Complaint;

b. That judgment be entered against Plaintiff and in favor of Defendant;

c. That Defendant be awarded its attorney fees and costs incurred in this case; and

d. That Defendant be awarded all other necessary and proper relief.

/ / /

/ / /

## III. DEMAND FOR JURY TRIAL

Defendant, Ironclad Environmental Solutions, Inc., hereby demands Trial by jury.

Dated: February 10, 2026

SCOPELITIS, GARVIN, LIGHT, HANSON & FEARY, LLP

By: John V. Little
John V. Little, Jr.
Attorney for Defendant,
IRONCLAD ENVIRONMENTAL SOLUTIONS, INC.

# PROOF OF SERVICE

**STATE OF CALIFORNIA, COUNTY OF LOS ANGELES**

I, **Derek Mitchell**, am employed in the County of Los Angeles, State of California. I am over the age of 18 and not a party to the within action. My business address is 2 North Lake Avenue, Suite 560, Pasadena, California 91101.

On February 10, 2026, I served the foregoing document described as **DEFENDANT'S ANSWER TO COMPLAINT** on interested parties in this action as follows:

Danny Yadidsion, Esq.
Paige Taylor, Esq.
LABOR LAW PC
100 Wilshire Blvd., Suite 700
Santa Monica, California 90401
Telephone: (310) 494-6082
Danny@LaborLawPC.com
Paige.Taylor@LaborLawPC.com
calendar@laborlawpc.com

√ **(VIA ELECTRONIC TRANSMISSION):** I caused such document(s) described herein to be uploaded electronically onto the website www.onelegal.com. I uploaded the above entitled document(s) with the understanding that all parties will be e-served and will have access to be able to download said documents

√ **(STATE)** I declare under penalty of perjury under the laws of the State of California that the above is true and correct.

Executed on February 10, 2026, at Pasadena, California.

Derek R. Mitchell
Derek Mitchell

4930-7913-4858, v. 6

Electronically Received 04/21/2026 07:41 PM

Danny Yadidsion, Esq., SBN 260282
Paige Taylor, Esq. SBN 288009
LABOR LAW PC
100 Wilshire Blvd., Suite 700
Santa Monica, California 90401
Telephone: (310) 494-6082
calendar@laborlawpc.com
Danny@laborlawpc.com
Paige.Taylor@laborlawpc.com

Attorneys for Plaintiff
**JAWANNA WALKER,**
individually and on behalf of similarly situated employees

John V. Little, Jr., Esq., SBN 341130
SCOPELITIS, GARVIN, LIGHT, HANSON & FEARY, LLP
2 North Lake Avenue, Suite 560
Pasadena, Ca 91101
Telephone: (626) 795-4700
Facsimile: (626) 795-4790
jlittle@scopelitis.com

Attorneys for Defendant IRONCLAD ENVIRONMENTAL SOLUTIONS, INC.
*Additional Counsel Listed on the Following Page*

**SUPERIOR COURT OF THE STATE OF CALIFORNIA**

**FOR THE COUNTY OF ALAMEDA**

**JAWANNA WALKER**, individually and on behalf of similarly situated employees,

*Plaintiff*,

v.

**IRONCLAD ENVIRONMENTAL SOLUTIONS, INC.**, a Delaware corporation; and **DOES 1- 50**, inclusive,

*Defendants*.

**CASE NO.: 25CV161021**

*Assigned for all purposes to the Hon. S. Raj Chatterjee, Dept. 21*

**JOINT STIPULATION AND PROPOSED ORDER GRANTING PLAINTIFF LEAVE TO AMEND AND TO FILE FIRST AMENDED CLASS AND REPRESENTATIVE ACTION COMPLAINT**

Complaint Filed: December 19, 2025

Charles Andrewscavage, Esq., *pro hac vice* forthcoming
Jared S. Kramer, Esq., *pro hac vice* forthcoming
SCOPELITIS, GARVIN, LIGHT, HANSON & FEARY, P.C.
30 West Monroe Street, Suite 1600
Chicago, IL 60603
Telephone: (312) 255-7200
candrewscavage@scopelitis.com
jskramer@scopelitis.com

Plaintiff **JAWANNA WALKER** ("Plaintiff"), individually and on behalf of similarly situated employees, and Defendant **IRONCLAD ENVIRONMENTAL SOLUTIONS, INC.** ("Defendant"), through their respective attorneys of record, submit the following Joint Stipulation and [Proposed] Order Granting Plaintiff Leave to Amend and to File First Amended Class and Representative Action Complaint based on the following recitals of fact:

**WHEREAS**, on December 19, 2025, Plaintiff filed her original Class Action Complaint in the Superior Court of California for the County of Alameda, Case Number 25CV161021, alleging violations of the California Labor Code by Defendant, including: 1) failure to pay wages for all hours worked; 2) failure to pay overtime wages; 3) failure to provide meal periods; 4) failure to provide rest periods; 5) failure to furnish timely and accurate wage statements; 6) failure to pay all compensation due upon discharge; 7) failure to reimburse for business expenses; and 8) unfair, unlawful, or fraudulent business practices under California Business and Professions Code section 17200 et seq.

**WHEREAS**, on December 19, 2025, Plaintiff provided written notice online pursuant to Labor Code Section 2699.3 of Defendant's alleged violations of various provisions of the Labor Code, including the foregoing described violations, to the California Labor & Workforce Development Agency ("LWDA"), as well as by certified mail, with return receipt requested, to Defendant.

**WHEREAS**, Plaintiff's LWDA PAGA Notice was duly submitted on December 19, 2025 and docketed as LWDA-CM-1144994-25.

**WHEREAS**, on February 10, 2026, Defendant filed an answer to the Class Action Complaint.

**WHEREAS**, more than 65 days have passed since Plaintiff filed and served the LWDA Notice on December 19, 2025, without any action by the LWDA with respect to the Labor Code violations alleged therein. Pursuant to Cal. Labor Code § 2699.3(a)(2)(B), to the extent that Plaintiff qualifies as an aggrieved employee, she may now pursue a civil action seeking penalties for these alleged violations under the Private Attorneys General Act ("PAGA").

**WHEREAS**, Plaintiff seeks leave to amend the Complaint to add a cause of action under the California Private Attorneys General Act of 2004, Labor Code §§ 2698–2699.5, based on the PAGA Notice docketed as LWDA-CM-1144994-25.

**WHEREAS**, pursuant to California Code of Civil Procedure §§ 473(a)(1) and 576, the Court has discretion to permit amendments to pleadings in the furtherance of justice.

**WHEREAS**, the Parties have met and conferred and agree that granting Plaintiff leave to file the First Amended Class and Representative Action Complaint (attached hereto as **Exhibit A**) will not prejudice Defendant, will not cause undue delay, and is in the interest of judicial and litigation efficiency.

**IT IS HEREBY STIPULATED**, by and between the Parties, by and through their respective counsel, that:

1. Plaintiff be granted leave to amend her Class Action Complaint and to file her First Amended Class and Representative Action Complaint hereto attached as **Exhibit A**;

2. The First Amended Class and Representative Action Complaint shall be deemed filed and served on Defendant as of the date of the Court's Order adopting this Stipulation;

3. Defendant shall have thirty (30) days from the date the Court's Order adopting this stipulation is served on Defendant to file its response to Plaintiff's First Amended Class and Representative Action Complaint; and

4. By entering into this stipulation, Defendant is not waiving any rights to challenge the sufficiency of Plaintiff's First Amended Class and Representative Action Complaint, or to contest any of the allegations therein.

**IT IS SO STIPULATED.**

Respectfully Submitted,

DATED: April 21, 2026

**LABOR LAW PC**

By:________________________
Danny Yadidsion, Esq.
Paige Taylor, Esq.
Attorneys for Plaintiff
JAWANNA WALKER,
individually and on behalf of similarly situated employees

DATED: April 21, 2026

**SCOPELITIS, GARVIN, LIGHT, HANSON & FEARY, LLP**

By: */s/ John Little, Jr.* (With Permission)
John V. Little, Jr., Esq.
Attorney for Defendant
IRONCLAD ENVIRONMENTAL SOLUTIONS, INC.,

## [PROPOSED] ORDER

Having reviewed the Parties' joint stipulation, and for good cause appearing, **IT IS HEREBY ORDERED THAT:**

1. Plaintiff is granted leave to amend her complaint.
2. The First Amended Class and Representative Action Complaint attached to the Parties' Joint Stipulation as **Exhibit A** shall be deemed filed and served on Defendant as of the date of the Court's Order adopting this Joint Stipulation.
3. Defendant shall have thirty (30) days from the date this Order is served on Defendant to file its response to Plaintiff's First Amended Class and Representative Action Complaint.
4. Neither this Order nor the Parties' joint stipulation shall preclude Defendant from challenging the sufficiency of Plaintiff's First Amended Class and Representative Action Complaint, or contesting any of the allegations therein.

Resubmit. The FAC will not be deemed filed. You must file it as a separate document in the ROA.

**IT IS SO ORDERED.**

DATE: ___________________________ ________________________________________

HON. SOMNATH RAJ CHATTERJEE
JUDGE OF THE SUPERIOR COURT

# EXHIBIT A

Danny Yadidsion, Esq., SBN 260282
Paige Taylor, Esq. SBN 288009
LABOR LAW PC
100 Wilshire Blvd., Suite 700
Santa Monica, California 90401
Telephone: (310) 494-6082
Danny@LaborLawPC.com
Paige.Taylor@LaborLawPC.com
calendar@laborlawpc.com

Attorneys for Plaintiff
**JAWANNA WALKER,**
individually and on behalf of similarly situated employees

**SUPERIOR COURT OF THE STATE OF CALIFORNIA**

**FOR THE COUNTY OF ALAMEDA**

**JAWANNA WALKER**, individually and on behalf of similarly situated employees,

*Plaintiff*,

v.

**IRONCLAD ENVIRONMENTAL SOLUTIONS, INC.**, a Delaware corporation; and **DOES 1- 50**, inclusive,

*Defendants*.

**CASE NO.:** 25CV161021

**FIRST AMENDED CLASS AND REPRESENTATIVE ACTION COMPLAINT FOR:**

1. **Failure to Pay Wages for All Hours Worked (Cal. Labor Code §§ 1194 and 1197);**
2. **Failure to Pay Overtime Wages (Cal. Labor Code §§ 510 and 1194);**
3. **Failure to Provide Meal Periods (Cal. Labor Code §§ 512 and 226.7);**
4. **Failure to Provide Rest Periods (Cal. Labor Code § 226.7);**
5. **Failure to Furnish Timely and Accurate Wage Statements (Cal. Labor Code § 226);**
6. **Failure to Pay All Compensation Due Upon Discharge (Cal. Labor Code §§201, 202, and 203);**
7. **Failure to Reimburse for Business Expenses (Cal. Labor Code section § 2802);**
8. **Unfair, Unlawful, or Fraudulent Business Practices (Cal. Bus. & Prof. Code § 17200 *et seq.*)**

9. **Private Attorneys General Act of 2004(Cal. Labor Code §§2698, et seq.)**

**DEMAND FOR JURY TRIAL**

## INTRODUCTION

1. Plaintiff JAWANNA WALKER ("Plaintiff"), on behalf of Plaintiff and similarly situated employees, hereby submits this Complaint against Defendant IRONCLAD ENVIRONMENTAL SOLUTIONS, INC. ("IES"), a California corporation doing business in California; and DOES 1 through 50, inclusive (collectively, "Defendants"), and each of them, and alleges as follows:

2. This is a class action under California Code of Civil Procedure §382 seeking damages for unpaid wages, failure to provide accurate itemized wage statements, penalties, interest, and other equitable relief, and reasonable attorneys' fees and costs under Cal. Labor Code ("Labor Code") §§ 226(e), 226.2, 226.7, 510, 512, 558, 1194, 1194.2, 2802, 201-203, and applicable IWC Wage Orders, Cal. Civ. Proc. Code § 1021.5, and restitution under California's Unfair Competition Law ("UCL"), Business & Professions Code §§ 17200 *et seq.*

3. Plaintiff brings this action on behalf of all other similarly situated individuals – ***all non-exempt employees currently and formerly employed by Defendants*** ("Class Members") – in the State of California from four years prior to the filing of this Complaint through to the trial date ("Class Period"). Defendants' violations of California's wage and hours laws and unfair competition laws, as described more fully below, have been ongoing for at least the past four years, and are continuing at present.

4. During the Class Period, Plaintiff and Class Members were non-exempt employees as defined under the Labor Code and were entitled to receive all wages owed and either regular meal and rest breaks or premium pay for time worked during overtime, meal breaks, and rest breaks. Plaintiff and Class Members were also entitled to receive regular, accurate itemized wage statements reflecting the total amount of money which they were owed and the accurate name of the company employing them.

5. Moreover, Defendants regularly furnished to Plaintiff and all Class Members inaccurate itemized wage statements by including inaccurate wages owing to Defendants' willful violation of California's meal and rest break laws.

6. In particular, during the one-year period prior to the filing of this Complaint through to the trial date ("Wage Statement Class Period"), Defendants knowingly and intentionally failed to provide Class Members with accurate itemized wage statements ("Wage Statement Subclass"), in violation of Labor Code § 226(a) and 226.2. Defendants did so by providing wage statements with inaccurate payment amounts, owing to the failure to pay all wages for all hours worked and to the failure to pay premium and meal and rest break pay.

7. In addition, this action is brought on behalf of a subclass comprised of Plaintiff and Class Members formerly employed by Defendants ("Waiting Time Penalty Subclass Members"). During the "Waiting Time Penalty Subclass Period" – designated as three years prior to the filing of the Complaint through to the trial date – Defendants failed to pay all compensation due and owing to Waiting Time Penalty Subclass Members upon discharge from employment in violation of Labor Code §§ 201-203.

8. Plaintiff also brings this action in a representative capacity under the California Private Attorneys General Act of 2004, Labor Code §§ 2698 et seq. ("PAGA"), on behalf of herself and all other "aggrieved employees" as defined by PAGA (the "PAGA Class"). The PAGA Class consists of all non-exempt individuals employed by Defendants in California during the period beginning on December 19, 2025 or one (1) year prior to the filing of Plaintiff's PAGA notice with the California Labor and Workforce Development Agency, and continuing through the date of trial ("PAGA Period").

9. As a result of the above Labor Code violations, Defendants committed unfair, unlawful, and fraudulent business practices, in violation of the UCL.

## THE PARTIES

10. Plaintiff is a resident of California, and was, at all times relevant to this action, a non-exempt employee of Defendants.

11. Defendant IRONCLAD ENVIRONMENTAL SOLUTIONS, INC. is a Delaware corporation that at all times relevant hereto, did business and employed individuals in the County of Alameda, State of California.

12. Defendants are Plaintiff's employer within the meaning of the Labor Code and is therefore subject to the jurisdiction of this Court.

13. The true names and capacities, whether individual, corporate, associate, or otherwise of the Defendants named herein as DOES 1-50, inclusive, are unknown to Plaintiff at this time and therefore said Defendants are sued by such fictitious names. Plaintiff will seek leave to amend this Complaint to insert the true names and capacities of said Defendants when the same become known to Plaintiff. Plaintiff is informed and believes and thereupon alleges that each of the fictitiously-named Defendants is responsible for the wrongful acts alleged herein and is therefore liable to Plaintiff as alleged hereinafter.

14. Plaintiff is informed and believes, and based thereupon alleges, that at all times relevant hereto, Defendants, and each of them, were the agents, employees, managing agents, supervisors, conspirators, parent corporation, joint employers, alter ego, and/or joint ventures of the other Defendants, and each of them, and in doing the things alleged herein, were acting at least in part within the course and scope of said agency, employment, conspiracy, joint employment, alter ego status, and/or joint venture and with the permission and consent of each of the other Defendants.

15. Plaintiff is informed and believes, and based thereupon alleges, that Defendants, and each of them, including those Defendants named DOES 1-50, acted in concert with one another to commit the wrongful acts alleged therein, and aided, abetted, incited, compelled, and/or coerced one another in the wrongful acts alleged herein, and/or attempted to do so. Plaintiff is further informed and believes, and based thereupon alleges, that the Defendants, and each of them, including those Defendants named as DOES 1-50, formed and executed a conspiracy or common plan pursuant to which they would commit the unlawful acts alleged herein, with all such acts alleged herein done as part of and pursuant to said conspiracy, intended to and actually causing Plaintiff harm.

16. Whenever and wherever reference is made in this Complaint to any act or failure to act by a Defendant or co-Defendant, such allegations and references shall also be deemed to mean the acts and/or failures to act by each Defendant acting individually, jointly and severally.

**JURISDICTION**

17. This Court has jurisdiction over Plaintiff's and Class Members' claims under Labor Code §§ 201-203, 226, 510, 512, 558, 1194, 2802, applicable Wage Orders, and the UCL, Bus. & Prof. Code §§ 17203 and 17204.

18. The amount in controversy for Plaintiff's individual claims, including claims for civil penalties and pro rata share of attorneys' fees, is less than seventy-five thousand dollars ($75,000).

**VENUE**

19. Venue is proper in the County of Alameda pursuant to Cal. Civ. Proc. Code § 395(a) and 395.5. Defendant IES is a California corporation. Defendants maintains offices and transacts business in the County of Alameda.

**ALTER EGO, AGENCY, JOINT EMPLOYER, LABOR CODE § 558.1**

20. Plaintiff is informed and believes, and based thereon alleges, that there exists such a unity of interest and ownership between Defendants and DOES 1-50 that the individuality and separateness of Defendants have ceased to exist.

21. Plaintiff is informed and believes, and based thereon alleges, that despite the formation of purported corporate existence, DOES 1-50 are, in reality, one and the same as Defendants, including, but not limited to because:

a. Defendant IES is completely dominated and controlled by DOES 1-50, who personally violated the laws as set forth in this complaint, and who have hidden and currently hid behind Defendants to circumvent statutes or accomplish some other wrongful or inequitable purpose.

b. DOES 1 through 50 derive actual and significant monetary benefits by and through Defendant IES' unlawful conduct, and by using Defendant IES as the funding source for their own personal expenditures.

c. Plaintiff is informed and believes that Defendant IES and DOES l-50, while really one and the same, were segregated to appear as though separate and distinct for purposes of circumventing a statute or accomplishing some other wrongful or inequitable purpose.

d. Plaintiff is informed and believes that Defendants do not comply with all requisite corporate formalities to maintain a legal and separate corporate existence.

e. Plaintiff is informed and believes, and based thereon alleges, that the business affairs of Defendant IES and DOES 1-50 are, and at all times relevant were, so mixed and intermingled that the same cannot reasonably be segregated, and the same are in inextricable confusion. Defendant IES is, and at all times relevant hereto was, used by DOES 1-50 as a mere shell and conduit for the conduct of certain of Defendants' affairs, and are, and were, the alter ego of DOES 1-50. The recognition of the separate existence of Defendants would not promote justice, in that it would permit Defendants to insulate themselves from liability to Plaintiff for violations of the Government Code, Labor Code, and other statutory violations. The corporate existence of Defendants and DOES 1-50 should be disregarded in equity and for the ends of justice because such disregard is necessary to avoid fraud and injustice to Plaintiff herein.

f. Accordingly, Defendant IES constitutes the alter ego of DOES 1-50, and the fiction of their separate corporate existence must be disregarded.

22. As a result of the aforementioned facts, Plaintiff is informed and believes, and based thereon alleges that Defendant IES and DOES 1-50 are Plaintiff's joint employers by virtue of a joint enterprise, and that Plaintiff was an employee of Defendant IES and DOES 1-50. Plaintiff performed services for each and every one of Defendants, and to the mutual benefit of all Defendants, and all Defendants shared control of Plaintiff as an employee, either directly or indirectly, in the manner in which Defendants' business was and is conducted.

23. Plaintiff is informed and believes that DOES 1-50 were the actual employers and/or "person[s] acting on behalf of the employer" within the meaning of Labor Code section 558.1.

## FACTUAL ALLEGATIONS COMMON TO ALL CLAIMS

24. Defendant IRONCLAD ENVIRONMENTAL SOLUTIONS, INC. is a Delaware corporation engaged in the environmental services and waste management industry, including the rental of containment and related equipment, and at all times relevant hereto did business in Alameda County, State of California.

25. Throughout the Class Period, Plaintiff and Class Members, including the PAGA Class, served in nonmanagerial, non-supervisory roles where they neither had supervisory responsibilities nor had discretion over the projects, work, or hours they worked. As such, Plaintiff and Class Members were non-exempt employees and were paid accordingly on an hourly basis.

26. Despite being non-exempt hourly employees, Plaintiff and the Class Members were not afforded legally compliant meal or rest breaks. Defendants also did not provide premium pay for missed meal and rest breaks.

27. In addition, Defendants failed to pay Plaintiff and the Class Members wages for all hours worked, including by requiring Plaintiff and the Class Members to complete work off the clock and otherwise denying Plaintiff and the Class Members payment for all hours worked.

28. Moreover, Defendants failed to pay Plaintiff and the Class Members overtime wages for hours spent working overtime, including on days when they worked in excess of eight hours per day or weeks in which they worked in excess of forty hours per week. Defendants also failed to pay double time to Plaintiff and the Class Members on days in which they worked in excess of twelve hours.

29. Plaintiff's and the Class Members' wage statements confirm that they were not paid premiums for their missed meal and rest breaks, which itself made the statements inaccurate because the statements did not accurately reflect all wages owed to Plaintiff and Class Members under California law. Instead, these wage statements also reflect routine, repeated, and deliberate violations of California labor laws.

30. <u>Failure to Pay Overtime</u>: Plaintiff's and the Class Members' wage statements show individual days in which they worked in excess of eight hours, and weeks in which they worked in excess of 40 hours. But every day was paid at the "regular pay" rate with no overtime paid.

Plaintiff's and the Class Members' wage statements regularly failed to reflect payment owed to them for overtime hours worked.

31. Failure to Pay Premium for Missed Meal and Rest Breaks: Nowhere on Plaintiff's or the Class Members' wage statements is there any reflection of premium pay for missed meal and rest breaks, despite Defendants denying Class Members the opportunity to take such meal and rest breaks as required by California law.

32. Off the Clock Work: Nowhere on Plaintiff's or the Class Members' wage statements is there any reflection for payment of work completed before clocking in or after clocking out, as required by Defendants.

## CLASS ACTION ALLEGATIONS

33. Plaintiff brings this class action pursuant to Cal. Civ. Proc. Code § 382 on behalf of the Class and Waiting Time Penalty Subclass. Upon information and belief, the members of the Class and Waiting Time Penalty Subclass are so numerous that joinder of all members is impractical. Plaintiff's claims are typical of the claims of the members of the Class and Waiting Time Penalty Subclass because Plaintiff was an employee of Defendants who was (a) not paid for all hours worked, including for required off the clock work; (b) not paid any premium overtime pay for the duration of Plaintiff's employment with Defendants; (c) was not paid a premium rate for denied meal and rest breaks for the duration of Plaintiff's employment with Defendants; (d) was provided with inaccurate wage statements which provided inaccurate sums of money to be paid to Plaintiff; and (e) was not paid all wages due at termination.

34. Plaintiff will fairly and adequately represent the interests of the Class and Waiting Time Penalty Subclass. Plaintiff has no conflict of interest with any member of the Class and Waiting Time Penalty Subclass. Plaintiff has retained competent and experienced counsel in complex class action litigation. Plaintiff's counsel has the expertise and financial resources to adequately represent the interests of the Class and Waiting Time Penalty Subclass.

35. Common questions of law and fact exist as to all members of the Class and the Waiting Time Penalty Subclass and predominate over any questions solely affecting individual members of the Class and Subclass.

36. Class action treatment is superior to any alternative to ensure the fair and efficient adjudication of the controversy alleged herein. Such treatment will permit a large number of similarly situated persons to prosecute their common claims in a single forum simultaneously, efficiently, and without duplication of effort and expense that numerous individual actions would entail. No difficulties are likely to be encountered in the management of this class action that would preclude its maintenance as a class action, and no superior alternative exists for the fair and efficient adjudication of this controversy. Class Members are readily identifiable from Defendants' employee rosters and/or payroll records.

37. Defendants' actions are generally applicable to the entire Class. Prosecution of separate actions by individual members of each Class creates the risk of inconsistent or varying adjudications of the issues presented herein, which, in turn, would establish incompatible standards of conduct for Defendants.

38. Because joinder of all members is impractical, a class action is superior to other available methods for the fair and efficient adjudication of this controversy. Furthermore, the amounts at stake for many members of each Class, while substantial, may not be sufficient to enable them to maintain separate suits against Defendants.

## FIRST CAUSE OF ACTION AGAINST ALL DEFENDANTS

## FAILURE TO PAY WAGES FOR ALL HOURS WORKED

[*California Labor Code §§ 1194, 1197 and IWC Wage Orders*]

39. Plaintiff re-alleges each and every paragraph of this Complaint as though fully set forth.

40. California Labor Code §§ 1194, 1197, and applicable Wage Orders entitle non-exempt employees to be paid for all hours worked. All hours must be paid at the statutory or agreed rate and no part of this rate may be used as a credit against a minimum wage obligation.

41. During the relevant time period, Plaintiff and Class Members were not paid all wages owed when Defendants did not pay minimum wage for all hours worked.

42. As a result of these violations, Defendants is liable for unpaid wages, interest thereon, and attorneys' fees and costs.

43. Plaintiff and Class Members also request relief as described below.

**SECOND CAUSE OF ACTION AGAINST ALL DEFENDANTS**

**FAILURE TO PAY OVERTIME WAGES**

[*California Labor Code §§ 510, 1194 and IWC Wage Orders*]

44. Plaintiff re-alleges each and every paragraph of this Complaint as though fully set forth.

45. Pursuant to Labor Code sections 510, 1194, and IWC Wage Orders, Defendants are required to compensate non-exempt employees for all overtime, which is calculated at one and one-half (1 1/2) times the regular rate of pay for all hours worked in excess of eight (8) hours per day and/or forty (40) hours per week, and for the first eight (8) hours on the seventh consecutive workday, with double time for all hours worked in excess of twelve (12) hours in any workday and for all hours worked in excess of eight (8) hours on the seventh consecutive day of work in any workweek.

46. Plaintiff and Class Members are current and former non-exempt employees entitled to the protections of Labor Code sections 510, 1194, and IWC Wage Orders. Defendants failed to compensate Plaintiff and Class Members for all overtime hours worked as required under the foregoing provisions by, among other things: failing to pay overtime at one and one-half (1 1/2) times the regular rate of pay for work performed in excess of eight (8) hours in a workday, and/or forty (40) hours per week, and for the first eight (8) hours on the seventh consecutive workday; and failing to pay overtime at double the regular rate of pay for work performed in excess of 12 hours in a workday, and for all hours worked in excess of eight (8) hours on the seventh consecutive day of work in any workweek.

47. Plaintiff and members of the Class Members worked in excess of eight hours per day and in excess of forty hours per week, and Defendants unlawfully failed to pay Plaintiff and Class Members the proper overtime compensation.

48. As a result of these violations, Defendants are liable for unpaid overtime wages, interest thereon, and attorneys' fees and costs.

49. Plaintiff and Class Members also request relief as described below.

**<u>THIRD CAUSE OF ACTION AGAINST ALL DEFENDANTS</u>**

**FAILURE TO PROVIDE MEAL PERIODS**

[*California Labor Code §§ 512 and 226.7*]

50. Plaintiff re-alleges each paragraph of this Complaint as though fully set forth.

51. As part of Defendants' unlawful scheme, Defendants failed to provide Plaintiff and Class Members with a full, 30-minute meal period free of all duties pursuant to Labor Code Sections 226.7, 512 and IWC Wage Orders. Defendants further failed to provide a second meal period to employees working more than ten (10) hours in a workday. Plaintiff and Class Members worked in excess of five hours a day without being provided at least half hour meal periods in which they were relieved of their duties, as required by Labor Code §§ 226.7 and 512 and applicable Wage Orders. *See Brinker Restaurant Corp., et al. v. Superior Court* (2012) 53 Cal.4th 1004, 1040-41 ("The employer satisfies this obligation if it relieves its employees of all duty, relinquishes control over their activities and permits them a reasonable opportunity to take an uninterrupted 30–minute period, and does not impede or discourage them from doing so . . . [A] first meal period [is required] no later than the end of an employee's fifth hour of work, and a second meal period [is required] no later than the end of an employee's 10th hour of work.").

52. Defendants violated Labor Code sections 226.7, 510, 1194, 1197, and IWC Wage Orders by failing to compensate Plaintiff and Class Members for all hours worked during their meal periods.

53. As a proximate result of the violations, Plaintiff and Class Members have been damaged in an amount according to proof at trial. Therefore, pursuant to California Labor Code Sections 226.7, 510, 1194, 1197, and other applicable provisions under the Labor Code and IWC Wage Orders, Plaintiff and Class Members are entitled to recover all wages earned and due, plus interest, penalties, attorney's fees, expenses, and costs of suit.

54. Plaintiff and Class Members also request relief as described below.

**<u>FOURTH CAUSE OF ACTION AGAINST ALL DEFENDANTS</u>**

**FAILURE TO PROVIDE REST PERIODS**

[*California Labor Code §226.7*]

55. Plaintiff re-alleges each paragraph of this Complaint as though fully set forth.

56. Defendants failed to provide the rest periods that are required by applicable Wage Orders. *See Brinker*, 53 Cal. 4th 1004 at 1029 ("Employees are entitled to 10 minutes rest for shifts from three and one-half to six hours in length, 20 minutes for shifts of more than six hours up to 10 hours, 30 minutes for shifts of more than 10 hours up to 14 hours, and so on.").

57. Defendants violated Labor Code sections 226.7 and 512, and IWC Wage Orders by failing to provide Plaintiff and Class Members required rest periods.

58. Defendants violated California Labor Code section 226.7 and IWC Wage Orders by failing to pay Plaintiff and Class Members who were not provided with a rest period, one additional hour of compensation at each employee's regular rate of pay for each workday that a rest period was not provided.

59. As a proximate result of the violations, Plaintiff and Class Members have been damaged in an amount according to proof at trial. Therefore, pursuant to California Labor Code sections 226.7, 512, and other applicable provisions under the Labor Code and IWC Wage Orders, Plaintiff and Class Members are entitled to recover all wages earned and due, plus interest, penalties, attorney's fees, expenses, and costs of suit.

60. Plaintiff and Class Members also request relief as described below.

**FIFTH CAUSE OF ACTION AGAINST ALL DEFENDANTS**

**FAILURE TO FURNISH TIMELY AND ACCURATE ITEMIZED WAGE STATEMENTS**

[*California Labor Code § 226.7 and applicable Wage Order*]

61. Plaintiff re-alleges each paragraph of this Complaint as though fully set forth.

62. In violation of Labor Code § 226(a), Defendants did not provide Plaintiff or Class Members with accurate itemized wage statements in writing showing: (1) all applicable hourly rates in effect during each respective pay period and the corresponding number of hours worked by each respective individual; (2) number of hours worked; (3) gross wages earned; (4) net wages earned; (5) all deductions; (6) inclusive dates of the period for which the employee is paid; (7) the employee identification or social security number; and, (8) the name and address of the legal entity

that is the employer.

63. As a result of Defendants' failure to provide accurate itemized wages statements, Plaintiff and Class Members suffered actual damages and harm by being unable to determine their applicable hourly rate for each pay period, which prevented them from becoming aware of these violations and asserting their statutory protections under California law.

64. Defendants knowingly and intentionally failed to comply with Labor Code § 226(a) on each and every wage statement provided to Plaintiff and Class and Subclass Members.

65. Pursuant to Labor Code § 226(e), Plaintiff and Class Members are entitled to recover the greater of all actual damages or fifty dollars ($50.00) for the initial pay period in which a violation occurs and one hundred dollars ($100.00) per employee for each violation in a subsequent pay period, not exceeding an aggregate penalty of four thousand dollars ($4,000.00).

66. Plaintiff and Class Members are entitled to an award of costs and reasonable attorneys' fees under Labor Code § 226(h).

67. Plaintiff and Class Members also requests relief as described below.

**SIXTH CAUSE OF ACTION AGAINST ALL DEFENDANTS**

**FAILURE TO PAY ALL COMPENSATION DUE UPON DISCHARGE**

[*California Labor Code §§ 201, 202, and 203*]

68. Plaintiff re-alleges each paragraph of this Complaint as though fully set forth.

69. Pursuant to Labor Code sections 201, 202, and 203, Defendant is required to pay all earned and unpaid wages to an employee who is discharged. Labor Code section 201 mandates that if an employer discharges an employee, the employee's wages accrued and unpaid at the time of discharge are due and payable immediately.

70. Pursuant to Labor Code section 202, Defendants are required to pay all accrued wages due to an employee no later than 72 hours after the employee quits his or her employment, unless the employee provided 72 hours previous notice of his or her intention to quit, in which case the employee is entitled to his or her wages at the time of quitting.

71. Labor Code section 203 provides that if an employer willfully fails to timely pay wages of an employee who is discharged or who quits, in accordance with Labor Code sections

201 and 202, the employer is liable for waiting time penalties in the form of continued compensation to the employee at the same rate for up to 30 workdays.

72. Defendants have willfully failed to pay accrued wages and other compensation to Plaintiff in accordance with Labor Code sections 201 and 202.

73. As a proximate result of the aforementioned violations, Plaintiff has been damaged in an amount according to proof at trial. Therefore, pursuant to California Labor Code sections 201, 202, 203, 1194, and other applicable provisions under the Labor Code and IWC Wage Orders, Plaintiff is entitled to recover all wages earned and due, plus interest, penalties, attorney's fees, expenses, and costs of suit.

**SEVENTH CAUSE OF ACTION AGAINST ALL DEFENDANTS**

**FAILURE TO REIMBURSE FOR BUSINESS EXPENSES**

[*Cal. Labor Code §2802*]

74. Plaintiff re-alleges each paragraph of this Complaint as though fully set forth.

75. California Labor Code § 2802 requires employers to reimburse employees for all reasonable business expenses incurred by employees as a condition of employment.

76. Plaintiff and Class Members were required to pay for work-related expenses *(e.g.* cell phone usage), and they incurred expenses as a result. Defendants unlawfully refused to reimburse Plaintiff and Class Members for these expenses

77. As a result of these violations, Defendants are liable for damages related to these unreimbursed expenses.

78. Plaintiff and Class Members also request relief as described below.

**EIGHTH CAUSE OF ACTION AGAINST ALL DEFENDANTS**

**UNFAIR BUSINESS PRACTICES IN VIOLATION OF CALIFORNIA BUSINESS AND PROFESSIONS CODE**

[*Bus. & Prof. Code §§ 17200 et seq.*]

79. Plaintiff re-alleges each paragraph of this Complaint as though fully set forth.

80. Plaintiff brings this cause of action individually and as a representative of all others subject to Defendants' unlawful acts and practices.

81. Business and Professions Code § 17200 prohibits unfair competition in the form of any unlawful, unfair, or fraudulent business act or practice. Business and Professions Code § 17204 allows "any person who has suffered injury in fact and has lost money or property" to prosecute a civil action for violation of the Unfair Competition Law.

82. Defendants committed unlawful, unfair, and/or fraudulent business acts and practices as defined by Business and Professions Code § 17200 by failing to pay overtime wages.

83. The above-described unlawful actions of Defendants constitute false, unfair, fraudulent and/or deceptive business practices, within the meaning of Business and Professions Code § 17200, et seq.

84. As a result of its unlawful acts, Defendants reaped unfair benefits and illegal profits at the expense of Plaintiff and the Class that Plaintiff seeks to represent. Defendants should be enjoined from this activity, caused to specifically perform its obligations, and made to disgorge these ill-gotten gains and pay restitution to Plaintiff and the members of the Class including, but not limited to, restitution of all unpaid wages, plus interest, as well as attorneys' fees and costs.

85. Plaintiff and Class Members also request relief as described below.

**NINTH CAUSE OF ACTION AGAINST ALL DEFENDANTS**

**PRIVATE ATTORNEYS GENERAL ACT OF 2004**

**[California Labor Code §§ 2698, 2699, 2699.3]**

86. Plaintiff re-alleges each and every paragraph of this Complaint as though fully set forth herein.

87. Plaintiff is an "aggrieved employee" within the meaning of California Labor Code § 2699(c), and a proper representative to bring a civil action under PAGA pursuant to the procedures specified in California Labor Code § 2699.3, because Plaintiff was employed by Defendants and the alleged violations of the California Labor Code were committed against Plaintiff personally during her employment with Defendants.

88. Pursuant to the California Private Attorneys General Act of 2004 ("PAGA"), Labor Code §§ 2698–2699.5, Plaintiff seeks to recover all available civil penalties under the California

Labor Code and applicable IWC Wage Orders from Defendants for the violations set forth above. Plaintiff is also entitled to an award of reasonable attorneys' fees and costs pursuant to California Labor Code § 2699(g)(1).

89. As required by law, Plaintiff sent written notice via certified mail to the Labor & Workforce Development Agency ("LWDA") and Defendants setting forth the facts and theories of the violations alleged against Defendants as prescribed by Labor Code § 2698, et seq.

90. Plaintiff's LWDA PAGA Notice was duly submitted on December 19, 2025 and docketed as LWDA-CM- 1144994-25.

91. Plaintiff has complied with all of the requirements set forth in California Labor Code § 2699.3 to commence a PAGA action.

## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff, individually and on behalf of the proposed Class and Subclass, and as an aggrieved employee on behalf of all aggrieved employees under PAG, prays for judgment against Defendants, and each of them, in an amount according to proof, as follows:

1. Certification of Plaintiff's non-PAGA claims as a class action, pursuant to Cal. Code of Civ. Pro. Section 382, on behalf of the proposed class;
2. For restitution of all monies due to Plaintiff and Class Members, as well as disgorged profits from Defendants' unfair and unlawful business practices;
3. For meal and rest period compensation pursuant to California Labor Code § 226.7 and IWC Wage Orders;
4. For liquidated damages pursuant to California Labor Code § 1194.2;
5. For preliminary and permanent injunctive relief enjoining Defendant from violating the relevant provisions of the California Labor Code and the IWC Wage Orders, and from engaging in the unlawful business practices complained of herein;
6. For statutory and civil penalties according to proof, including but not limited to all penalties authorized by the California Labor Code §§ 203 and 226 (e) and 2699;
7. For interest on the unpaid wages at 10% per annum pursuant to California Labor Code §§ 218.6, 1194, 2802, California Civil Code §§ 3287, 3288, and/or any other

applicable provision providing for pre-judgment interest;

8. For reasonable attorneys' fees and costs pursuant to California Labor Code §§ 1194, 2802, Civil Code § 1021.5, and any other applicable provisions providing for attorneys' fees and costs;

9. For civil penalties pursuant to the Private Attorneys General Act of 2004, California Labor Code §§ 2698, 2699, and 2699.3, on behalf of Plaintiff and all aggrieved employees.

10. For all such other and further relief that the court may deem just and proper.

Respectfully Submitted,

DATED: April 21, 2026

**LABOR LAW PC**

By:____________________

Danny Yadidsion, Esq.
Paige Taylor, Esq.
Attorneys for Plaintiff
JAWANNA WALKER,
individually and on behalf of similarly situated employees

**DEMAND FOR TRIAL BY JURY**

Plaintiff hereby demands a jury trial of all causes of action and claims with respect to which Plaintiff has a right to jury trial.

DATED: April 21, 2026

**LABOR LAW PC**

By: ______________________

Danny Yadidsion, Esq.
Paige Taylor, Esq.
Attorneys for Plaintiff
JAWANNA WALKER,
individually and on behalf of similarly
situated employees

| SUPERIOR COURT OF CALIFORNIA<br>COUNTY OF ALAMEDA | Reserved for Clerk's File Stamp<br><br>**FILED**<br>Superior Court of California<br>County of Alameda<br>04/27/2026<br>Chad Finke, Executive Officer / Clerk of the Court<br>By: Deputy<br>B. Mercado |
|---|---|
| COURTHOUSE ADDRESS:<br>Rene C. Davidson Courthouse<br>1225 Fallon Street, Oakland, CA 94612 | |
| PLAINTIFF/PETITIONER:<br>Jawanna Walker | |
| DEFENDANT/RESPONDENT:<br>Ironclad Environmental Solutions, Inc. | |
| **CERTIFICATE OF ELECTRONIC SERVICE CODE OF CIVIL PROCEDURE 1010.6** | CASE NUMBER:<br>25CV161021 |

**I, the below named Executive Officer/Clerk of Court of the above-entitled court, do hereby certify that I am not a party to the cause herein, and that on this date I served one copy of the Stipulation and Order JOINT STIPULATION AND PROPOSED ORDER GRANTING PLAINTIFF LEAVE TO AMEND AND TO FILE FIRST AMENDED CLASS AND REPRESENTATIVE ACTION COMPLAINT entered herein upon each party or counsel of record in the above entitled action, by electronically serving the document(s) from my place of business, in accordance with standard court practices.**

Danny Yadidsion
Labor Law PC
danny@laborlawpc.com

John Vance Little
Scopelitis Garvin Light Hanson & Feary
jlittle@scopelitis.com

Chad Finke, Executive Officer / Clerk of the Court

Dated: 04/27/2026

By:

B. Mercado, Deputy Clerk

Danny Yadidsion, Esq., SBN 260282
Paige Taylor, Esq. SBN 288009
LABOR LAW PC
100 Wilshire Blvd., Suite 700
Santa Monica, California 90401
Telephone: (310) 494-6082
Danny@LaborLawPC.com
Paige.Taylor@LaborLawPC.com
calendar@laborlawpc.com

Attorneys for Plaintiff
**JAWANNA WALKER,**
individually and on behalf of similarly situated employees

**FILED**
Superior Court of California
County of Alameda
04/27/2026
Chad Finke, Executive Officer / Clerk of the Court
By: [signature] Deputy
C. Huang

Electronically Received 04/27/2026 07:23 PM

**SUPERIOR COURT OF THE STATE OF CALIFORNIA**

**FOR THE COUNTY OF ALAMEDA**

**JAWANNA WALKER**, individually and on behalf of similarly situated employees,

*Plaintiff*,

v.

**IRONCLAD ENVIRONMENTAL SOLUTIONS, INC.**, a Delaware corporation; and **DOES 1- 50**, inclusive,

*Defendants*.

**CASE NO.:** 25CV161021

**FIRST AMENDED CLASS AND REPRESENTATIVE ACTION COMPLAINT FOR:**

1. **Failure to Pay Wages for All Hours Worked (Cal. Labor Code §§ 1194 and 1197);**
2. **Failure to Pay Overtime Wages (Cal. Labor Code §§ 510 and 1194);**
3. **Failure to Provide Meal Periods (Cal. Labor Code §§ 512 and 226.7);**
4. **Failure to Provide Rest Periods (Cal. Labor Code § 226.7);**
5. **Failure to Furnish Timely and Accurate Wage Statements (Cal. Labor Code § 226);**
6. **Failure to Pay All Compensation Due Upon Discharge (Cal. Labor Code §§201, 202, and 203);**
7. **Failure to Reimburse for Business Expenses (Cal. Labor Code section § 2802);**
8. **Unfair, Unlawful, or Fraudulent Business Practices (Cal. Bus. & Prof. Code § 17200 *et seq.*)**

9. **Private Attorneys General Act of 2004(Cal. Labor Code §§2698, et seq.)**

**DEMAND FOR JURY TRIAL**

## INTRODUCTION

1. Plaintiff JAWANNA WALKER ("Plaintiff"), on behalf of Plaintiff and similarly situated employees, hereby submits this Complaint against Defendant IRONCLAD ENVIRONMENTAL SOLUTIONS, INC. ("IES"), a California corporation doing business in California; and DOES 1 through 50, inclusive (collectively, "Defendants"), and each of them, and alleges as follows:

2. This is a class action under California Code of Civil Procedure §382 seeking damages for unpaid wages, failure to provide accurate itemized wage statements, penalties, interest, and other equitable relief, and reasonable attorneys' fees and costs under Cal. Labor Code ("Labor Code") §§ 226(e), 226.2, 226.7, 510, 512, 558, 1194, 1194.2, 2802, 201-203, and applicable IWC Wage Orders, Cal. Civ. Proc. Code § 1021.5, and restitution under California's Unfair Competition Law ("UCL"), Business & Professions Code §§ 17200 *et seq.*

3. Plaintiff brings this action on behalf of all other similarly situated individuals – ***all non-exempt employees currently and formerly employed by Defendants*** ("Class Members") – in the State of California from four years prior to the filing of this Complaint through to the trial date ("Class Period"). Defendants' violations of California's wage and hours laws and unfair competition laws, as described more fully below, have been ongoing for at least the past four years, and are continuing at present.

4. During the Class Period, Plaintiff and Class Members were non-exempt employees as defined under the Labor Code and were entitled to receive all wages owed and either regular meal and rest breaks or premium pay for time worked during overtime, meal breaks, and rest breaks. Plaintiff and Class Members were also entitled to receive regular, accurate itemized wage statements reflecting the total amount of money which they were owed and the accurate name of the company employing them.

5. Moreover, Defendants regularly furnished to Plaintiff and all Class Members inaccurate itemized wage statements by including inaccurate wages owing to Defendants' willful violation of California's meal and rest break laws.

6. In particular, during the one-year period prior to the filing of this Complaint through to the trial date ("Wage Statement Class Period"), Defendants knowingly and intentionally failed to provide Class Members with accurate itemized wage statements ("Wage Statement Subclass"), in violation of Labor Code § 226(a) and 226.2. Defendants did so by providing wage statements with inaccurate payment amounts, owing to the failure to pay all wages for all hours worked and to the failure to pay premium and meal and rest break pay.

7. In addition, this action is brought on behalf of a subclass comprised of Plaintiff and Class Members formerly employed by Defendants ("Waiting Time Penalty Subclass Members"). During the "Waiting Time Penalty Subclass Period" – designated as three years prior to the filing of the Complaint through to the trial date – Defendants failed to pay all compensation due and owing to Waiting Time Penalty Subclass Members upon discharge from employment in violation of Labor Code §§ 201-203.

8. Plaintiff also brings this action in a representative capacity under the California Private Attorneys General Act of 2004, Labor Code §§ 2698 et seq. ("PAGA"), on behalf of herself and all other "aggrieved employees" as defined by PAGA (the "PAGA Class"). The PAGA Class consists of all non-exempt individuals employed by Defendants in California during the period beginning on December 19, 2025 or one (1) year prior to the filing of Plaintiff's PAGA notice with the California Labor and Workforce Development Agency, and continuing through the date of trial ("PAGA Period").

9. As a result of the above Labor Code violations, Defendants committed unfair, unlawful, and fraudulent business practices, in violation of the UCL.

**THE PARTIES**

10. Plaintiff is a resident of California, and was, at all times relevant to this action, a non-exempt employee of Defendants.

11. Defendant IRONCLAD ENVIRONMENTAL SOLUTIONS, INC. is a Delaware corporation that at all times relevant hereto, did business and employed individuals in the County of Alameda, State of California.

12. Defendants are Plaintiff's employer within the meaning of the Labor Code and is therefore subject to the jurisdiction of this Court.

13. The true names and capacities, whether individual, corporate, associate, or otherwise of the Defendants named herein as DOES 1-50, inclusive, are unknown to Plaintiff at this time and therefore said Defendants are sued by such fictitious names. Plaintiff will seek leave to amend this Complaint to insert the true names and capacities of said Defendants when the same become known to Plaintiff. Plaintiff is informed and believes and thereupon alleges that each of the fictitiously-named Defendants is responsible for the wrongful acts alleged herein and is therefore liable to Plaintiff as alleged hereinafter.

14. Plaintiff is informed and believes, and based thereupon alleges, that at all times relevant hereto, Defendants, and each of them, were the agents, employees, managing agents, supervisors, conspirators, parent corporation, joint employers, alter ego, and/or joint ventures of the other Defendants, and each of them, and in doing the things alleged herein, were acting at least in part within the course and scope of said agency, employment, conspiracy, joint employment, alter ego status, and/or joint venture and with the permission and consent of each of the other Defendants.

15. Plaintiff is informed and believes, and based thereupon alleges, that Defendants, and each of them, including those Defendants named DOES 1-50, acted in concert with one another to commit the wrongful acts alleged therein, and aided, abetted, incited, compelled, and/or coerced one another in the wrongful acts alleged herein, and/or attempted to do so. Plaintiff is further informed and believes, and based thereupon alleges, that the Defendants, and each of them, including those Defendants named as DOES 1-50, formed and executed a conspiracy or common plan pursuant to which they would commit the unlawful acts alleged herein, with all such acts alleged herein done as part of and pursuant to said conspiracy, intended to and actually causing Plaintiff harm.

16. Whenever and wherever reference is made in this Complaint to any act or failure to act by a Defendant or co-Defendant, such allegations and references shall also be deemed to mean the acts and/or failures to act by each Defendant acting individually, jointly and severally.

## JURISDICTION

17. This Court has jurisdiction over Plaintiff's and Class Members' claims under Labor Code §§ 201-203, 226, 510, 512, 558, 1194, 2802, applicable Wage Orders, and the UCL, Bus. & Prof. Code §§ 17203 and 17204.

18. The amount in controversy for Plaintiff's individual claims, including claims for civil penalties and pro rata share of attorneys' fees, is less than seventy-five thousand dollars ($75,000).

## VENUE

19. Venue is proper in the County of Alameda pursuant to Cal. Civ. Proc. Code § 395(a) and 395.5. Defendant IES is a California corporation. Defendants maintains offices and transacts business in the County of Alameda.

## ALTER EGO, AGENCY, JOINT EMPLOYER, LABOR CODE § 558.1

20. Plaintiff is informed and believes, and based thereon alleges, that there exists such a unity of interest and ownership between Defendants and DOES 1-50 that the individuality and separateness of Defendants have ceased to exist.

21. Plaintiff is informed and believes, and based thereon alleges, that despite the formation of purported corporate existence, DOES 1-50 are, in reality, one and the same as Defendants, including, but not limited to because:

a. Defendant IES is completely dominated and controlled by DOES 1-50, who personally violated the laws as set forth in this complaint, and who have hidden and currently hid behind Defendants to circumvent statutes or accomplish some other wrongful or inequitable purpose.

b. DOES 1 through 50 derive actual and significant monetary benefits by and through Defendant IES' unlawful conduct, and by using Defendant IES as the funding source for their own personal expenditures.

c. Plaintiff is informed and believes that Defendant IES and DOES l-50, while really one and the same, were segregated to appear as though separate and distinct for purposes of circumventing a statute or accomplishing some other wrongful or inequitable purpose.

d. Plaintiff is informed and believes that Defendants do not comply with all requisite corporate formalities to maintain a legal and separate corporate existence.

e. Plaintiff is informed and believes, and based thereon alleges, that the business affairs of Defendant IES and DOES 1-50 are, and at all times relevant were, so mixed and intermingled that the same cannot reasonably be segregated, and the same are in inextricable confusion. Defendant IES is, and at all times relevant hereto was, used by DOES 1-50 as a mere shell and conduit for the conduct of certain of Defendants' affairs, and are, and were, the alter ego of DOES 1-50. The recognition of the separate existence of Defendants would not promote justice, in that it would permit Defendants to insulate themselves from liability to Plaintiff for violations of the Government Code, Labor Code, and other statutory violations. The corporate existence of Defendants and DOES 1-50 should be disregarded in equity and for the ends of justice because such disregard is necessary to avoid fraud and injustice to Plaintiff herein.

f. Accordingly, Defendant IES constitutes the alter ego of DOES 1-50, and the fiction of their separate corporate existence must be disregarded.

22. As a result of the aforementioned facts, Plaintiff is informed and believes, and based thereon alleges that Defendant IES and DOES 1-50 are Plaintiff's joint employers by virtue of a joint enterprise, and that Plaintiff was an employee of Defendant IES and DOES 1-50. Plaintiff performed services for each and every one of Defendants, and to the mutual benefit of all Defendants, and all Defendants shared control of Plaintiff as an employee, either directly or indirectly, in the manner in which Defendants' business was and is conducted.

23. Plaintiff is informed and believes that DOES 1-50 were the actual employers and/or "person[s] acting on behalf of the employer" within the meaning of Labor Code section 558.1.

## FACTUAL ALLEGATIONS COMMON TO ALL CLAIMS

24. Defendant IRONCLAD ENVIRONMENTAL SOLUTIONS, INC. is a Delaware corporation engaged in the environmental services and waste management industry, including the rental of containment and related equipment, and at all times relevant hereto did business in Alameda County, State of California.

25. Throughout the Class Period, Plaintiff and Class Members, including the PAGA Class, served in nonmanagerial, non-supervisory roles where they neither had supervisory responsibilities nor had discretion over the projects, work, or hours they worked. As such, Plaintiff and Class Members were non-exempt employees and were paid accordingly on an hourly basis.

26. Despite being non-exempt hourly employees, Plaintiff and the Class Members were not afforded legally compliant meal or rest breaks. Defendants also did not provide premium pay for missed meal and rest breaks.

27. In addition, Defendants failed to pay Plaintiff and the Class Members wages for all hours worked, including by requiring Plaintiff and the Class Members to complete work off the clock and otherwise denying Plaintiff and the Class Members payment for all hours worked.

28. Moreover, Defendants failed to pay Plaintiff and the Class Members overtime wages for hours spent working overtime, including on days when they worked in excess of eight hours per day or weeks in which they worked in excess of forty hours per week. Defendants also failed to pay double time to Plaintiff and the Class Members on days in which they worked in excess of twelve hours.

29. Plaintiff's and the Class Members' wage statements confirm that they were not paid premiums for their missed meal and rest breaks, which itself made the statements inaccurate because the statements did not accurately reflect all wages owed to Plaintiff and Class Members under California law. Instead, these wage statements also reflect routine, repeated, and deliberate violations of California labor laws.

30. <u>Failure to Pay Overtime</u>: Plaintiff's and the Class Members' wage statements show individual days in which they worked in excess of eight hours, and weeks in which they worked in excess of 40 hours. But every day was paid at the "regular pay" rate with no overtime paid.

Plaintiff's and the Class Members' wage statements regularly failed to reflect payment owed to them for overtime hours worked.

31. Failure to Pay Premium for Missed Meal and Rest Breaks: Nowhere on Plaintiff's or the Class Members' wage statements is there any reflection of premium pay for missed meal and rest breaks, despite Defendants denying Class Members the opportunity to take such meal and rest breaks as required by California law.

32. Off the Clock Work: Nowhere on Plaintiff's or the Class Members' wage statements is there any reflection for payment of work completed before clocking in or after clocking out, as required by Defendants.

## CLASS ACTION ALLEGATIONS

33. Plaintiff brings this class action pursuant to Cal. Civ. Proc. Code § 382 on behalf of the Class and Waiting Time Penalty Subclass. Upon information and belief, the members of the Class and Waiting Time Penalty Subclass are so numerous that joinder of all members is impractical. Plaintiff's claims are typical of the claims of the members of the Class and Waiting Time Penalty Subclass because Plaintiff was an employee of Defendants who was (a) not paid for all hours worked, including for required off the clock work; (b) not paid any premium overtime pay for the duration of Plaintiff's employment with Defendants; (c) was not paid a premium rate for denied meal and rest breaks for the duration of Plaintiff's employment with Defendants; (d) was provided with inaccurate wage statements which provided inaccurate sums of money to be paid to Plaintiff; and (e) was not paid all wages due at termination.

34. Plaintiff will fairly and adequately represent the interests of the Class and Waiting Time Penalty Subclass. Plaintiff has no conflict of interest with any member of the Class and Waiting Time Penalty Subclass. Plaintiff has retained competent and experienced counsel in complex class action litigation. Plaintiff's counsel has the expertise and financial resources to adequately represent the interests of the Class and Waiting Time Penalty Subclass.

35. Common questions of law and fact exist as to all members of the Class and the Waiting Time Penalty Subclass and predominate over any questions solely affecting individual members of the Class and Subclass.

36. Class action treatment is superior to any alternative to ensure the fair and efficient adjudication of the controversy alleged herein. Such treatment will permit a large number of similarly situated persons to prosecute their common claims in a single forum simultaneously, efficiently, and without duplication of effort and expense that numerous individual actions would entail. No difficulties are likely to be encountered in the management of this class action that would preclude its maintenance as a class action, and no superior alternative exists for the fair and efficient adjudication of this controversy. Class Members are readily identifiable from Defendants' employee rosters and/or payroll records.

37. Defendants' actions are generally applicable to the entire Class. Prosecution of separate actions by individual members of each Class creates the risk of inconsistent or varying adjudications of the issues presented herein, which, in turn, would establish incompatible standards of conduct for Defendants.

38. Because joinder of all members is impractical, a class action is superior to other available methods for the fair and efficient adjudication of this controversy. Furthermore, the amounts at stake for many members of each Class, while substantial, may not be sufficient to enable them to maintain separate suits against Defendants.

## **FIRST CAUSE OF ACTION AGAINST ALL DEFENDANTS**

## **FAILURE TO PAY WAGES FOR ALL HOURS WORKED**

[*California Labor Code §§ 1194, 1197 and IWC Wage Orders*]

39. Plaintiff re-alleges each and every paragraph of this Complaint as though fully set forth.

40. California Labor Code §§ 1194, 1197, and applicable Wage Orders entitle non-exempt employees to be paid for all hours worked. All hours must be paid at the statutory or agreed rate and no part of this rate may be used as a credit against a minimum wage obligation.

41. During the relevant time period, Plaintiff and Class Members were not paid all wages owed when Defendants did not pay minimum wage for all hours worked.

42. As a result of these violations, Defendants is liable for unpaid wages, interest thereon, and attorneys' fees and costs.

43. Plaintiff and Class Members also request relief as described below.

**SECOND CAUSE OF ACTION AGAINST ALL DEFENDANTS**

**FAILURE TO PAY OVERTIME WAGES**

[*California Labor Code §§ 510, 1194 and IWC Wage Orders*]

44. Plaintiff re-alleges each and every paragraph of this Complaint as though fully set forth.

45. Pursuant to Labor Code sections 510, 1194, and IWC Wage Orders, Defendants are required to compensate non-exempt employees for all overtime, which is calculated at one and one-half (1 1/2) times the regular rate of pay for all hours worked in excess of eight (8) hours per day and/or forty (40) hours per week, and for the first eight (8) hours on the seventh consecutive workday, with double time for all hours worked in excess of twelve (12) hours in any workday and for all hours worked in excess of eight (8) hours on the seventh consecutive day of work in any workweek.

46. Plaintiff and Class Members are current and former non-exempt employees entitled to the protections of Labor Code sections 510, 1194, and IWC Wage Orders. Defendants failed to compensate Plaintiff and Class Members for all overtime hours worked as required under the foregoing provisions by, among other things: failing to pay overtime at one and one-half (1 1/2) times the regular rate of pay for work performed in excess of eight (8) hours in a workday, and/or forty (40) hours per week, and for the first eight (8) hours on the seventh consecutive workday; and failing to pay overtime at double the regular rate of pay for work performed in excess of 12 hours in a workday, and for all hours worked in excess of eight (8) hours on the seventh consecutive day of work in any workweek.

47. Plaintiff and members of the Class Members worked in excess of eight hours per day and in excess of forty hours per week, and Defendants unlawfully failed to pay Plaintiff and Class Members the proper overtime compensation.

48. As a result of these violations, Defendants are liable for unpaid overtime wages, interest thereon, and attorneys' fees and costs.

49. Plaintiff and Class Members also request relief as described below.

**<u>THIRD CAUSE OF ACTION AGAINST ALL DEFENDANTS</u>**

**FAILURE TO PROVIDE MEAL PERIODS**

[*California Labor Code §§ 512 and 226.7*]

50. Plaintiff re-alleges each paragraph of this Complaint as though fully set forth.

51. As part of Defendants' unlawful scheme, Defendants failed to provide Plaintiff and Class Members with a full, 30-minute meal period free of all duties pursuant to Labor Code Sections 226.7, 512 and IWC Wage Orders. Defendants further failed to provide a second meal period to employees working more than ten (10) hours in a workday. Plaintiff and Class Members worked in excess of five hours a day without being provided at least half hour meal periods in which they were relieved of their duties, as required by Labor Code §§ 226.7 and 512 and applicable Wage Orders. *See Brinker Restaurant Corp., et al. v. Superior Court* (2012) 53 Cal.4th 1004, 1040-41 ("The employer satisfies this obligation if it relieves its employees of all duty, relinquishes control over their activities and permits them a reasonable opportunity to take an uninterrupted 30–minute period, and does not impede or discourage them from doing so . . . [A] first meal period [is required] no later than the end of an employee's fifth hour of work, and a second meal period [is required] no later than the end of an employee's 10th hour of work.").

52. Defendants violated Labor Code sections 226.7, 510, 1194, 1197, and IWC Wage Orders by failing to compensate Plaintiff and Class Members for all hours worked during their meal periods.

53. As a proximate result of the violations, Plaintiff and Class Members have been damaged in an amount according to proof at trial. Therefore, pursuant to California Labor Code Sections 226.7, 510, 1194, 1197, and other applicable provisions under the Labor Code and IWC Wage Orders, Plaintiff and Class Members are entitled to recover all wages earned and due, plus interest, penalties, attorney's fees, expenses, and costs of suit.

54. Plaintiff and Class Members also request relief as described below.

**<u>FOURTH CAUSE OF ACTION AGAINST ALL DEFENDANTS</u>**

**FAILURE TO PROVIDE REST PERIODS**

[*California Labor Code §226.7*]

55. Plaintiff re-alleges each paragraph of this Complaint as though fully set forth.

56. Defendants failed to provide the rest periods that are required by applicable Wage Orders. *See Brinker*, 53 Cal. 4th 1004 at 1029 ("Employees are entitled to 10 minutes rest for shifts from three and one-half to six hours in length, 20 minutes for shifts of more than six hours up to 10 hours, 30 minutes for shifts of more than 10 hours up to 14 hours, and so on.").

57. Defendants violated Labor Code sections 226.7 and 512, and IWC Wage Orders by failing to provide Plaintiff and Class Members required rest periods.

58. Defendants violated California Labor Code section 226.7 and IWC Wage Orders by failing to pay Plaintiff and Class Members who were not provided with a rest period, one additional hour of compensation at each employee's regular rate of pay for each workday that a rest period was not provided.

59. As a proximate result of the violations, Plaintiff and Class Members have been damaged in an amount according to proof at trial. Therefore, pursuant to California Labor Code sections 226.7, 512, and other applicable provisions under the Labor Code and IWC Wage Orders, Plaintiff and Class Members are entitled to recover all wages earned and due, plus interest, penalties, attorney's fees, expenses, and costs of suit.

60. Plaintiff and Class Members also request relief as described below.

## <u>FIFTH CAUSE OF ACTION AGAINST ALL DEFENDANTS</u>

## FAILURE TO FURNISH TIMELY AND ACCURATE ITEMIZED WAGE STATEMENTS

[*California Labor Code § 226.7 and applicable Wage Order*]

61. Plaintiff re-alleges each paragraph of this Complaint as though fully set forth.

62. In violation of Labor Code § 226(a), Defendants did not provide Plaintiff or Class Members with accurate itemized wage statements in writing showing: (1) all applicable hourly rates in effect during each respective pay period and the corresponding number of hours worked by each respective individual; (2) number of hours worked; (3) gross wages earned; (4) net wages earned; (5) all deductions; (6) inclusive dates of the period for which the employee is paid; (7) the employee identification or social security number; and, (8) the name and address of the legal entity

that is the employer.

63. As a result of Defendants' failure to provide accurate itemized wages statements, Plaintiff and Class Members suffered actual damages and harm by being unable to determine their applicable hourly rate for each pay period, which prevented them from becoming aware of these violations and asserting their statutory protections under California law.

64. Defendants knowingly and intentionally failed to comply with Labor Code § 226(a) on each and every wage statement provided to Plaintiff and Class and Subclass Members.

65. Pursuant to Labor Code § 226(e), Plaintiff and Class Members are entitled to recover the greater of all actual damages or fifty dollars ($50.00) for the initial pay period in which a violation occurs and one hundred dollars ($100.00) per employee for each violation in a subsequent pay period, not exceeding an aggregate penalty of four thousand dollars ($4,000.00).

66. Plaintiff and Class Members are entitled to an award of costs and reasonable attorneys' fees under Labor Code § 226(h).

67. Plaintiff and Class Members also requests relief as described below.

**SIXTH CAUSE OF ACTION AGAINST ALL DEFENDANTS**

**FAILURE TO PAY ALL COMPENSATION DUE UPON DISCHARGE**

[*California Labor Code §§ 201, 202, and 203*]

68. Plaintiff re-alleges each paragraph of this Complaint as though fully set forth.

69. Pursuant to Labor Code sections 201, 202, and 203, Defendant is required to pay all earned and unpaid wages to an employee who is discharged. Labor Code section 201 mandates that if an employer discharges an employee, the employee's wages accrued and unpaid at the time of discharge are due and payable immediately.

70. Pursuant to Labor Code section 202, Defendants are required to pay all accrued wages due to an employee no later than 72 hours after the employee quits his or her employment, unless the employee provided 72 hours previous notice of his or her intention to quit, in which case the employee is entitled to his or her wages at the time of quitting.

71. Labor Code section 203 provides that if an employer willfully fails to timely pay wages of an employee who is discharged or who quits, in accordance with Labor Code sections

201 and 202, the employer is liable for waiting time penalties in the form of continued compensation to the employee at the same rate for up to 30 workdays.

72. Defendants have willfully failed to pay accrued wages and other compensation to Plaintiff in accordance with Labor Code sections 201 and 202.

73. As a proximate result of the aforementioned violations, Plaintiff has been damaged in an amount according to proof at trial. Therefore, pursuant to California Labor Code sections 201, 202, 203, 1194, and other applicable provisions under the Labor Code and IWC Wage Orders, Plaintiff is entitled to recover all wages earned and due, plus interest, penalties, attorney's fees, expenses, and costs of suit.

**SEVENTH CAUSE OF ACTION AGAINST ALL DEFENDANTS**

**FAILURE TO REIMBURSE FOR BUSINESS EXPENSES**

[*Cal. Labor Code §2802*]

74. Plaintiff re-alleges each paragraph of this Complaint as though fully set forth.

75. California Labor Code § 2802 requires employers to reimburse employees for all reasonable business expenses incurred by employees as a condition of employment.

76. Plaintiff and Class Members were required to pay for work-related expenses *(e.g.* cell phone usage), and they incurred expenses as a result. Defendants unlawfully refused to reimburse Plaintiff and Class Members for these expenses

77. As a result of these violations, Defendants are liable for damages related to these unreimbursed expenses.

78. Plaintiff and Class Members also request relief as described below.

**EIGHTH CAUSE OF ACTION AGAINST ALL DEFENDANTS**

**UNFAIR BUSINESS PRACTICES IN VIOLATION OF CALIFORNIA BUSINESS AND PROFESSIONS CODE**

[*Bus. & Prof. Code §§ 17200 et seq.*]

79. Plaintiff re-alleges each paragraph of this Complaint as though fully set forth.

80. Plaintiff brings this cause of action individually and as a representative of all others subject to Defendants' unlawful acts and practices.

81. Business and Professions Code § 17200 prohibits unfair competition in the form of any unlawful, unfair, or fraudulent business act or practice. Business and Professions Code § 17204 allows "any person who has suffered injury in fact and has lost money or property" to prosecute a civil action for violation of the Unfair Competition Law.

82. Defendants committed unlawful, unfair, and/or fraudulent business acts and practices as defined by Business and Professions Code § 17200 by failing to pay overtime wages.

83. The above-described unlawful actions of Defendants constitute false, unfair, fraudulent and/or deceptive business practices, within the meaning of Business and Professions Code § 17200, et seq.

84. As a result of its unlawful acts, Defendants reaped unfair benefits and illegal profits at the expense of Plaintiff and the Class that Plaintiff seeks to represent. Defendants should be enjoined from this activity, caused to specifically perform its obligations, and made to disgorge these ill-gotten gains and pay restitution to Plaintiff and the members of the Class including, but not limited to, restitution of all unpaid wages, plus interest, as well as attorneys' fees and costs.

85. Plaintiff and Class Members also request relief as described below.

**NINTH CAUSE OF ACTION AGAINST ALL DEFENDANTS**

**PRIVATE ATTORNEYS GENERAL ACT OF 2004**

**[California Labor Code §§ 2698, 2699, 2699.3]**

86. Plaintiff re-alleges each and every paragraph of this Complaint as though fully set forth herein.

87. Plaintiff is an "aggrieved employee" within the meaning of California Labor Code § 2699(c), and a proper representative to bring a civil action under PAGA pursuant to the procedures specified in California Labor Code § 2699.3, because Plaintiff was employed by Defendants and the alleged violations of the California Labor Code were committed against Plaintiff personally during her employment with Defendants.

88. Pursuant to the California Private Attorneys General Act of 2004 ("PAGA"), Labor Code §§ 2698–2699.5, Plaintiff seeks to recover all available civil penalties under the California

Labor Code and applicable IWC Wage Orders from Defendants for the violations set forth above. Plaintiff is also entitled to an award of reasonable attorneys' fees and costs pursuant to California Labor Code § 2699(g)(1).

89. As required by law, Plaintiff sent written notice via certified mail to the Labor & Workforce Development Agency ("LWDA") and Defendants setting forth the facts and theories of the violations alleged against Defendants as prescribed by Labor Code § 2698, et seq.

90. Plaintiff's LWDA PAGA Notice was duly submitted on December 19, 2025 and docketed as LWDA-CM- 1144994-25.

91. Plaintiff has complied with all of the requirements set forth in California Labor Code § 2699.3 to commence a PAGA action.

**PRAYER FOR RELIEF**

**WHEREFORE**, Plaintiff, individually and on behalf of the proposed Class and Subclass, and as an aggrieved employee on behalf of all aggrieved employees under PAGA, prays for judgment against Defendants, and each of them, in an amount according to proof, as follows:

1. Certification of Plaintiff's non-PAGA claims as a class action, pursuant to Cal. Code of Civ. Pro. Section 382, on behalf of the proposed class;
2. For restitution of all monies due to Plaintiff and Class Members, as well as disgorged profits from Defendants' unfair and unlawful business practices;
3. For meal and rest period compensation pursuant to California Labor Code § 226.7 and IWC Wage Orders;
4. For liquidated damages pursuant to California Labor Code § 1194.2;
5. For preliminary and permanent injunctive relief enjoining Defendant from violating the relevant provisions of the California Labor Code and the IWC Wage Orders, and from engaging in the unlawful business practices complained of herein;
6. For statutory and civil penalties according to proof, including but not limited to all penalties authorized by the California Labor Code §§ 203 and 226 (e) and 2699;
7. For interest on the unpaid wages at 10% per annum pursuant to California Labor Code §§ 218.6, 1194, 2802, California Civil Code §§ 3287, 3288, and/or any other

applicable provision providing for pre-judgment interest;

8. For reasonable attorneys' fees and costs pursuant to California Labor Code §§ 1194, 2802, Civil Code § 1021.5, and any other applicable provisions providing for attorneys' fees and costs;

9. For civil penalties pursuant to the Private Attorneys General Act of 2004, California Labor Code §§ 2698, 2699, and 2699.3, on behalf of Plaintiff and all aggrieved employees.

10. For all such other and further relief that the court may deem just and proper.

Respectfully Submitted,

DATED: April 27, 2026

**LABOR LAW PC**

By:____________________

Danny Yadidsion, Esq.
Paige Taylor, Esq.
Attorneys for Plaintiff
JAWANNA WALKER,
individually and on behalf of similarly situated employees

**DEMAND FOR TRIAL BY JURY**

Plaintiff hereby demands a jury trial of all causes of action and claims with respect to which Plaintiff has a right to jury trial.

DATED: April 27, 2026

**LABOR LAW PC**

By: ________________________

Danny Yadidsion, Esq.
Paige Taylor, Esq.
Attorneys for Plaintiff
JAWANNA WALKER,
individually and on behalf of similarly situated employees

# PROOF OF SERVICE
**STATE OF CALIFORNIA**
**COUNTY OF LOS ANGELES**
**[C.C.P., §1013(a)]**

***JAWANNA WALKER v. IRONCLAD ENVIRONMENTAL SOLUTIONS, INC.***
***Alameda County Superior Court Case Number: 25CV161021***

I am over the age of 18 and not a party to the within action; my business address is 100 Wilshire Blvd, Suite 700, Santa Monica, CA 90401. My email address is cristy.sadang@laborlawpc.com.

On April 27, 2026, I served the following document(s):

**FIRST AMENDED CLASS AND REPRESENTATIVE ACTION COMPLAINT**

On the following:

John V. Little, Jr., Esq., SBN 341130
SCOPELITIS, GARVIN, LIGHT, HANSON & FEARY, LLP
2 North Lake Avenue, Suite 560, Pasadena, CA 91101
jlittle@scopelitis.com

Charles Andrewscavage, Esq., pro hac vice forthcoming
Jared S. Kramer, Esq., pro hac vice forthcoming
SCOPELITIS, GARVIN, LIGHT, HANSON & FEARY, P.C.
30 West Monroe Street, Suite 1600, Chicago, IL 60603
candrewscavage@scopelitis.com
jskramer@scopelitis.com

(XX) (BY ELECTRONIC MAIL) Per local rules, I delivered such documents by electronic mail. My email address is cristy.sadang@laborlawpc.com.

Executed on April 27, 2026

I declare under penalty of perjury under the laws of the State of California that the above is true and correct.

Cristy Sadang — Print Name

/s/ Cristy Sadang — Signature

ELECTRONICALLY FILED
Superior Court of California,
County of Alameda
05/01/2026 at 05:32:53 PM
By: Shabra Iyamu,
Deputy Clerk

John V. Little, Jr. (SBN 341130)
jlittle@scopelitis.com
SCOPELITIS, GARVIN, LIGHT, HANSON & FEARY, LLP
2 North Lake Avenue, Suite 560
Pasadena, California 91101
Tel.: (626) 795-4700
Fax: (626) 795-4790

Attorneys for Defendant
IRONCLAD ENVIRONMENTAL SOLUTIONS, INC.

SUPERIOR COURT OF THE STATE OF CALIFORNIA

COUNTY OF ALAMEDA

| | |
|---|---|
| JAWANNA WALKER, individually and on behalf of similarly situated employees,<br><br>Plaintiff,<br><br>v.<br><br>IRONCLAD ENVIRONMENTAL SOLUTIONS, INC., a Delaware corporation; and DOES 1-50, inclusive,<br><br>Defendants. | Case No. 25CV16102<br><br>*[Assigned to the Hon. S. Raj Chatterjee Dept. 21]*<br><br>**VERIFIED APPLICATION OF CHARLES ANDREWSCAVAGE TO APPEAR AS PRO HAC VICE COUNSEL**<br><br>Hearing Date: June 9, 2026<br>Hearing Time: 2:30 p.m.<br>Place: Department 21<br>**RESERVATION NO.: 341017365949**<br><br>Complaint Filed:<br>Trial Date: None Set |

I, Charles Andrewscavage, declare:

1. I hereby request permission pursuant to Rule 9.40 of the California Rules of Court to appear in this action as counsel *pro hac vice* for defendant Ironclad Environmental Solutions, Inc., in association with John V. Little, Jr. of Scopelitis, Garvin, Light, Hanson & Feary, 2 North Lake Avenue, Pasadena, California 91101, telephone (626) 795-4700, in the above-entitled action now pending before this Court.

2. My residence address is 2635 W. Medill Avenue; Chicago, IL 60647.

3. My office address is Scopelitis, Garvin, Light, Hanson & Feary, 30 West Monroe Street, Suite 1600, Chicago, Illinois 60603.

4. I have been admitted to practice in the courts listed on Exhibit "A." The dates of admission for each court are also set forth on Exhibit "A."

5. I am a member in good standing in the Bars of such Courts and am not currently suspended or disbarred from practice in any Court.

6. Attached hereto as Exhibit "B" is a Certificate of Admission to the Bar of Illinois confirming that I was admitted to practice law in the State of Illinois as of May 7, 2015, that I am currently registered to practice law in the State of Illinois, and that I am in good standing in the Bar of that Court.

7. In the preceding two years I have filed Applications to appear as counsel *pro hac vice* in California in the matters listed on Exhibit "C".

8. I have paid a fee of $500.00 to the State Bar of California and have caused the State Bar of California to be served with a copy of this Application, Notice of Hearing, Declaration of John V. Little, Jr. and (Proposed) Order.

9. My reason for requesting permission to appear as counsel *pro hac vice* in this case is that I have been retained by defendant Ironclad Environmental Solutions, Inc. to represent it in this case, and I desire to take an active role in this case.

10. I am not a resident of the State of California, not regularly employed in the State of California and not regularly engaged in substantial business, professional or other activities in the State of California.

I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct.

Executed on May 1, 2026 at Chicago, Illinois.

Respectfully submitted,

Charles Andrewscavage

# EXHIBIT A

## CHARLES ANDREWSCAVAGE
## COURT ADMISSIONS

| Court | Date of Admission |
|---|---|
| New York Court of Appeals | 1/20/2011 |
| U.S. District Court for Southern District of New York | 11/16/2012 |
| Illinois Supreme Court | 5/7/2015 |
| U.S. District Court for Northern District of Illinois | 7/31/2015 |
| U.S. District Court for Western District of New York | 10/3/2017 |
| U.S. District Court for Eastern District of Wisconsin | 10/19/2020 |
| U.S. District Court for Eastern District of New York | 2/22/2021 |
| U.S. District Court for Northern District of New York | 12/2024 |

# Exhibit B

# Certificate of Admission To the Bar of Illinois

I, Cynthia A. Grant, Clerk of the Supreme Court of Illinois, do hereby certify that

Charles Andrewscavage

has been duly licensed and admitted to practice as an Attorney and Counselor at Law within this State; has duly taken the required oath to support the CONSTITUTION OF THE UNITED STATES and of the STATE OF ILLINOIS, and also the oath of office prescribed by law, that said name was entered upon the Roll of Attorneys and Counselors in my office on 05/07/2015 and is in good standing, so far as the records of this office disclose.

IN WITNESS WHEREOF, I have hereunto subscribed my name and affixed the seal of said Court, this 8th day of April, 2026.

Cynthia A. Grant

Clerk,
Supreme Court of the State of Illinois

# Exhibit C

## CHARLES ANDREWSCAVAGE
## PRO HAC ADMISSIONS

| Court | Case Number | Title | Application Date | Status |
|---|---|---|---|---|
| Superior Court of the State of California, County of Los Angeles | 24STCV03371 | Maria Belen Meza, et al. v. Subcontracting Concepts, et al. | 5/31/2024 | Granted |
| USDC Northern District of California | 25-cv-00022 | Eleazar Herrera, et al. v. OnTrac Logistics | 1/15/25 | Granted |
| USDC Central District of California | 25-cv-03894 | Davun Parker, et al. v. OnTrac Logistics | 5/15/25 | Granted |
| USDC Northern District of California | 25-cv-08616 | Davun Parker, et al. v. OnTrac Logistics | 11/4/25 | Granted |

**PROOF OF SERVICE**

**STATE OF CALIFORNIA, COUNTY OF LOS ANGELES**

I, Michelle Duran, am employed in the County of Los Angeles, State of California. I am over the age of 18 and not a party to the within action. My business address is 2 North Lake Avenue, Suite 560, Pasadena, California 91101.

On May 1, 2026, I served the foregoing document described as **VERIFIED APPLICATION OF CHARLES ANDREWSCAVAGE TO APPEAR AS PRO HAC VICE COUNSEL** on interested parties in this action by placing a true copy thereof enclosed in a sealed envelope addressed as follows:

√ **(VIA ELECTRONIC TRANSMISSION):** I caused such document(s) described herein to be uploaded electronically onto the website www.onelegal.com. I uploaded the above-entitled document(s) with the understanding that all parties will be e-served and will have access to be able to download said documents electronically transmitted to the persons shown above at the electronic service address listed above.

Danny Yadidsion, Esq.
Danny@laborlawpc.com
Paige Taylor, Esq.
Paige.Taylor@laborlawpc.com
cc: calendar@laborlawpc.com
LABOR LAW PC
100 Wilshire Blvd., Suite 700
Santa Monica, California 90401
Telephone: (310) 494-6082

√ **(VIA UPLOAD TO STATE BAR OF CALIFORNIA WEBSITE)**

State Bar of California
180 Howard Street
San Francisco, CA 94105
www.admissions.calbar.ca.gov

Executed on May 1, 2026, at Norwalk, California.

Michelle Duran

4917-3954-8581, v. 2

ELECTRONICALLY FILED
Superior Court of California,
County of Alameda
05/01/2026 at 05:32:54 PM
By: Shabra Iyamu,
Deputy Clerk

John V. Little, Jr. (SBN 341130)
jlittle@scopelitis.com
SCOPELITIS, GARVIN, LIGHT, HANSON & FEARY, LLP
2 North Lake Avenue, Suite 560
Pasadena, California 91101
Tel.: (626) 795-4700
Fax: (626) 795-4790

Attorneys for Defendant
IRONCLAD ENVIRONMENTAL SOLUTIONS, INC.

SUPERIOR COURT OF THE STATE OF CALIFORNIA

COUNTY OF LOS ANGELES

JAWANNA WALKER, individually and on behalf of similarly situated employees,

Plaintiff,

v.

IRONCLAD ENVIRONMENTAL SOLUTIONS, INC., a Delaware corporation; and DOES 1-50, inclusive,

Defendants.

Case No. 25CV161021

*[Assigned to the Hon. S. Raj Chaterjee Dept. 21]*

**DECLARATION OF JOHN V. LITTLE, JR. IN SUPPORT OF APPLICATION FOR ADMISSION *PRO HAC VICE* OF CHARLES ANDREWSCAVAGE**

Hearing Date: June 9, 2026
Hearing Time: 2:30 p.m.
Place: Department 21
**RESERVATION NO.: 341017365949**

Complaint Filed:
Trial Date: None Set

I, John V. Little, Jr., declare:

1. I am an attorney duly admitted to practice before all of the courts of the State of California. I am a partner of Scopelitis, Garvin, Light, Hanson & Feary, 2 North Lake Avenue, Suite 560, Pasadena, California 91101, counsel of record for defendants Ironclad Environmental Solutions, Inc., in the above-captioned matter, and I am personally familiar with the matters set forth herein and, if called to testify, could and would competently testify thereto.

2. I make this declaration in support of the Application by defendant Ironclad Environmental Solutions, Inc., to have Charles Andrewscavage admitted *pro hac vice* and associated as counsel to defendant Ironclad Environmental Solutions, Inc. in this matter.

3. On May 1, 2026, I caused to be served on the State Bar of California, at its San Francisco offices via United States Mail and via its website www.admissions.calbar.ca.gov, a copy of these papers, to wit, Notice of Hearing on Application for Admission *Pro Hac Vice* of Charles Andrewscavage; Verified Application of Charles Andrewscavage to Appear as *Pro Hac Vice* Counsel; Declaration of John V. Little, Jr., as well as a copy of the [Proposed] Order Granting Application for Admission *Pro Hac Vice* of Charles Andrewscavage and the $500.00 fee, pursuant to the requirements of Rule 9.40 of the California Rules of Court.

I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct, and that this Declaration is made this 1st day of May, 2026, at Pasadena, California.

*/s/ John V. Little, Jr.*
John V. Little, Jr.

# PROOF OF SERVICE

**STATE OF CALIFORNIA, COUNTY OF LOS ANGELES**

I, Michelle Duran, am employed in the County of Los Angeles, State of California. I am over the age of 18 and not a party to the within action. My business address is 2 North Lake Avenue, Suite 560, Pasadena, California 91101.

On, May 1, 2026, I electronically served the foregoing document described as **DECLARATION OF JOHN V. LITTLE, JR. IN SUPPORT OF APPLICATION FOR ADMISSION *PRO HAC VICE* OF CHARLES ANDREWSCAVAGE** as follows:

√ **(VIA ELECTRONIC TRANSMISSION):** I caused such document(s) described herein to be uploaded electronically onto the website www.onelegal.com. I uploaded the above-entitled document(s) with the understanding that all parties will be e-served and will have access to be able to download said documents electronically transmitted to the persons shown above at the electronic service address listed above.

Danny Yadidsion, Esq.
Danny@laborlawpc.com
Paige Taylor, Esq.
Paige.Taylor@laborlawpc.com
cc: calendar@laborlawpc.com
LABOR LAW PC
100 Wilshire Blvd., Suite 700
Santa Monica, California 90401

√ **(VIA UPLOAD TO STATE BAR OF CALIFORNIA WEBSITE)**

State Bar of California
180 Howard Street
San Francisco, CA 94105
www.admissions.calbar.ca.gov

Executed on May 1, 2026, at Norwalk, California.

Michelle Duran

4934-0042-7429, v. 3

ELECTRONICALLY FILED
Superior Court of California,
County of Alameda
05/01/2026 at 05:32:53 PM
By: Shabra Iyamu,
Deputy Clerk

John V. Little, Jr. (SBN 341130)
jlittle@scopelitis.com
SCOPELITIS, GARVIN, LIGHT, HANSON & FEARY, LLP
2 North Lake Avenue, Suite 560
Pasadena, CA 91101
P: (626) 795-4700
F: (626) 795-4790

Attorneys for Defendant
IRONCLAD ENVIRONMENTAL SOLUTIONS, INC.

**SUPERIOR COURT OF THE STATE OF CALIFORNIA**

**FOR THE COUNTY OF ALAMEDA**

JAWANNA WALKER, individually and on behalf of similarly situated employees,

Plaintiff,

v.

IRONCLAD ENVIRONMENTAL SOLUTIONS, INC., a Delaware corporation; and DOES 1-50, inclusive,

Defendants.

Case No. 25CV161021

*[Assigned to The Honorable, S. Raj Chatterjee Dept. 21]*

**NOTICE OF HEARING ON APPLICATION FOR ADMISSION *PRO HAC VICE* OF CHARLES ANDREWSCAVAGE**

Hearing Date: June 9, 2026
Hearing Time: 2:30 p.m.
Place: Department 21
**RESERVATION NO.: 341017365949**

Complaint Filed:
Trial Date: None Set

TO CLERK OF THE COURT, ALL PARTIES AND THEIR ATTORNEYS OF RECORD, AND THE STATE BAR OF CALIFORNIA:

PLEASE TAKE NOTICE that on June 9, 2026, at 2:30 p.m., or as soon thereafter as the matter may be heard, in Department 21 of this Court, located at 1225 Fallon Street, Oakland, California 94612, the Honorable S. Raj Chatterjee presiding, Charles Andrewscavage will apply, and hereby does apply, to the Court pursuant to Rule 9.40 of the California Rules of Court to be allowed to act as counsel pro hac vice on behalf of defendant Ironclad Environmental Solutions, Inc in this matter. Pursuant to Rule 9.40(c)(1) of the California Rules of Court, a copy of this Notice and supporting papers, have been served upon the State Bar of California at its San Francisco office.

Additionally, the $500.00 fee has been paid and the documents have been uploaded to the State Bar of California's website.

Said application will be based upon this notice, the contemporaneously filed Verified Motion of Charles Andrewscavage and Declaration of John V. Little, Jr. in Support of Motion for Admission *Pro Hac Vice* of Charles Andrewscavage, and on such other further oral and documentary evidence as may be presented at the hearing on this matter.

Dated: May 1, 2026

SCOPELITIS, GARVIN, LIGHT, HANSON & FEARY, LLP

By: */s/ John V. Little, Jr.*
John V. Little, Jr.
Attorney for Defendant,
IRONCLAD ENVIRONMENTAL SOLUTIONS, INC.

# PROOF OF SERVICE

**STATE OF CALIFORNIA, COUNTY OF LOS ANGELES**

I, **Michelle Duran**, am employed in the County of Los Angeles, State of California. I am over the age of 18 and not a party to the within action. My business address is 2 North Lake Avenue, Suite 560, Pasadena, California 91101.

On May 1, 2026, I electronically served the foregoing document described as **NOTICE OF HEARING ON APPLICATION FOR ADMISSION PRO HAC VICE OF CHARLES ANDREWSCAVAGE** as follows:

√ **(VIA ELECTRONIC TRANSMISSION):** I caused such document(s) described herein to be uploaded electronically onto the website www.onelegal.com. I uploaded the above-entitled document(s) with the understanding that all parties will be e-served and will have access to be able to download said documents electronically transmitted to the persons shown above at the electronic service address listed above.

Danny Yadidsion, Esq.
Paige Taylor, Esq.
LABOR LAW PC
100 Wilshire Blvd., Suite 700
Santa Monica, California 90401
Telephone: (310) 494-6082
calendar@laborlawpc.com
Danny@laborlawpc.com
Paige.Taylor@laborlawpc.com

√ **(VIA UPLOAD TO STATE BAR OF CALIFORNIA WEBSITE)**

State Bar of California
180 Howard Street
San Francisco, CA 94105
www.admissions.calbar.ca.gov

Executed on May 1, 2026, at Norwalk, California.

Michelle Duran

4906-8251-8437, v. 2

# Superior Court of Alameda County Public Portal

# Make a Reservation

WALKER vs IRONCLAD ENVIRONMENTAL SOLUTIONS, INC.

Case Number: 25CV161021 Case Type: Civil Unlimited Category: Other Employment Complaint Case
Date Filed: 2025-12-19 Location: Rene C. Davidson Courthouse - Department 21

## Reservation

| | |
|---|---|
| Case Name:<br>WALKER vs IRONCLAD ENVIRONMENTAL SOLUTIONS, INC. | Case Number:<br>25CV161021 |
| Type:<br>Motion to Be Admitted Pro Hac Vice | Status:<br>RESERVED |
| Filing Party:<br>Ironclad Environmental Solutions, Inc. (Defendant) | Location:<br>Rene C. Davidson Courthouse - Department 21 |
| Date/Time:<br>06/09/2026 2:30 PM | Number of Motions:<br>1 |
| Reservation ID:<br>341017365949 | Confirmation Code:<br>CR-5YWWQ4WDSAZUYDEMN |

## Fees

| Description | Fee | Qty | Amount |
|---|---|---|---|
| Motion to Be Admitted Pro Hac Vice | 0.00 | 1 | 0.00 |
| Court Technology Fee | 1.00 | 1 | 1.00 |
| TOTAL | | | **$1.00** |

## Payment

| | |
|---|---|
| Amount:<br>$1.00 | Type:<br>Visa |
| Account Number:<br>XXXX8902 | Authorization:<br>664530 |
| Payment Date:<br>n/a | |

Print Receipt | Reserve Another Hearing | View My Reservations

Terms of Service

Contact Us

About this Site

Copyright © Journal Technologies, USA. All rights reserved.

Electronically Received 05/01/2026 05:32 PM

John V. Little, Jr. (SBN 174559)
jlittle@scopelitis.com
SCOPELITIS, GARVIN, LIGHT, HANSON & FEARY, LLP
2 North Lake Avenue, Suite 560
Pasadena, California 91101
Tel.: (626) 795-4700
Fax: (626) 795-4790

Attorneys for Defendant
IRONCLAD ENVIRONMENTAL SOLUTIONS, INC.

SUPERIOR COURT OF THE STATE OF CALIFORNIA

FOR COUNTY OF ALAMEDA

| | |
|---|---|
| JAWANNA WALKER, individually and on behalf of similarly situated employees,<br><br>Plaintiff,<br><br>v.<br><br>IRONCLAD ENVIRONMENTAL SOLUTIONS, INC., a Delaware corporation; and DOES 1-50, inclusive,<br><br>Defendants. | Case No. 25STCV16102<br><br>*[Assigned to the Hon. S. Raj Chatterjee Dept. 21]*<br><br>**(PROPOSED) ORDER GRANTING ADMISSION PRO HAC VICE OF CHARLES ANDREWSCAVAGE**<br><br>Hearing Date: June 9, 2026<br>Hearing Time: 2:30 p.m.<br>Place: Department 21<br>**RESERVATION NO.: 341017365949**<br><br>Complaint Filed:<br>Trial Date: None Set |

The Application of Charles Andrewscavage to be allowed to appear in this matter as counsel *pro hac vice* on behalf of defendants Ironclad Environmental Solutions, Inc., came on regularly for hearing by the Court.

The Court having considered the application and all other papers submitted and the records and files herein and having determined that all conditions to admission as counsel pro hac vice as outlined in rule 9.40 of the California Rules of Court have been satisfied.

///

///

///

IT IS HEREBY ORDERED that the application of Charles Andrewscavage is granted and Charles Andrewscavage may appear as counsel *pro hac vice* on behalf of defendant Ironclad Environmental Solutions, Inc.

Dated: ________________________ ________________________________

Judge, Alameda Superior Court

# PROOF OF SERVICE

**STATE OF CALIFORNIA, COUNTY OF LOS ANGELES**

I, **Michelle Duran**, am employed in the County of Los Angeles, State of California. I am over the age of 18 and not a party to the within action. My business address is 2 North Lake Avenue, Suite 560, Pasadena, California 91101.

On May 1, 2026, I served the foregoing document described as **(PROPOSED) ORDER GRANTING ADMISSION PRO HAC VICE OF CHARLES ANDREWSCAVAGE** on interested parties in this action by placing a true copy thereof enclosed in a sealed envelope addressed as follows:

√ **(VIA ELECTRONIC TRANSMISSION):** I caused such document(s) described herein to be uploaded electronically onto the website www.onelegal.com. I uploaded the above-entitled document(s) with the understanding that all parties will be e-served and will have access to be able to download said documents electronically transmitted to the persons shown above at the electronic service address listed above.

Danny Yadidsion, Esq.
Paige Taylor, Esq.
LABOR LAW PC
100 Wilshire Blvd., Suite 700
Santa Monica, California 90401
Telephone: (310) 494-6082
calendar@laborlawpc.com
Danny@laborlawpc.com
Paige.Taylor@laborlawpc.com

√ **(VIA UPLOAD TO STATE BAR OF CALIFORNIA WEBSITE)**

State Bar of California
180 Howard Street
San Francisco, CA 94105
www.admissions.calbar.ca.gov

Executed on May 1, 2026 at Norwalk, California.

Michelle Duran

4936-5195-4597, v. 3

Danny Yadidsion, Esq., SBN 260282
Paige Taylor, Esq. SBN 288009
LABOR LAW PC
100 Wilshire Blvd., Suite 700
Santa Monica, California 90401
Telephone: (310) 494-6082
calendar@laborlawpc.com
Danny@laborlawpc.com
Paige.Taylor@laborlawpc.com

Attorneys for Plaintiff
**JAWANNA WALKER,**
individually and on behalf of similarly situated employees

John V. Little, Jr., Esq., SBN 341130
SCOPELITIS, GARVIN, LIGHT, HANSON & FEARY, LLP
2 North Lake Avenue, Suite 560
Pasadena, Ca 91101
Telephone: (626) 795-4700
Facsimile: (626) 795-4790
jlittle@scopelitis.com

Attorneys for Defendant IRONCLAD ENVIRONMENTAL SOLUTIONS, INC.
*Additional Counsel Listed on the Following Page*

ELECTRONICALLY FILED
Superior Court of California,
County of Alameda
05/11/2026 at 04:42:46 PM
By: Maria Alvarado,
Deputy Clerk

**SUPERIOR COURT OF THE STATE OF CALIFORNIA**

**FOR THE COUNTY OF ALAMEDA**

**JAWANNA WALKER**, individually and on behalf of similarly situated employees,

*Plaintiff,*

v.

**IRONCLAD ENVIRONMENTAL SOLUTIONS, INC.**, a Delaware corporation; and **DOES 1- 50**, inclusive,

*Defendants.*

**CASE NO.: 25CV161021**

*Assigned for all purposes to the Hon. S. Raj Chatterjee, Dept. 21*

**JOINT CASE MANAGEMENT CONFERENCE STATEMENT**

**Date:** May 18, 2026
**Time:** 2:30 p.m.
**Dept.:** 21

**Action Filed:** December 19, 2025
**Answer Filed:** February 10, 2026
**Class Cert. Deadline:** November 23, 2026
**Trial Date:** None Set

Charles Andrewscavage (*pro hac vice forthcoming*)
candrewscavage@scopelitis.com
Jared S. Kramer (*pro hac vice forthcoming*)
jskramer@scopelitis.com
SCOPELITIS, GARVIN, LIGHT, HANSON & FEARY, P.C.
30 West Monroe Street, Suite 1600
Chicago, IL 60603-2427
Phone: 312-255-7200
Fax: 312-422-1224

Plaintiff **JAWANNA WALKER** ("Plaintiff"), individually and on behalf of similarly situated employees, and Defendant **IRONCLAD ENVIRONMENTAL SOLUTIONS, INC.** ("Defendant"), through their respective attorneys of record, hereby submit this Joint Case Management Conference Statement pursuant to the Court's Complex Determination Order dated January 22, 2026, California Rules of Court, rules 3.724 and 3.750(b), and the Alameda County Superior Court Local Rules, rule 3.250 et seq., in advance of the Initial Case Management Conference scheduled for May 18, 2026 at 2:30 p.m. in Department 21 before the Honorable S. Raj Chatterjee.

## I. Description of the Case

This is a putative wage-and-hour class action brought by Plaintiff Jawanna Walker against Defendant Ironclad Environmental Solutions, Inc. ("IES"), a Delaware corporation engaged in the environmental services and waste management industry doing business in Alameda County, California. Plaintiff is a former employee of IES who IES paid on an hourly basis as a driver trainee for approximately two weeks between November 10, 2025 and November 24, 2025. Plaintiff alleges that during that time, she was a non-exempt hourly employee, and that IES systematically failed to compensate her and other nonexempt hourly employees who worked in California for all hours worked, failed to pay overtime wages, failed to provide legally compliant meal and rest periods or premium pay in lieu thereof, failed to furnish accurate itemized wage statements, failed to timely pay all wages due upon separation from employment, and failed to reimburse employees for necessary business expenses. The Complaint sets forth eight (8) causes of action:

1) Failure to Pay Wages for All Hours Worked (Cal. Labor Code §§ 1194 and 1197);
2) Failure to Pay Overtime Wages (Cal. Labor Code §§ 510 and 1194);
3) Failure to Provide Meal Periods (Cal. Labor Code §§ 512 and 226.7);
4) Failure to Provide Rest Periods (Cal. Labor Code § 226.7);
5) Failure to Furnish Timely and Accurate Itemized Wage Statements (Cal. Labor Code § 226);
6) Failure to Pay All Compensation Due Upon Discharge (Cal. Labor Code §§ 201, 202, and 203);

7) Failure to Reimburse for Business Expenses (Cal. Labor Code § 2802); and

8) Unfair, Unlawful, or Fraudulent Business Practices (Cal. Bus. & Prof. Code § 17200 et seq.); and

9) Violation of California's Private Attorneys General Act of 2004 (PAGA) (Cal. Labor Code §§ 2698, et seq.).

Defendant generally denies all of Plaintiff's allegations, denies that this action is appropriate for class or representative treatment, and has asserted thirty-four (34) affirmative defenses to Plaintiff's original Complaint. Defendant contends that its compensation, meal period, rest period, and reimbursement practices comply with California law and applicable IWC Wage Orders. Defendant further contends: (1) that Plaintiff's claims alleging violations of California's meal and rest break rules are preempted under 49 U.S.C. 31141 as applied to property-carrying commercial motor vehicle drivers covered by the FMCSA's hours of service regulations; (2) that Plaintiff's overtime claims are barred because Plaintiff and putative class members are exempt from the payment of overtime under California law based on application of the exemptions set forth in Section 3(L) of IWC Wage Order No, 9 (Cal. Code Regs. tit. 8, § 11090(3)(L)); (3) that IES paid Plaintiff and putative class members for all hours worked; (4) that Plaintiff and putative class members were properly reimbursed for all business expenses incurred in the discharge of their duties, consistent with the requirements of Cal. Lab. Code § 2802; (5) that Plaintiff and putative class members were timely paid all wages owed at the time of her separation from her employment with IES; (6) that IES furnished accurate and itemized wages statements to Plaintiff and putative class members; and (7) that Plaintiff's derivative claims, including her PAGA claim, fails for the same reasons as Plaintiff's underlying claims alleging violations of the Labor Code and applicable Wage Orders.

## II. <u>Status of Service and Pleadings</u>

Plaintiff filed the operative Complaint on December 19, 2025. Defendant was served and filed its Answer on February 10, 2026, generally denying all allegations and asserting thirty-four (34) affirmative defenses. No cross-complaint has been filed. No DOE defendants have been identified or served.

On April 21, 2026, the Parties filed a joint stipulation requesting leave for Plaintiff to file a First Amended Complaint adding a PAGA claim predicated on the same Labor Code violations alleged in the original Complaint. The Court granted that stipulation, and the First Amended Complaint was filed on April 27, 2026. The deadline for IES to file its responsive pleading is currently set for May 27, 2026.

There are no remaining pleadings to be filed at this time other than Plaintiff's anticipated amendment to add DOE defendants upon discovery of their identities.

**III. <u>Amendment of Pleadings and Joinder of Additional Parties</u>**

Plaintiff's counsel continues to investigate the true names and capacities of DOES 1 through 50, including any natural persons who may be liable as employers within the meaning of Labor Code § 558.1. Plaintiff reserves the right to amend the Complaint to identify and name DOE Defendants upon the completion of initial class discovery and will seek leave of Court at the appropriate time. Defendant does not currently anticipate seeking joinder of any additional parties or filing any cross-complaints, but reserves all rights to do so as discovery proceeds. Defendant is unaware of any additional parties that need to be served or added to this action.

**IV. <u>Severance, Consolidation, or Coordination</u>**

The parties are not aware of any related cases pending before this or any other court within the meaning of California Rules of Court, rule 3.300 that would warrant consolidation or coordination. Neither party presently requests severance of any claims. Both parties anticipate that the class certification phase will proceed separately from and prior to trial on the merits, consistent with standard practice in wage-and-hour class actions. Defendant is seeking bifurcation of class-related and merits discovery, as set forth in Section V, below, and may seek summary adjudication of discrete issues prior to or following the Court's ruling on class certification.

**V. <u>Discovery</u>**

On March 13, 2026, Plaintiff served her First Set of Written Discovery Requests on Defendant, consisting of Special Interrogatories and Requests for Production of Documents, seeking, among other things, the identity and number of all putative class members , and Plaintiff's personnel file. By agreement between the Parties, IES's responses to those requests are due on

May 18, 2026. Defendant has not yet propounded any formal discovery on Plaintiff, but anticipates doing so in the near future. No document productions have been exchanged, and no depositions have been scheduled or taken. Expert witness discovery has not yet commenced.

<u>Plaintiff's Proposed Discovery Plan</u>:

Plaintiff proposes the following phased discovery schedule:

| **Event** | **Proposed Deadline** |
|---|---|
| ESI meet and confer re: scope, format, and protocol | June 1, 2026 |
| Class member contact information produced | June 15, 2026 |
| Class-wide payroll and timekeeping records produced | August 1, 2026 |
| PMK depositions completed | September 30, 2026 |
| Expert designations (class certification) | October 15, 2026 |
| Plaintiff's Motion for Class Certification filed | November 23, 2026 (Court-ordered) |
| Close of merits discovery | [To be set following class cert ruling] |
| Trial | [To be set following class cert ruling] |

<u>Defendant's Proposed Discovery Plan</u>:

Defendant believes discovery should be bifurcated into phased discovery, with the initial phase limited to matters relevant to Plaintiff's ability to certify a class. Defendant believes that Plaintiff is not entitled to the names and contact information of all nonexempt hourly employees, given her two-week experience as a driver trainee, and the lack of any factual allegations or evidence suggesting the existence of a liability theory that applies to the broad class she seeks to represent. To the extent any class-wide contact information is produced in discovery, a *Belaire-*

*West* notice process should be completed before that occurs. *Belaire-West Landscape v. Superior Court*, 149 Cal. App. 4th 554 (2007). Defendant does not agree that any class-wide merits-based discovery—including, but not limited to discovery of putative class member payroll and timekeeping records—should be conducted unless a class is certified. Accordingly, Defendant proposes the following schedule:

| **Event** | **Proposed Deadline** |
|---|---|
| Deadline to meet and confer regarding the scope, format, and protocol for production of ESI | June 1, 2026 |
| Deadline for the completion of pre-class certification discovery | September 1, 2026 |
| Deadline for disclosure of affirmative expert reports pertaining to class certification | September 15, 2026 |
| Deadline for disclosure of rebuttal expert reports pertaining to class certification | October 15, 2026 |
| Deadline for completion of expert depositions pertaining to pre-class certification reports | November 9, 2026 |
| Deadline for Plaintiff to file her motion for class certification | November 23, 2026 |

Because the Court's ruling on class certification will substantially affect the scope of additional discovery required and any subsequent motion practice in this case, Defendant proposes that the Court hold a scheduling conference within thirty (30) days of issuing its ruling on class certification in order to schedule the remaining discovery, expert disclosure, and dispositive motion deadlines, as well as to set trial deadlines pertaining to trial and the Parties' submission of trial readiness documents.

//

//

## VI. Preliminary Deposition List

Pursuant to California Rules of Court, rule 3.750(b)(9), the parties provide the following preliminary list of persons anticipated to be deposed and the general subjects to be addressed:

**Plaintiff's Anticipated Depositions:**

1) Defendant's Person(s) Most Knowledgeable ("PMK") regarding payroll and compensation practices, timekeeping systems, meal and rest period policies, expense reimbursement policies, and class member identification;

2) Defendant's PMK regarding human resources policies, employee handbooks, and training materials;

3) Defendant's PMK regarding the identities and job classifications of all non-exempt employees in California during the Class Period; and

4) Any other witnesses identified through written discovery.

**Defendant's Anticipated Depositions:**

1) Plaintiff Jawanna Walker regarding her individual claims, alleged damages, and adequacy as class representative;

2) Any witnesses identified by Plaintiff in initial disclosures or discovery responses;

3) Any declarants or other witnesses relied upon by Plaintiff in moving for class certification; and

4) Any expert witnesses designated by Plaintiff in connection with class certification.

If a class is certified, Defendant anticipates deposing a sample of absent class members.

The parties reserve the right to supplement this preliminary deposition list as discovery progresses.

## VII. Exchange of Documents and Electronic Document Depository

The parties anticipate that electronically stored information ("ESI") will be central to this action, including electronic payroll records, timekeeping data, human resources databases, email correspondence, and policy documents. Plaintiff has requested production of some of these materials in her First Set of Written Discovery Requests served March 13, 2026. The parties agree to meet and confer regarding ESI scope, format, and production protocols no later than June 1,

2026, and will consider entering into a stipulated ESI protocol governing production format, metadata fields, de-duplication procedures, and search term methodology.

The parties will also consider whether to establish a joint electronic document depository for the storage and exchange of produced documents, consistent with the Court's summary discovery dispute procedures for Complex Civil Departments 18 and 21. The parties further agree to enter into an appropriate protective order governing the production of confidential or proprietary materials, and will submit a proposed protective order for the Court's approval in advance of any such production.

## VIII. Settlement Conferences and Alternative Dispute Resolution

The parties have not yet engaged in any formal ADR process. Both parties are open to mediation and are willing to confer regarding a suitable neutral mediator and a proposed schedule. The parties agree that mediation will be most productive after the exchange of initial discovery pertaining to the merits of Plaintiff’s individual claims and her issues relevant to her anticipated motion for class certification. The parties are in the process of conferring about a potential agreement regarding a framework for exchanging discovery informally so that both parties can meaningfully assess Plaintiff’s claims ahead of a potential mediation. The parties are committed to making a good faith effort to resolve this case before trial and propose that formal ADR be completed no later than sixty (60) days following the Court's ruling on Plaintiff's Motion for Class Certification.

## IX. Liaison or Lead Counsel

At this time, there is only one plaintiff and one named defendant in this action, and the parties do not believe the appointment of liaison or lead counsel is necessary. Each party is represented by its respective counsel of record. Plaintiff is represented by Danny Yadidsion, Esq. and Paige Taylor, Esq. of Labor Law PC. Defendant is represented by John V. Little, Jr., Esq. of Scopelitis, Garvin, Light, Hanson & Feary, LLP.[1] The parties will notify the Court if circumstances change warranting reconsideration of this issue.

[1] Defendant anticipates filing pro hac vice applications for Charles Andrewscavage and Jared Kramer of Scopelitis, Gavin, Light, Hanson & Feary.

**X. Dispositive Motions**

There are no motions currently pending. Plaintiff anticipates filing a Motion for Class Certification by November 23, 2026, in accordance with the Court's Complex Determination Order dated January 22, 2026. A Non-Appearance Case Review re: Deadline to File Class Certification is scheduled for November 23, 2026 at 2:30 p.m. in Department 21. Defendant intends to oppose class certification.

Defendant reserves the right to file a motion for summary judgment or summary adjudication on each of Plaintiff's claims following the development of evidence pertaining to those claims in discovery.

Plaintiff requests that the Court set a deadline for dispositive motions at the May 18, 2026, conference.

As noted above, Defendant requests that the Court set a deadline for dispositive motions at a scheduling conference within thirty (30) days of issuing its ruling on class certification.

The parties agree to follow discovery dispute procedures available in this department to resolve any discovery disputes before filing formal motions where possible.

**XI. Special Master**

The parties do not currently believe appointment of a special master or discovery referee is necessary at this stage of the litigation. The Court's summary discovery dispute procedures for Complex Civil Departments 18 and 21 provide an efficient and cost-effective mechanism for resolving any discovery disputes that may arise. The parties will revisit this issue and notify the Court if a special master appointment becomes warranted as discovery progresses.

**XII. Case-Based Website and Counsel Contact Information**

The parties do not presently believe a case-based website is necessary given the relatively limited number of counsel in this action. The current counsel of record and their contact information are as set forth in the attorney block at the top of this Joint Statement. The parties agree to promptly notify each other and the Court of any changes to counsel contact information and to maintain a current service list for all parties who have appeared in this action.

//

**XIII. Schedule for Further Conferences**

The parties propose that the Court schedule the next Case Management Conference in September 2026, at a date and time convenient to the Court, to allow the parties to report on the status of initial discovery, the progress of ESI meet-and-confer efforts, the Parties' responses to their initial sets of written discovery requests, and to present any requests for changes to the proposed class certification briefing schedule for the Court's approval. The parties will file a Joint Case Management Conference Statement at least seven (7) calendar days before any subsequent CMC, in accordance with the Court's Complex Determination Order.

Respectfully Submitted,

DATED: May 11, 2026

**LABOR LAW PC**

By: ______________________
Danny Yadidsion, Esq.
Paige Taylor, Esq.
Attorneys for Plaintiff
JAWANNA WALKER,
individually and on behalf of similarly situated employees

DATED: May 11, 2026

**SCOPELITIS, GARVIN, LIGHT, HANSON & FEARY, LLP**

By: */s/ John Little, Jr.* (With Permission)
John V. Little, Jr., Esq.
Attorney for Defendant
IRONCLAD ENVIRONMENTAL SOLUTIONS, INC.,

Danny Yadidsion, Esq., SBN 260282
Paige Taylor, Esq. SBN 288009
LABOR LAW PC
100 Wilshire Blvd., Suite 700
Santa Monica, California 90401
Telephone: (310) 494-6082
calendar@laborlawpc.com
Danny@laborlawpc.com
Paige.Taylor@laborlawpc.com

Attorneys for Plaintiff
**JAWANNA WALKER,**
individually and on behalf of similarly situated employees

ELECTRONICALLY FILED
Superior Court of California,
County of Alameda
05/12/2026 at 04:34:43 PM
By: Milagros Cortez,
Deputy Clerk

**SUPERIOR COURT OF THE STATE OF CALIFORNIA**

**FOR THE COUNTY OF ALAMEDA**

**JAWANNA WALKER**, individually and on behalf of similarly situated employees,

*Plaintiff*,

v.

**IRONCLAD ENVIRONMENTAL SOLUTIONS, INC.**, a Delaware corporation; and **DOES 1- 50**, inclusive,

*Defendants*.

**CASE NO.: 25CV161021**

*Assigned for all purposes to the Hon. S. Raj Chatterjee, Dept. 21*

**NOTICE OF NON-OPPOSITION TO THE VERIFIED APPLICATION OF CHARLES ANDREWSCAVAGE TO APPEAR AS PRO HAC VICE COUNSEL**

**TO THE HONORABLE COURT, ALL PARTIES AND THEIR ATTORNEYS OF RECORD:**

**PLEASE TAKE NOTICE** that Plaintiff Jawanna Walker, by and through her counsel of record, hereby gives notice that she does not oppose Defendant's Notice of Application and Application of Charles Andrewscavage to Appear as Counsel Pro Hac Vice filed on May 1, 2026.

Respectfully Submitted,

DATED: May 12, 2026

**LABOR LAW PC**

By:____________________
Danny Yadidsion, Esq.
Paige Taylor, Esq.
Attorneys for Plaintiff
JAWANNA WALKER,
individually and on behalf of similarly
situated employees

**PROOF OF SERVICE**
**STATE OF CALIFORNIA**
**COUNTY OF LOS ANGELES**
**[C.C.P., §1013(a)]**

**JAWANNA WALKER vs IRONCLAD ENVIRONMENTAL SOLUTIONS, INC.**
**Alameda County Superior Court Case Number: 25CV161021**

I am over the age of 18 and not a party to the within action; my business address is 100 Wilshire Blvd, Suite 700, Santa Monica, CA 90401. My email address is Cristy.Sadang@LaborLawPC.com.

On May 12, 2026, I served the following document(s):

- **NOTICE OF REMOTE APPEARANCE**
- **NOTICE OF NON-OPPOSITION TO THE VERIFIED APPLICATION OF CHARLES ANDREWSCAVAGE TO APPEAR AS PRO HAC VICE COUNSEL**

On the following:

ATTORNEY FOR THE DEFENDANT
John V. Little, Jr., Esq.
Scopelitis, Garvin, Light, Hanson & Feary, LLP
2 North Lake Avenue, Suite 560
Pasadena, CA 91101
jlittle@scopelitis.com

(XX) (BY ELECTRONIC MAIL) Per local rules, I delivered such documents by electronic mail. My email address is Cristy.Sadang@laborlawpc.com

Executed on **May 12, 2026**

I declare under penalty of perjury under the laws of the State of California that the above is true and correct.

Cristy Sadang
Print Name

/s/ Cristy Sadang
Signature

RA-010

ATTORNEY OR PARTY WITHOUT ATTORNEY: STATE BAR NUMBER:
NAME: Danny Yadidsion, Esq., SBN 260282; Paige Taylor, Esq., SBN 288009
FIRM NAME: Labor Law PC
STREET ADDRESS: 100 Wilshire Blvd., Suite 700
CITY: Santa Monica STATE: CA ZIP CODE: 90401
TELEPHONE NO.: (310) 494-6082 FAX NO.:
EMAIL ADDRESS: Danny@LaborLawPC.com; Paige.Taylor@LaborLawPC.com
ATTORNEY FOR *(name)*: Plaintiff Jawanna Walker

**ELECTRONICALLY FILED**
Superior Court of California,
County of Alameda
**05/12/2026 at 04:34:43 PM**
By: Milagros Cortez,
Deputy Clerk

**SUPERIOR COURT OF CALIFORNIA, COUNTY OF ALAMEDA**
STREET ADDRESS: 1221 Oak Street
MAILING ADDRESS: 1221 Oak Street
CITY AND ZIP CODE: Oakland, California 94612
BRANCH NAME: Rene C. Davidson Courthouse

PLAINTIFF/PETITIONER: JAWANNA WALKER
DEFENDANT/RESPONDENT: IRONCLAD ENVIRONMENTAL SOLUTIONS, INC.
OTHER CASE NAME:

# NOTICE OF REMOTE APPEARANCE

CASE NUMBER:
25CV161021

You must use this form to tell the court you intend to appear remotely in a civil case, unless the court's website describes an online process for giving notice. You may also use it to give the required notice to all other parties in the case. (Do not use this form in a juvenile dependency proceeding.)

Check the court's website for information about how to appear remotely, including the departments and types of cases or proceedings that allow remote appearances and ways to appear remotely in their departments for such appearances.

See page 3 of this form for more information, including deadlines for giving notice and for opposing a remote appearance if this notice is for an evidentiary hearing or trial.

**A person appearing remotely should conduct themselves as though appearing in court in person.**

1. The person who intends to appear remotely is *(check and complete all that apply):*
   - [ ] Plaintiff/Petitioner *(name):*
   - [x] Attorney for Plaintiff/Petitioner *(name):* Paige Taylor
   - [ ] Defendant/Respondent *(name):*
   - [ ] Attorney for Defendant/Respondent *(name):*
   - [ ] Other *(name and role in case):*

2. The person or persons in 1 intends to appear remotely *(check one):*
   a. [x] Throughout the case.
   b. [ ] At the proceeding described below, including on any later dates if the proceeding is continued (*describe*):
   Type of proceeding:
   Set on *(date):* at *(time):* in *(department):*
   Before *(name of judicial officer, if known):*

3. The person intends to appear by *(check court's website for method that may be used):*
   [x] Videoconference [ ] Audio only (including telephone)

4. [ ] For evidentiary hearing or trial only (where testimony may be given): the party requests the following additional aspects of the proceeding be conducted remotely *(describe what the party wants to be done remotely and why; attach form MC-25 if more space is needed):*

**RA-010**

| PLAINTIFF: JAWANNA WALKER<br>DEFENDANT: IRONCLAD ENVIRONMENTAL SOLUTIONS, INC. | CASE NUMBER:<br>25CV161021 |
|---|---|

5. [x] I agree to keep the proceeding confidential to the same extent as would be required if I were appearing in person.

Date: May 12, 2026

PAIGE TAYLOR
(TYPE OR PRINT NAME)

(SIGNATURE)

## Notice to Other Parties

Anyone intending to appear remotely must provide notice to all other parties by the deadlines stated in Cal. Rules of Court, rule 3.672, and described on the next page. Notice may be provided orally, electronically, or by giving the other parties this form in a way to ensure it is received by the applicable deadline. The party must tell the court this was done either by filing a proof of service (this may be done on forms POS-040 or POS-050 for electronic service) or by completing and signing the declaration below.

## Declaration of Notice

I gave notice that I intend to appear remotely to the other parties or persons entitled to receive notice in this case as stated below.

*Complete one item below for each person notice was given to, and enter one of the following options for* "Method of notice" *in c.*

- **Mail**: By mailing them a copy of this form (write the mailing address in d.)
- **Overnight delivery**: By having a copy of this form delivered overnight (write the delivery address in d.)
- **Electronic notice:** By e-mail or text message (write the e-mail or phone number in d.)
- **Phone**: By telling them over the telephone or leaving them voice mail (write the phone number in d.), or
- **In person**: By giving them a copy of this form in person, or by telling them orally in person (write the address in d.)

1. [ ] Plaintiff/Petitioner
   a. Name:
   b. Date of notice:
   c. Method of notice:
   d. Address (mailing, in-person, or email) or phone number:

2. [ ] Attorney for:
   a. Name:
   b. Date of notice:
   c. Method of notice:
   d. Address (mailing, in-person, or email) or phone number:

3. [ ] Defendant/Respondent
   a. Name:
   b. Date of notice:
   c. Method of notice:
   d. Address (mailing, in-person, or email) or phone number:

4. [x] Attorney for: Defendant
   a. Name: John V. Little, Jr., Esq.
   b. Date of notice: May 12, 2026
   c. Method of notice: E-mail
   d. Address (mailing, in-person, or email) phone number: jlittle@scopelitis.com

5. [ ] Other *(specify):*
   a. Name:
   b. Date of notice:
   c. Method of notice:
   d. Address (mailing, in-person, or email) or phone number:

6. [ ] Attorney for:
   a. Name:
   b. Date of notice:
   c. Method of notice:
   d. Address (mailing, in-person, or email) phone number:

7. [ ] Other *(specify):*
   a. Name:
   b. Date of notice:
   c. Method of notice:
   d. Address (mailing, in-person, or email) or phone number:

7. [ ] Other *(specify):*
   a. Name:
   b. Date of notice:
   c. Method of notice:
   d. Address (mailing, in-person, or email) or phone number:

[ ] If more people were given notice, check here, attach form MC-025, titled as Attachment Notice, and add the information about how and when notice was given to each person.

I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct.

Date: May 12, 2026

PAIGE TAYLOR
(TYPE OR PRINT NAME)

(SIGNATURE)

## Instructions for Giving Notice of Remote Appearance

(This page does not need to be filed.)

**1. Court online procedures**. Before using this form, check the court's website to see if that court has an online procedure for providing notice to the court of your intent to appear remotely instead. You can find a link to the website for each court at: *https://www.courts.ca.gov/find-my-court.htm*.

**2. How to use this form**. This form is intended for use in civil cases only (any cases not criminal or petitions for habeas corpus, other than petitions under Welf. & Inst. Code, § 5000 et seq.), to provide written notice of intent to appear remotely, to a court and the parties, as described in Code of Civil Procedure section 367.75. It is not needed in juvenile dependency hearings.

**Check the court's website to determine how remote appearances work in that court before completing this form.** If the court does not have an online procedure for giving notice to the court of intent to appear remotely, complete and file this form to give the court notice. If you intend to appear remotely throughout the case, you only need to file it once (check item 2a).

**3. Notice to others**. You may also use this form to show that you gave notice to other parties. You must give notice of your intent to appear remotely to all parties and other persons who are entitled to notice of the proceeding. (If you checked item 2a, you only need to give notice once. Otherwise, give notice to the court and others before each proceeding you intend to appear at remotely.) You can describe how and when you gave notice in the Declaration of Notice on page 2, or by filing a proof of service with the court.

**4. When to file and give notice to others.**

California Rules of Court, rule 3.672(g) and (h) state the deadlines by which you have to give notice of intent to appear remotely to the other parties and the court. (You can give notice earlier.) There are different deadlines :

***For motions and proceedings in which people cannot testify***

If a party gives or receives *at least 3 court days' notice* of the proceeding (including all regularly noticed motions):

- At least 2 court days before the proceeding.

If a party gives or receives *less than 3 court days' notice* of the proceeding (including ex parte applications):

- With the moving papers, if the notice to appear remotely is by the party that is asking for the hearing; or
- By 2 p.m. the court day before the hearing if the notice to appear remotely is by any other party.

*Note:* If a party misses these deadlines, they may still ask the court for permission to appear remotely.

***For trials, including small claims trials, and hearings in which people may testify (evidentiary hearings)***

If a party gives or receives *at least 15 court days' notice* of a trial or hearing date, and for all small claims trials:

- At least 10 court days before the trial or hearing date.

If a party gives or receives *less than 15 days' notice* of the trial or hearing (including hearings on protective orders):

- With the moving papers or at least 5 court days before the hearing, if the notice to appear remotely is by the party that is asking for the hearing; or
- By 2 p.m. the court day before the hearing if the notice to appear remotely is by any other party.

*Note:* If a party misses these deadlines, they may still ask thecourt for permission to appear remotely.

**5. Opposition to remote appearances at trial or evidentiary hearing**. If a party or witness has given notice of intent to appear remotely at a trial or evidentiary hearing (hearing at which people may testify), other parties in the action may oppose the remote appearance by filing *Opposition to Remote Proceeding at Evidentiary Hearing or Trial* (form RA-015). The opposition must be served on parties and other persons entitled to receive notice of the proceedings, by the deadlines summarized on that form. (Cal. Rules of Court, rule 3.672(h)(3).)

**6. In-person appearance.** A court may require any person to appear in person instead of remotely. (Code Civ. Proc., § 367.75(b).)

**7. Recordings.** No person may record a proceeding without first getting approval from the judge. (Cal. Rules of Court, rule 1.150(c).)

**8. Accommodations for disability**. If a party needs an accommodation for a disability, use form MC-410*, Disability Accommodations Request,* to tell the court about their needs. See form MC-410-INFO for more information.

**9. Request for interpreter.** If a party does do not speak English well, ask the court clerk as soon as possible for a court-provided interpreter. Form INT-300, *Request for an Interpreter,* or a local court form may be used to request an interpreter. If no court interpreter is available, it may be necessary to reschedule the hearing or trial.

**PROOF OF SERVICE**
**STATE OF CALIFORNIA**
**COUNTY OF LOS ANGELES**
**[C.C.P., §1013(a)]**

**JAWANNA WALKER vs IRONCLAD ENVIRONMENTAL SOLUTIONS, INC.**
**Alameda County Superior Court Case Number: 25CV161021**

I am over the age of 18 and not a party to the within action; my business address is 100 Wilshire Blvd, Suite 700, Santa Monica, CA 90401. My email address is Cristy.Sadang@LaborLawPC.com.

On May 12, 2026, I served the following document(s):

- **NOTICE OF REMOTE APPEARANCE**
- **NOTICE OF NON-OPPOSITION TO THE VERIFIED APPLICATION OF CHARLES ANDREWSCAVAGE TO APPEAR AS PRO HAC VICE COUNSEL**

On the following:

ATTORNEY FOR THE DEFENDANT
John V. Little, Jr., Esq.
Scopelitis, Garvin, Light, Hanson & Feary, LLP
2 North Lake Avenue, Suite 560
Pasadena, CA 91101
jlittle@scopelitis.com

(XX) (BY ELECTRONIC MAIL) Per local rules, I delivered such documents by electronic mail. My email address is Cristy.Sadang@laborlawpc.com

Executed on **May 12, 2026**

I declare under penalty of perjury under the laws of the State of California that the above is true and correct.

Cristy Sadang — Print Name

/s/ Cristy Sadang — Signature

RA-010

ATTORNEY OR PARTY WITHOUT ATTORNEY: STATE BAR NUMBER: 341130
NAME: John V. Little, Jr.
FIRM NAME: Scopelitis, Garvin, Light, Hanson & Feary, LLP
STREET ADDRESS: 2 North Lake Avenue, Suite 560
CITY: Pasadena STATE: CA ZIP CODE: 91101
TELEPHONE NO.: (626) 795-4700 FAX NO.: (626) 795-4790
EMAIL ADDRESS: jlittle@scopelitis.com
ATTORNEY FOR *(name)*: Defendant Ironclad Environmental Solutions, Inc.

**SUPERIOR COURT OF CALIFORNIA, COUNTY OF ALAMEDA**
STREET ADDRESS: 1221 Oak Street
MAILING ADDRESS: 1221 Oak Street
CITY AND ZIP CODE: Oakland, California 94612
BRANCH NAME: Rene C. Davidson Courthouse

**ELECTRONICALLY FILED**
Superior Court of California,
County of Alameda
**05/13/2026 at 11:11:58 AM**
By: Milagros Cortez,
Deputy Clerk

PLAINTIFF/PETITIONER: JAWANNA WALKER
DEFENDANT/RESPONDENT: IRONCLAD ENVIRONMENTAL SOLUTIONS, INC.
OTHER CASE NAME:

## NOTICE OF REMOTE APPEARANCE

CASE NUMBER:
25CV161021

You must use this form to tell the court you intend to appear remotely in a civil case, unless the court's website describes an online process for giving notice. You may also use it to give the required notice to all other parties in the case. (Do not use this form in a juvenile dependency proceeding.)

Check the court's website for information about how to appear remotely, including the departments and types of cases or proceedings that allow remote appearances and ways to appear remotely in their departments for such appearances.

See page 3 of this form for more information, including deadlines for giving notice and for opposing a remote appearance if this notice is for an evidentiary hearing or trial.

**A person appearing remotely should conduct themselves as though appearing in court in person.**

1. The person who intends to appear remotely is *(check and complete all that apply)*:
   - [ ] Plaintiff/Petitioner *(name)*:
   - [ ] Attorney for Plaintiff/Petitioner *(name)*:
   - [ ] Defendant/Respondent *(name)*:
   - [x] Attorney for Defendant/Respondent *(name)*: John V. Little, Jr.
   - [ ] Other *(name and role in case)*:

2. The person or persons in 1 intends to appear remotely *(check one)*:
   a. [x] Throughout the case.
   b. [ ] At the proceeding described below, including on any later dates if the proceeding is continued (*describe*):
   Type of proceeding:
   Set on *(date)*: at *(time)*: in *(department)*:
   Before *(name of judicial officer, if known)*:

3. The person intends to appear by *(check court's website for method that may be used)*:
   [x] Videoconference [ ] Audio only (including telephone)

4. [ ] For evidentiary hearing or trial only (where testimony may be given): the party requests the following additional aspects of the proceeding be conducted remotely *(describe what the party wants to be done remotely and why; attach form MC-25 if more space is needed)*:

**RA-010**

| PLAINTIFF: JAWANNA WALKER<br>DEFENDANT: IRONCLAD ENVIRONMENTAL SOLUTIONS, INC. | CASE NUMBER:<br>25CV161021 |
|---|---|

5. [x] I agree to keep the proceeding confidential to the same extent as would be required if I were appearing in person.

Date: May 13, 2026

John V. Little, Jr.
(TYPE OR PRINT NAME)

John V. Little
(SIGNATURE)

## Notice to Other Parties

Anyone intending to appear remotely must provide notice to all other parties by the deadlines stated in Cal. Rules of Court, rule 3.672, and described on the next page. Notice may be provided orally, electronically, or by giving the other parties this form in a way to ensure it is received by the applicable deadline. The party must tell the court this was done either by filing a proof of service (this may be done on forms POS-040 or POS-050 for electronic service) or by completing and signing the declaration below.

## Declaration of Notice

I gave notice that I intend to appear remotely to the other parties or persons entitled to receive notice in this case as stated below. *Complete one item below for each person notice was given to, and enter one of the following options for* "Method of notice" *in c.*

- **Mail**: By mailing them a copy of this form (write the mailing address in d.)
- **Overnight delivery**: By having a copy of this form delivered overnight (write the delivery address in d.)
- **Electronic notice:** By e-mail or text message (write the e-mail or phone number in d.)
- **Phone**: By telling them over the telephone or leaving them voice mail (write the phone number in d.), or
- **In person**: By giving them a copy of this form in person, or by telling them orally in person (write the address in d.)

1. [ ] Plaintiff/Petitioner
   a. Name:
   b. Date of notice:
   c. Method of notice:
   d. Address (mailing, in-person, or email) or phone number:

2. [x] Attorney for: Plaintiff
   a. Name: Danny Yadidsion; Paige Taylor
   b. Date of notice: May 13, 2026
   c. Method of notice: E-mail
   d. Address (mailing, in-person, or email) or phone number: danny@laborlawpc.com; paige.taylor@laborlawpc.com

3. [ ] Defendant/Respondent
   a. Name:
   b. Date of notice:
   c. Method of notice:
   d. Address (mailing, in-person, or email) or phone number:

4. [ ] Attorney for:
   a. Name:
   b. Date of notice:
   c. Method of notice:
   d. Address (mailing, in-person, or email) phone number:

5. [ ] Other *(specify)*:
   a. Name:
   b. Date of notice:
   c. Method of notice:
   d. Address (mailing, in-person, or email) or phone number:

6. [ ] Attorney for:
   a. Name:
   b. Date of notice:
   c. Method of notice:
   d. Address (mailing, in-person, or email) phone number:

7. [ ] Other *(specify)*:
   a. Name:
   b. Date of notice:
   c. Method of notice:
   d. Address (mailing, in-person, or email) or phone number:

7. [ ] Other *(specify)*:
   a. Name:
   b. Date of notice:
   c. Method of notice:
   d. Address (mailing, in-person, or email) or phone number:

[ ] If more people were given notice, check here, attach form MC-025, titled as Attachment Notice, and add the information about how and when notice was given to each person.

I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct.

Date: May 13, 2026

John V. Little, Jr.
(TYPE OR PRINT NAME)

John V. Little
(SIGNATURE)

ELECTRONICALLY FILED
Superior Court of California,
County of Alameda
05/13/2026 at 12:16:44 PM
By: Shabra Iyamu,
Deputy Clerk

John V. Little, Jr. (SBN 341130)
jlittle@scopelitis.com
SCOPELITIS, GARVIN, LIGHT, HANSON & FEARY, LLP
2 North Lake Avenue, Suite 560
Pasadena, CA 91101
P: (626) 795-4700
F: (626) 795-4790

Attorneys for Defendant
IRONCLAD ENVIRONMENTAL SOLUTIONS, INC.

**SUPERIOR COURT OF THE STATE OF CALIFORNIA**

**FOR THE COUNTY OF ALAMEDA**

| | |
|---|---|
| JAWANNA WALKER, individually and on behalf of similarly situated employees,<br><br>Plaintiffs,<br>v.<br><br>IRONCLAD ENVIRONMENTAL SOLUTIONS, INC., a Delaware corporation; and DOES 1-50, inclusive,<br><br>Defendants. | Case No. 25CV161021<br><br>*[Assigned to The Honorable, S. Raj Chatterjee Dept. 21]*<br><br>**NOTICE OF HEARING ON APPLICATION FOR ADMISSION *PRO HAC VICE* OF JARED S. KRAMER**<br><br>Hearing Date: June 9, 2026<br>Hearing Time: 2:30 p.m.<br>Place: Department 21<br>**RESERVATION NO.: 318624390577**<br><br>Complaint Filed:<br>Trial Date: None Set |

TO CLERK OF THE COURT, ALL PARTIES AND THEIR ATTORNEYS OF RECORD, AND THE STATE BAR OF CALIFORNIA:

PLEASE TAKE NOTICE that on June 9, 2026, at 2:30 p.m., or as soon thereafter as the matter may be heard, in Department 21 of this Court, located at 1225 Fallon Street, Oakland, California 94612, the Honorable S. Raj Chatterjee presiding, Jared S. Kramer will apply, and hereby does apply, to the Court pursuant to Rule 9.40 of the California Rules of Court to be allowed to act as counsel pro hac vice on behalf of defendant Ironclad Environmental Solutions, Inc in this matter. Pursuant to Rule 9.40(c)(1) of the California Rules of Court, a copy of this Notice and supporting papers, have been served upon the State Bar of California at its San Francisco office. Additionally,

the $600.00 fee has been paid and the documents have been uploaded to the State Bar of California's website.

Said application will be based upon this notice, the contemporaneously filed Verified Motion of Jared S. Kramer and Declaration of John V. Little, Jr. in Support of Motion for Admission *Pro Hac Vice* of Jared S. Kramer, and on such other further oral and documentary evidence as may be presented at the hearing on this matter.

Dated: May 13, 2026

SCOPELITIS, GARVIN, LIGHT, HANSON & FEARY, LLP

By: */s/ John V. Little, Jr.*
John V. Little, Jr.
Attorney for Defendant,
IRONCLAD ENVIRONMENTAL SOLUTIONS, INC.

# PROOF OF SERVICE

**STATE OF ILLINOIS, COUNTY OF COOK**

I, **Lidia Barraza**, am employed in the County of Cook, State of Illinois. I am over the age of 18 and not a party to the within action. My business address is 30 West Monroe Street, Suite 1600, Chicago, Illinois 60603.

On May 13, 2026, I electronically served the foregoing document described as **NOTICE OF HEARING ON APPLICATION FOR ADMISSION PRO HAC VICE OF JARED S. KRAMER** as follows:

√ **(VIA ELECTRONIC TRANSMISSION):** I caused such document(s) described herein to be uploaded electronically onto the website www.onelegal.com. I uploaded the above-entitled document(s) with the understanding that all parties will be e-served and will have access to be able to download said documents electronically transmitted to the persons shown above at the electronic service address listed above.

Danny Yadidsion, Esq.
Danny@laborlawpc.com
Paige Taylor, Esq.
Paige.Taylor@laborlawpc.com
cc: calendar@laborlawpc.com
LABOR LAW PC
100 Wilshire Blvd., Suite 700
Santa Monica, California 90401

√ **(VIA UPLOAD TO STATE BAR OF CALIFORNIA WEBSITE)**

State Bar of California
180 Howard Street
San Francisco, CA 94105
www.admissions.calbar.ca.gov

Executed on May 13, 2026, at Chicago, Illinois.

*/s/ Lidia Barraza*
Lidia Barraza

4904-3210-6149, v. 4

ELECTRONICALLY FILED
Superior Court of California,
County of Alameda
05/13/2026 at 12:16:44 PM
By: Shabra Iyamu,
Deputy Clerk

John V. Little, Jr. (SBN 341130)
jlittle@scopelitis.com
SCOPELITIS, GARVIN, LIGHT, HANSON & FEARY, LLP
2 North Lake Avenue, Suite 560
Pasadena, California 91101
Tel.: (626) 795-4700
Fax: (626) 795-4790

Attorneys for Defendant
IRONCLAD ENVIRONMENTAL SOLUTIONS, INC.

SUPERIOR COURT OF THE STATE OF CALIFORNIA

COUNTY OF ALAMEDA

| | |
|---|---|
| JAWANNA WALKER, individually and on behalf of similarly situated employees,<br><br>Plaintiff,<br><br>v.<br><br>IRONCLAD ENVIRONMENTAL SOLUTIONS, INC., a Delaware corporation; and DOES 1-50, inclusive,<br><br>Defendants. | Case No. 25CV16102<br><br>*[Assigned to the Hon. S. Raj Chatterjee Dept. 21]*<br><br>**VERIFIED APPLICATION OF JARED S. KRAMER TO APPEAR AS PRO HAC VICE COUNSEL**<br><br>Hearing Date: June 9, 2026<br>Hearing Time: 2:30 p.m.<br>Place: Department 21<br>**RESERVATION NO.: 318624390577**<br><br>Complaint Filed:<br>Trial Date: None Set |

I, Jared S. Kramer, declare:

1. I hereby request permission pursuant to Rule 9.40 of the California Rules of Court to appear in this action as counsel *pro hac vice* for defendant Ironclad Environmental Solutions, Inc., in association with John V. Little, Jr. of Scopelitis, Garvin, Light, Hanson & Feary, 2 North Lake Avenue, Suite 560, Pasadena, California 91101, telephone (626) 795-4700, in the above-entitled action now pending before this Court.

2. My residence address is 810 Hayes Avenue, Libertyville, Illinois 60048.

3. My office address is Scopelitis, Garvin, Light, Hanson & Feary, 30 West Monroe Street, Suite 1600, Chicago, Illinois 60603.

4. I have been admitted to practice in the courts listed on Exhibit "A." The dates of admission for each court are also set forth on Exhibit "A."

5. I am a member in good standing in the Bars of such Courts and am not currently suspended or disbarred from practice in any Court.

6. Attached hereto as Exhibit "B" is a Certificate of Admission to the Bar of Illinois confirming that I was admitted to practice law in the State of Illinois as of July 22, 2019, that I am currently registered to practice law in the State of Illinois, and that I am in good standing in the Bar of that Court.

7. In the preceding two years I have filed Applications to appear as counsel *pro hac vice* in California in the following cases:

| Case No. | Court/Title | Application Date | Status |
|---|---|---|---|
| CVRI2406864 | Superior Court of California, County of Riverside - *Porter v. John Christner Trucking, LLC* | 12/1/2025 | Granted |
| 19STCV12719 | Superior Court of California, County of Los Angeles – *Marvin Wright v. Citistaff Solutions, Inc., et al.* | 1/22/2026 | Granted |

8. I have paid a fee of $600.00 to the State Bar of California and have caused the State Bar of California to be served with a copy of this Application, Notice of Hearing, Declaration of John V. Little, Jr. and (Proposed) Order.

9. My reason for requesting permission to appear as counsel *pro hac vice* in this case is that I have been retained by defendant Ironclad Environmental Solutions, Inc. to represent it in this case, and I desire to take an active role in this case.

10. I am not a resident of the State of California, not regularly employed in the State of California and not regularly engaged in substantial business, professional or other activities in the State of California.

I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct.

Executed on May 13, 2026 at Chicago, Illinois.

Respectfully submitted,

Jared S. Kramer

# EXHIBIT A

## JARED SEAN KRAMER
## COURT ADMISSIONS

| Court | Date of Admission |
|---|---|
| New York State Courts | 10/28/2015 |
| Illinois State Courts | 10/8/2019 |
| U.S. District Court for Northern District of Illinois | 7/22/2019 |
| U.S. District Court for Eastern District of Wisconsin | 11/4/2020 |
| U.S. District Court for Eastern District of New York | 3/26/2021 |
| U.S. District Court for the Central District of Illinois | 1/9/2024 |
| U.S. Court of Appeals for the Ninth Circuit | 3/14/2022 |

# EXHIBIT B

# Certificate of Admission
# To the Bar of Illinois

I, Cynthia A. Grant, Clerk of the Supreme Court of Illinois, do hereby certify that

Jared Sean Kramer

has been duly licensed and admitted to practice as an Attorney and Counselor at Law within this State; has duly taken the required oath to support the CONSTITUTION OF THE UNITED STATES and of the STATE OF ILLINOIS, and also the oath of office prescribed by law, that said name was entered upon the Roll of Attorneys and Counselors in my office on 10/08/2019 and is in good standing, so far as the records of this office disclose.

IN WITNESS WHEREOF, I have hereunto subscribed my name and affixed the seal of said Court, this 5th day of May, 2026.

Cynthia A. Grant

Clerk,
Supreme Court of the State of Illinois

**PROOF OF SERVICE**

**STATE OF ILLINOIS, COUNTY OF COOK**

I, Lidia Barraza. am employed in the County of Cook, State of Illinois. I am over the age of 18 and not a party to the within action. My business address is 30 West Monroe Street, Suite 1600, Chicago, Illinois 60603.

On May 13, 2026, I served the foregoing document described as **VERIFIED APPLICATION OF JARED S. KRAMER TO APPEAR AS PRO HAC VICE COUNSEL** on interested parties in this action as follows:

√ **(VIA ELECTRONIC TRANSMISSION):** I caused such document(s) described herein to be uploaded electronically onto the website www.onelegal.com. I uploaded the above-entitled document(s) with the understanding that all parties will be e-served and will have access to be able to download said documents electronically transmitted to the persons shown above at the electronic service address listed above.

Danny Yadidsion, Esq.
Danny@laborlawpc.com
Paige Taylor, Esq.
Paige.Taylor@laborlawpc.com
cc: calendar@laborlawpc.com
LABOR LAW PC
100 Wilshire Blvd., Suite 700
Santa Monica, California 90401

√ **(VIA UPLOAD TO STATE BAR OF CALIFORNIA WEBSITE)**

State Bar of California
180 Howard Street
San Francisco, CA 94105
www.admissions.calbar.ca.gov

Executed on May 13, 2026, at Chicago, Illinois.

*/s/ Lidia Barraza*
Lidia Barraza

ELECTRONICALLY FILED
Superior Court of California,
County of Alameda
05/13/2026 at 12:16:44 PM
By: Shabra Iyamu,
Deputy Clerk

John V. Little, Jr. (SBN 341130)
jlittle@scopelitis.com
SCOPELITIS, GARVIN, LIGHT, HANSON & FEARY, LLP
2 North Lake Avenue, Suite 560
Pasadena, California 91101
Tel.: (626) 795-4700
Fax: (626) 795-4790

Attorneys for Defendant
IRONCLAD ENVIRONMENTAL SOLUTIONS, INC.

SUPERIOR COURT OF THE STATE OF CALIFORNIA

COUNTY OF ALAMEDA

| | |
|---|---|
| JAWANNA WALKER, individually and on behalf of similarly situated employees,<br><br>Plaintiff,<br><br>v.<br><br>IRONCLAD ENVIRONMENTAL SOLUTIONS, INC., a Delaware corporation; and DOES 1-50, inclusive,<br><br>Defendants. | Case No. 25CV161021<br><br>*[Assigned to the Hon. S. Raj Chaterjee Dept. 21]*<br><br>**DECLARATION OF JOHN V. LITTLE, JR. IN SUPPORT OF APPLICATION FOR ADMISSION *PRO HAC VICE* OF JARED S. KRAMER**<br><br>Hearing Date: June 9, 2026<br>Hearing Time: 2:30 p.m.<br>Place: Department 21<br><br>**RESERVATION NO.: 318624390577**<br><br>Complaint Filed:<br>Trial Date: None Set |

I, John V. Little, Jr., declare:

1. I am an attorney duly admitted to practice before all of the courts of the State of California. I am a partner of Scopelitis, Garvin, Light, Hanson & Feary, 2 North Lake Avenue, Suite 560, Pasadena, California 91101, counsel of record for defendants Ironclad Environmental Solutions, Inc., in the above-captioned matter, and I am personally familiar with the matters set forth herein and, if called to testify, could and would competently testify thereto.

2. I make this declaration in support of the Application by defendant Ironclad Environmental Solutions, Inc., to have Jared S. Kramer admitted *pro hac vice* and associated as counsel to defendant Ironclad Environmental Solutions, Inc. in this matter.

3. On May 13, 2026, I caused to be served on the State Bar of California, at its San Francisco offices via United States Mail and via its website www.admissions.calbar.ca.gov, a copy of these papers, to wit, Notice of Hearing on Application for Admission *Pro Hac Vice* of Jared S. Kramer; Verified Application of Jared S. Kramer to Appear as *Pro Hac Vice* Counsel; Declaration of John V. Little, Jr., as well as a copy of the [Proposed] Order Granting Application for Admission *Pro Hac Vice* of Jared S. Kramer and the $600.00 fee, pursuant to the requirements of Rule 9.40 of the California Rules of Court.

I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct, and that this Declaration is made this 13th day of May 2026, at Pasadena, California.

*/s/ John V. Little, Jr.*
John V. Little, Jr.

# PROOF OF SERVICE

**STATE OF COOK, COUNTY OF COOK**

I, Lidia Barraza, am employed in the County of Cook, State of Illinois. I am over the age of 18 and not a party to the within action. My business address is 30 West Monroe Street, Suite 1600, Chicago, Illinois 60603.

On May 13, 2026, I electronically served the foregoing document described as **DECLARATION OF JOHN V. LITTLE, JR. IN SUPPORT OF APPLICATION FOR ADMISSION *PRO HAC VICE* OF JARED S. KRAMER** as follows:

√ **(VIA ELECTRONIC TRANSMISSION):** I caused such document(s) described herein to be uploaded electronically onto the website www.onelegal.com. I uploaded the above-entitled document(s) with the understanding that all parties will be e-served and will have access to be able to download said documents electronically transmitted to the persons shown above at the electronic service address listed above.

Danny Yadidsion, Esq.
Danny@laborlawpc.com
Paige Taylor, Esq.
Paige.Taylor@laborlawpc.com
cc: calendar@laborlawpc.com
LABOR LAW PC
100 Wilshire Blvd., Suite 700
Santa Monica, California 90401

√ **(VIA UPLOAD TO STATE BAR OF CALIFORNIA WEBSITE)**

State Bar of California
180 Howard Street
San Francisco, CA 94105
www.admissions.calbar.ca.gov

Executed on May 13, 2026, at Chicago, Illinois.

/s/ Lidia Barraza
Lidia Barraza

4922-9437-7125, v. 4

Electronically Received 05/13/2026 12:16 PM

John V. Little, Jr. (SBN 174559)
jlittle@scopelitis.com
SCOPELITIS, GARVIN, LIGHT, HANSON & FEARY, LLP
2 North Lake Avenue, Suite 560
Pasadena, California 91101
Tel.: (626) 795-4700
Fax: (626) 795-4790

Attorneys for Defendant
IRONCLAD ENVIRONMENTAL SOLUTIONS, INC.

SUPERIOR COURT OF THE STATE OF CALIFORNIA

FOR COUNTY OF ALAMEDA

| | |
|---|---|
| JAWANNA WALKER, individually and on behalf of similarly situated employees,<br><br>Plaintiff,<br><br>v.<br><br>IRONCLAD ENVIRONMENTAL SOLUTIONS, INC., a Delaware corporation; and DOES 1-50, inclusive,<br><br>Defendants. | Case No. 25STCV16102<br><br>*[Assigned to the Hon. S. Raj Chatterjee Dept. 21]*<br><br>**(PROPOSED) ORDER GRANTING ADMISSION PRO HAC VICE OF JARED S. KRAMER**<br><br>Hearing Date: June 9, 2026<br>Hearing Time: 2:30 p.m.<br>Place: Department 21<br>**RESERVATION NO.: 318624390577**<br><br>Complaint Filed:<br>Trial Date: None Set |

The Application of Jared S. Kramer to be allowed to appear in this matter as counsel *pro hac vice* on behalf of defendants Ironclad Environmental Solutions, Inc., came on regularly for hearing by the Court.

The Court having considered the application and all other papers submitted and the records and files herein and having determined that all conditions to admission as counsel pro hac vice as outlined in rule 9.40 of the California Rules of Court have been satisfied.

///

///

///

IT IS HEREBY ORDERED that the application of Jared S. Kramer is granted and Jared S. Kramer may appear as counsel *pro hac vice* on behalf of defendant Ironclad Environmental Solutions, Inc.

Dated: ____________________________ ____________________________________________
Judge, Alameda Superior Court

# PROOF OF SERVICE

**STATE OF ILLINOIS, COUNTY OF COOK**

I, **Lidia Barraza**, am employed in the County of Cook, State of Illinois. I am over the age of 18 and not a party to the within action. My business address is 30 West Monroe Street, Suite 1600, Chicago, Illinois 60603.

On May 13, 2026, I served the foregoing document described as **(PROPOSED) ORDER GRANTING ADMISSION PRO HAC VICE OF JARED S. KRAMER** on interested parties in this action by placing a true copy thereof enclosed in a sealed envelope addressed as follows:

√ **(VIA ELECTRONIC TRANSMISSION):** I caused such document(s) described herein to be uploaded electronically onto the website www.onelegal.com. I uploaded the above-entitled document(s) with the understanding that all parties will be e-served and will have access to be able to download said documents electronically transmitted to the persons shown above at the electronic service address listed above.

Danny Yadidsion, Esq.
Danny@laborlawpc.com
Paige Taylor, Esq.
Paige.Taylor@laborlawpc.com
cc: calendar@laborlawpc.com
LABOR LAW PC
100 Wilshire Blvd., Suite 700
Santa Monica, California 90401

√ **(VIA UPLOAD TO STATE BAR OF CALIFORNIA WEBSITE)**

State Bar of California
180 Howard Street
San Francisco, CA 94105
www.admissions.calbar.ca.gov

Executed on May 4, 2026, at Chicago, Illinois.

____________________________
Lidia Barraza

4925-1241-5397, v. 2

# SUPERIOR COURT OF CALIFORNIA, COUNTY OF ALAMEDA

Rene C. Davidson Courthouse, Department 21

JUDICIAL OFFICER: HONORABLE S. RAJ CHATTERJEE

Courtroom Clerk: Belinda Mercado CSR: None

**25CV161021** May 18, 2026
2:30 PM

**WALKER**
**vs**
**IRONCLAD ENVIRONMENTAL SOLUTIONS, INC.**

## MINUTES

**NATURE OF PROCEEDINGS: Initial Case Management Conference**

ORDER RE: CASE MANAGEMENT

The Court has ordered the following after review of the case.

The following deadline for filing a motion for class certification is maintained: 11.23.2026. The parties should expeditiously complete discovery necessary for determining class certification. The Court will set further deadlines after ruling on a class certification motion. The parties may have discovery disputes, which the Court will hear at an IDC if all parties agree, otherwise on noticed motions.

FURTHER CONFERENCE
A Case Management Conference is scheduled for 10/19/2026 at 02:30 PM in Department 21.

The parties are Ordered to file a joint updated case management conference statement on pleading paper at least 7 days before the next case management conference.

The Court orders counsel to obtain a copy of this order from the eCourt portal.

By: B. Mercado, Deputy Clerk
Minutes of: 05/18/2026
Entered on: 05/18/2026

ELECTRONICALLY FILED
Superior Court of California,
County of Alameda
05/27/2026 at 11:46:34 AM
By: Darrell Drew,
Deputy Clerk

John V. Little, Jr. (SBN 341130)
jlittle@scopelitis.com
SCOPELITIS, GARVIN, LIGHT, HANSON & FEARY, LLP
2 North Lake Avenue, Suite 560
Pasadena, CA 91101
Tel.: (626) 795-4700
Fax: (626) 795-4790

Charles Andrewscavage (*pro hac vice* pending)
candrewscavage@scopelitis.com
Jared S. Kramer (*pro hac vice* pending
jskramer@scopelitis.com
SCOPELITIS, GARVIN, LIGHT, HANSON & FEARY, P.C.
30 West Monroe Street, Suite 1600
Chicago, IL 60603-2427
Phone: 312-255-7200
Fax: 312-422-1224

Attorneys for Defendant,
IRONCLAD ENVIRONMENTAL SOLUTIONS, INC.

**SUPERIOR COURT OF THE STATE OF CALIFORNIA**

**FOR THE COUNTY OF ALAMEDA**

| | |
|---|---|
| JAWANNA WALKER, individually and on behalf of similarly situated employees,<br><br>Plaintiff,<br><br>v.<br><br>IRONCLAD ENVIRONMENTAL SOLUTIONS, INC., a Delaware corporation; and DOES 1-50, inclusive,<br><br>Defendants. | Case No.: 25CV161021<br><br>*Assigned to the Honorable S. Raj Chatterjee Dept. 21*<br><br>**DEFENDANT IRONCLAD ENVIRONMENTAL SOLUTIONS, INC.'S ANSWER TO PLAINTIFF'S FIRST AMENDED CLASS AND REPRESENTATIVE ACTION COMPLAINT**<br><br>Action Filed: December 19, 2025<br>Trial Date: None Set |

Defendant Ironclad Environmental Solutions, Inc. ("Defendant"), respectfully submits its Answer to Plaintiff's First Amended Class and Representative Action Complaint (First Amended Complaint).

## I. GENERAL DENIAL

Pursuant to California Code of Civil Procedure § 431.30(d), Defendant generally and

specifically denies each and every allegation contained in the First Amended Complaint and each purported cause of action therein. Without limiting the generality of the foregoing, Defendant specifically denies that Plaintiff, and/or the individuals she seeks to bring this class and representative action on behalf of, are entitled to any of the relief requested; that Defendant violated any statute or other legal requirement pertaining to the payment of wages and any other compensation to its employees; that Defendant violated any statute or other legal requirement pertaining to employee meal and/or rest breaks; that Defendant committed any wrongful conduct or omission; that Defendant engaged in any joint scheme or plan to engage in any wrongful conduct or omission; and that any conduct or omissions of Defendant caused any injury or damage to Plaintiff and/or the individuals on whose behalf she seeks to bring this class and representative action.

## II. AFFIRMATIVE DEFENSES

Pursuant to California Code of Civil Procedure § 431.30(g), Defendant further asserts the following separate and distinct affirmative defenses to Plaintiff's claims, without assuming the burden of proof except where required by law, and without waiver of its right to seek leave or stipulation to assert additional defenses. Defendant does not presently know all the facts concerning the alleged conduct at issue in Plaintiff's First Amended Complaint and does not have all facts sufficient to state all affirmative defenses at this time. Accordingly, Defendant hereby reserves the right to seek leave to amend this Answer should Defendant later discover facts demonstrating the existence of additional affirmative defenses.

1. Plaintiff's claims are barred because Plaintiff failed to allege facts sufficient to support a claim for relief under the statutes identified in the First Amended Complaint, including with respect to any damages, restitution, attorneys' fees, liquidated damages, penalties, and/or interest.

2. Plaintiff's claims must be dismissed to the extent they relate to work activities performed (and business expenses incurred) outside of California because the California Labor Code does not apply to work activities performed outside the state. Plaintiff's claims are also barred to the extent that Plaintiff or any person she purports to represent neither have their base of operations nor work primarily in California because the provisions of the California Labor Code cited in the First Amended Complaint apply only to individuals who have their base of operations or who work primarily (more than 50% of

their work time) in California. Cal. Labor Code § 925; *Ward v. United Airlines, Inc.*, 9 Cal. 5th 732 (2020); *Oman v. Delta Air Lines, Inc.*, 9 Cal. 5th 762 (2020).

3. Plaintiff's claim for civil penalties under California's Private Attorney General Act, Cal. Lab. Code § 2699 ("PAGA"), is barred because (a) there are administrative remedies available to Plaintiff, (b) Plaintiff is required to pursue these administrative remedies before bringing all or some of her claims against Defendant, and (c) Plaintiff has failed to exhaust those administrative remedies before filing suit.

4. Any civil penalties sought by Plaintiff under the California Private Attorneys General Act ("PAGA"), Labor Code §§ 2698 et seq., are barred in whole or in part based on reasonable steps taken by Defendant to comply with applicable law and/or cure alleged Labor Code violations, pursuant to Cal. Lab. Code §§ 2699, 2699.3.

5. Plaintiff's claims imposing penalties would be inequitable and unjust and are therefore barred because a good faith dispute exists as to whether additional compensation is due and owed, and Defendant has not intentionally or willfully failed to pay such additional compensation. Specifically, Plaintiff's claims for penalties, including waiting time penalties under California Labor Code § 203 are barred because (a) a good faith, bona fide dispute exists or existed as to whether additional compensation is or was owed, pursuant to California Labor Code §§ 201, 202, and 203; (b) Defendant has not intentionally or willfully failed to pay such additional compensation; and (c) to impose penalties in this action would be inequitable and unjust. In addition, Plaintiff's claims under Cal. Lab. Code § 226 are barred because: (a) a good faith, bona fide dispute exists or existed as to whether Defendant provided accurate, itemized wage statements under California law; (b) Defendant has not knowingly or intentionally failed to comply with Section 226's wage statement requirements; and (c) to impose penalties based on the alleged violations would be inequitable and unjust.

6. Plaintiff's claims based on Defendant's alleged failure to pay overtime wages are barred because, as the operator of a vehicle weighing more than 10,000 pounds, Plaintiff is exempt from the payment of overtime wages under California law. Cal. Code Regs. Tit. 8 § 11090(3)(L)(1), (2).

7. Some or all of Plaintiff's claims are barred because work performed by Plaintiff was not authorized or allowed by Defendant and/or was performed without the knowledge and/or control of

Defendant. Plaintiff's overtime claims are barred to the extent such individuals worked any overtime, which Defendant denies, as such work was unauthorized by Defendant and performed without Defendant's knowledge.

8. Some or all of Plaintiff's claims are barred by the applicable statute of limitations.

9. Plaintiff's claims are barred, in whole or in part, by the doctrine of avoidable consequences and by Plaintiff's failure to mitigate her damages.

10. Plaintiff's claims are barred, in whole or in part, because Plaintiff lacks standing to assert them.

11. To the extent Plaintiff's claims are based in whole or in part upon alleged misconduct by Defendant's agents or employees, Plaintiff's claims are barred because such conduct was beyond the course and scope of those agents' or employees' respective agency or employment with Defendant.

12. To the extent Plaintiff's claims are based in whole or in part upon alleged misconduct of persons other than Defendant or Defendant's agents or employees, Plaintiff's claims are barred because Defendant is not liable for the acts or omissions of such persons.

13. Plaintiff's claims are barred, in whole or in part, by the doctrine of unclean hands. For example, Plaintiff was provided with the opportunity to take meal and/or rest breaks. If she declined, failed, or refused to do so, Plaintiff cannot recover any of the penalties sought, which are associated with corresponding alleged violations of California's meal and rest break laws.

14. Plaintiff's claims are barred, in whole or in part, by the doctrine of waiver.

15. Plaintiff's claims are barred, in whole or in part, by the doctrine of estoppel.

16. Some or all of Plaintiff's claims are barred by the *de minimis* doctrine.

17. Some or all of Plaintiff's claims may be reduced by the doctrine of recoupment or offset.

18. Some or all of Plaintiff's claims are barred because Plaintiff consented to the alleged conduct of Defendant.

19. Some or all of Plaintiff's claims are barred to the extent Plaintiff failed to adhere to her obligations under Cal. Labor Code §§ 2854, 2856, and 2857.

20. Plaintiff has been fully compensated for any amounts owed, and, by accepting the payments made to her, has effectuated an accord and satisfaction of her claims.

21. California Business & Professions Code §§ 17200, et seq. is unconstitutional, vague, and

overbroad in the manner Plaintiff claims that the statutes apply to Defendant's business practices and thus constitutes a violation of Defendant's rights to due process and equal protection.

22. Any recovery on Plaintiff's First Amended Complaint as a whole, and/or any purported cause of action therein, is barred, in whole or in part, pursuant to the Eighth Amendment to the United States Constitution and Article I, Section 17 of the California Constitution to the extent Labor Code sections referred to in the First Amended Complaint, California Business and Professions Code section 17200, et seq., and other applicable statutes operate to impose excessive fines and/or are confiscatory, unconstitutionally vague, arbitrary or oppressive.

23. Plaintiff's claims are preempted under the Supremacy Clause of the U.S. Constitution, U.S. Const, art. VI, cl. 2, because compliance with California's Labor Code requirements affects Defendant's prices, routes, and services within the meaning of the express preemption provision of the Federal Aviation Administration Authorization Act (FAAAA), 49 U.S.C. §§ 14500 et seq.

24. In addition, Plaintiff's claims that are premised on allegations that Defendant failed to provide meal and rest breaks under California law are barred because such laws are preempted under the Supremacy Clause of the U.S. Constitution, art. VI, cl. 2, as (a) California's and rest break rules conflict with the federal hours of service regulations, 49 C.F.R. Part 395, by imposing a different standard than that carefully set at the federal level by the Federal Motor Carrier Safety Administration ("FMCSA"); and (b) the FMCSA's regulation of the hours of service of drivers in interstate commerce through the federal hours of service regulations, 49 C.F.R. Part 395, leaves no room for additional or supplemental state regulation of drivers' hours of service.

25. To the extent Plaintiff seeks to recover under California's meal and rest break rules for a driver hauling hazardous materials, recovery under such claims is preempted under the Supremacy Clause of the U.S. Constitution, U.S. Const., art. VI, cl. 2, because the California meal and rest break rules are in direct conflict with the requirements of 49 C.F.R. § 172.800 and because the Pipeline and Hazardous Materials Safety Administration has issued a determination that California's meal and rest break rules are preempted as applied to drivers hauling loads containing hazardous materials. *See Hazardous Materials: California Meal and Rest Break Requirements*, 83 Fed. Reg. 47961 (Sept. 21, 2018).

26. Plaintiff's claims are barred because they are an undue burden upon interstate commerce in violation of the Commerce Clause of the U.S. Constitution, U.S. Const., art. I, § 8, cl.

27. Plaintiff's claim that Defendant failed to reimburse her for work-related expenses and losses should be dismissed because Plaintiff failed to sufficiently identify alleged work-related expenses, failed to claim that she requested reimbursement for any alleged expenses, and failed to sufficiently allege it was reasonable and necessary for her to incur those expenses.

28. Plaintiff's claims against unnamed "DOE" Defendants must be dismissed because Plaintiff has failed to allege facts sufficient to state a claim upon which relief may be granted with respect to those purported Defendants and because Plaintiff has failed to identify and serve those purported Defendants in a timely manner.

29. Plaintiff's claims are barred because the claims of Plaintiff and/or her interest in this case conflict with, or are not sufficiently similar to, the proposed class and the aggrieved employees she purports to represent, such that she is not an adequate representative for such persons.

30. Plaintiff's claims are not appropriate for resolution on a class basis because Plaintiff's claims are not typical of the proposed class members she seeks to represent.

31. Plaintiff's claims are barred because the types of claims alleged by Plaintiff on behalf of herself and the proposed class members she seeks to represent are matters in which individual questions predominate are therefore not appropriate for class treatment.

32. Plaintiff's request for a jury trial of Plaintiff's claim under California Business and Professions Code §§ 17200, et seq. is barred because it is an equitable claim.

33. Plaintiff's request for a jury trial of Plaintiff's PAGA claim is barred because "a PAGA action is an administrative enforcement action conducted in court on behalf of the state by an aggrieved employee who possesses "the same legal right and interest" as the state, which "does not include the right to a jury trial." *LaFace v. Ralphs Grocery Co.*, 75 Cal. App. 5th 388, 397 (2022).

34. Plaintiff's claim for prejudgment interest is barred because the damages claimed by Plaintiff are not certain and not capable of being made certain.

35. Without waiving its ability to oppose class treatment, if the Court grants Plaintiff permission to proceed with a class action over Defendant's objection, then Defendant asserts the affirmative defenses set forth above against each and every proposed class member Plaintiff seeks to represent.

36. Any civil penalties awarded to Plaintiff or the allegedly aggrieved employees Plaintiff seeks to represent under California's Private Attorneys General Act, Cal. Lab. Code § 2698, *et seq*. ("PAGA"), must be limited to those penalties applicable to an initial violation because Defendant never previously received notice from the LWDA or any other agency or court that it committed violations of California law alleged in the First Amended Complaint.

37. Defendant is entitled to a reduction of any PAGA penalties pursuant to Labor Code §2699(e)(2) on the ground and to the extent that the penalties are unjust, arbitrary and oppressive, or confiscatory.

38. Defendant is entitled to a reduction of any PAGA penalties pursuant to Labor Code §2699 subsections (g) or (h) on the ground and to the extent it timely took all reasonable steps to be in compliance with all Labor Code provisions identified in Plaintiff's PAGA notice.

39. Defendant is entitled to a reduction of any PAGA penalties pursuant to Labor Code § 2699(i) on the ground and to the extent that any violation of the Labor Code was (i) neither willful or intentional, (ii) neither knowing or intentional, or (iii) involved the same conduct or omission that resulted in multiple violations of the Labor Code.

40. Plaintiff's PAGA claim is barred or must be limited because it raises numerous individualized issues that render trial of the case unmanageable and in violation of Defendant's due process rights under the Fourteenth Amendment to the United States and California Constitutions.

WHEREFORE, Defendant requests judgment as follows:

a. That Plaintiff take nothing by way of the First Amended Complaint;

b. That judgment be entered against Plaintiff and in favor of Defendant;

c. That Defendant be awarded its attorney fees and costs incurred in this case; and

d. That Defendant be awarded all other necessary and proper relief.

## III. DEMAND FOR JURY TRIAL

Defendant, Ironclad Environmental Solutions, Inc., hereby demands Trial by jury.

Dated: May 27, 2026

SCOPELITIS, GARVIN, LIGHT, HANSON & FEARY, LLP

By: */s/ John V. Little, Jr.*
John V. Little, Jr.
Attorney for Defendant,
IRONCLAD ENVIRONMENTAL SOLUTIONS, INC.

# PROOF OF SERVICE

**STATE OF INDIANA, COUNTY OF MARION**

I, **Summer Burns**, am employed in the County of Marion, State of Indiana. I am over the age of 18 and not a party to the within action. My business address is 10 W. Market St., Ste. 1400, Indianapolis, Indiana, 46204.

On May 27, 2026, I served the foregoing document described as **DEFENDANT'S ANSWER TO PLAINTIFF'S FIRST AMENDED CLASS AND REPRESENTATIVE ACTION COMPLAINT** on interested parties in this action as follows:

Danny Yadidsion, Esq.
Paige Taylor, Esq.
LABOR LAW PC
100 Wilshire Blvd., Suite 700
Santa Monica, California 90401
Telephone: (310) 494-6082
Danny@LaborLawPC.com
Paige.Taylor@LaborLawPC.com
calendar@laborlawpc.com

√ **(VIA ELECTRONIC TRANSMISSION):** I caused such document(s) described herein to be uploaded electronically onto the website www.onelegal.com. I uploaded the above entitled document(s) with the understanding that all parties will be e-served and will have access to be able to download said documents

√ **(STATE)** I declare under penalty of perjury under the laws of the State of California that the above is true and correct.

Executed on May 27, 2026, at Indianapolis, Indiana.

*/s/ Summer Burns*
Summer Burns

4930-9129-4892,

Danny Yadidsion, Esq., SBN 260282
Paige Taylor, Esq. SBN 288009
LABOR LAW PC
100 Wilshire Blvd., Suite 700
Santa Monica, California 90401
Telephone: (310) 494-6082
calendar@laborlawpc.com
Danny@laborlawpc.com
Paige.Taylor@laborlawpc.com

Attorneys for Plaintiff
**JAWANNA WALKER,**
individually and on behalf of similarly situated employees

ELECTRONICALLY FILED
Superior Court of California,
County of Alameda
05/29/2026 at 01:47:50 PM
By: Angela Linhares,
Deputy Clerk

**SUPERIOR COURT OF THE STATE OF CALIFORNIA**

**FOR THE COUNTY OF ALAMEDA**

**JAWANNA WALKER**, individually and on behalf of similarly situated employees,

*Plaintiff*,

v.

**IRONCLAD ENVIRONMENTAL SOLUTIONS, INC.**, a Delaware corporation; and **DOES 1- 50**, inclusive,

*Defendants*.

**CASE NO.: 25CV161021**

*Assigned for all purposes to the Hon. S. Raj Chatterjee, Dept. 21*

**NOTICE OF NON-OPPOSITION TO THE VERIFIED APPLICATION OF JARED S. KRAMER TO APPEAR AS PRO HAC VICE COUNSEL**

**TO THE HONORABLE COURT, ALL PARTIES AND THEIR ATTORNEYS OF RECORD:**

**PLEASE TAKE NOTICE** that Plaintiff Jawanna Walker, by and through her counsel of record, hereby gives notice that she does not oppose Defendant's Notice of Application and Application of Jared S. Kramer o Appear as Counsel Pro Hac Vice filed on May 13, 2026.

Respectfully Submitted,

DATED: May 29, 2026

**LABOR LAW PC**

By:____________________
Danny Yadidsion, Esq.
Paige Taylor, Esq.
Attorneys for Plaintiff
JAWANNA WALKER,
individually and on behalf of similarly situated employees

**PROOF OF SERVICE**
**STATE OF CALIFORNIA**
**COUNTY OF LOS ANGELES**
**[C.C.P., §1013(a)]**

**JAWANNA WALKER vs IRONCLAD ENVIRONMENTAL SOLUTIONS, INC.**
**Alameda County Superior Court Case Number: 25CV161021**

I am over the age of 18 and not a party to the within action; my business address is 100 Wilshire Blvd, Suite 700, Santa Monica, CA 90401. My email address is Cristy.Sadang@LaborLawPC.com.

On May 29, 2026, I served the following document(s):

**NOTICE OF NON-OPPOSITION TO THE VERIFIED APPLICATION OF JARED S. KRAMER TO APPEAR AS PRO HAC VICE COUNSEL**

On the following:

ATTORNEY FOR THE DEFENDANT
John V. Little, Jr., Esq.
Scopelitis, Garvin, Light, Hanson & Feary, LLP
2 North Lake Avenue, Suite 560
Pasadena, CA 91101
jlittle@scopelitis.com

(XX) (BY ELECTRONIC MAIL) Per local rules, I delivered such documents by electronic mail. My email address is Cristy.Sadang@laborlawpc.com

Executed on **May 29, 2026**

I declare under penalty of perjury under the laws of the State of California that the above is true and correct.

Cristy Sadang — Print Name

/s/ Cristy Sadang — Signature

# SUPERIOR COURT OF CALIFORNIA, COUNTY OF ALAMEDA

Rene C. Davidson Courthouse, Department 21

JUDICIAL OFFICER: HONORABLE S. RAJ CHATTERJEE

Courtroom Clerk: Belinda Mercado CSR: None

**25CV161021** June 9, 2026
2:30 PM

**WALKER**
**vs**
**IRONCLAD ENVIRONMENTAL SOLUTIONS, INC.**

## MINUTES

**NATURE OF PROCEEDINGS: Hearing on Motion to be Admitted Pro Hac Vice CRS# 341017365949 filed by Ironclad Environmental Solutions, Inc. (Defendant) on 05/01/2026**

Prior to the hearing, the Court issued a tentative ruling, which is not contested and is affirmed as set forth below.

The Motion to Be Admitted Pro Hac Vice filed by Ironclad Environmental Solutions, Inc. on 05/01/2026 is Granted.

Pursuant to Government Code section 70617(e)(2), on or before the anniversary of the date of this order Pro Hac Vice Applicant CHARLES ANDREWSCAVAGE shall pay a renewal fee of five hundred dollars ($500) for each year that Pro Hac Vice Applicant maintains pro hac vice status in this case. The Court hereby sets a compliance hearing for 06/07/2027 at 02:30 PM in Department 21 at Rene C. Davidson Courthouse. If the renewal fee has been paid at least 10 calendar days before the hearing, no appearance will be required.

The Court ORDERS that the Pro Hac Vice Applicant file a Notice of Renewal when paying the renewal fee. If there is no Notice of Renewal, then the trial judge cannot readily determine whether the applicant has paid the renewal fee.

Upon receipt of this order Counsel are to email the following information to the Dept 21 clerk at dept21@alameda.courts.ca.gov.
Case Name and #;
Date of the PHV order;
First and Last Name;
State Bar Number;
Issuer State;
Organization Name and address;
Email address;
Party they represent.

# SUPERIOR COURT OF CALIFORNIA, COUNTY OF ALAMEDA

The Court orders counsel to obtain a copy of this order from the eCourt portal.

By: B. Mercado, Deputy Clerk

Minutes of: 06/09/2026
Entered on: 06/09/2026

# SUPERIOR COURT OF CALIFORNIA, COUNTY OF ALAMEDA

Rene C. Davidson Courthouse

| | |
|---|---|
| Jawanna Walker<br>Plaintiff/Petitioner(s)<br>vs.<br>Ironclad Environmental Solutions, Inc.<br>Defendant/Respondent (s) | No. 25CV161021<br><br>Date: 06/09/2026<br>Time: 2:30 PM<br>Dept: 21<br>Judge: S. Raj Chatterjee<br><br>ORDER Hearing on Motion to be Admitted Pro Hac Vice CRS# 341017365949 filed by Ironclad Environmental Solutions, Inc. (Defendant) on 05/01/2026 |

Prior to the hearing, the Court issued a tentative ruling, which is not contested and is affirmed as set forth below.

The Motion to Be Admitted Pro Hac Vice filed by Ironclad Environmental Solutions, Inc. on 05/01/2026 is Granted.

Pursuant to Government Code section 70617(e)(2), on or before the anniversary of the date of this order Pro Hac Vice Applicant CHARLES ANDREWSCAVAGE shall pay a renewal fee of five hundred dollars ($500) for each year that Pro Hac Vice Applicant maintains pro hac vice status in this case. The Court hereby sets a compliance hearing for 06/07/2027 at 02:30 PM in Department 21 at Rene C. Davidson Courthouse. If the renewal fee has been paid at least 10 calendar days before the hearing, no appearance will be required.

The Court ORDERS that the Pro Hac Vice Applicant file a Notice of Renewal when paying the renewal fee. If there is no Notice of Renewal, then the trial judge cannot readily determine whether the applicant has paid the renewal fee.

Upon receipt of this order Counsel are to email the following information to the Dept 21 clerk at dept21@alameda.courts.ca.gov.
Case Name and #;
Date of the PHV order;
First and Last Name;
State Bar Number;

# SUPERIOR COURT OF CALIFORNIA, COUNTY OF ALAMEDA

Rene C. Davidson Courthouse

Issuer State;
Organization Name and address;
Email address;
Party they represent.

The Court orders counsel to obtain a copy of this order from the eCourt portal.

Dated : 06/09/2026

S. Raj Chatterjee / Judge

| SUPERIOR COURT OF CALIFORNIA<br>COUNTY OF ALAMEDA | Reserved for Clerk's File Stamp<br><br>FILED<br>Superior Court of California<br>County of Alameda<br>06/09/2026<br>Chad Finke, Executive Officer / Clerk of the Court<br>By: Deputy<br>B. Mercado |
|---|---|
| COURTHOUSE ADDRESS:<br>Rene C. Davidson Courthouse<br>1225 Fallon Street, Oakland, CA 94612 | |
| PLAINTIFF/PETITIONER:<br>Jawanna Walker | |
| DEFENDANT/RESPONDENT:<br>Ironclad Environmental Solutions, Inc. | |
| **CERTIFICATE OF ELECTRONIC SERVICE CODE OF CIVIL PROCEDURE 1010.6** | CASE NUMBER:<br>25CV161021 |

**I, the below named Executive Officer/Clerk of Court of the above-entitled court, do hereby certify that I am not a party to the cause herein, and that on this date I served one copy of the Order Hearing on Motion to be Admitted Pro Hac Vice CRS# 341017365949 filed by Ironclad Environmental Solutions, Inc. (Defendant) on 05/01/2026 entered herein upon each party or counsel of record in the above entitled action, by electronically serving the document(s) from my place of business, in accordance with standard court practices.**

Danny Yadidsion
Labor Law PC
danny@laborlawpc.com

John Vance Little
Scopelitis Garvin Light Hanson & Feary
vlittle@scopelitis.com

Chad Finke, Executive Officer / Clerk of the Court

Dated: 06/09/2026

By:

B. Mercado, Deputy Clerk

**SUPERIOR COURT OF CALIFORNIA, COUNTY OF ALAMEDA**
Rene C. Davidson Courthouse, Department 21

JUDICIAL OFFICER: HONORABLE S. RAJ CHATTERJEE

Courtroom Clerk: Belinda Mercado CSR: None

**25CV161021** June 9, 2026
2:30 PM

**WALKER**
**vs**
**IRONCLAD ENVIRONMENTAL SOLUTIONS, INC.**

**MINUTES**

**NATURE OF PROCEEDINGS: Hearing on Motion to be Admitted Pro Hac Vice filed by Ironclad Environmental Solutions, Inc. (Defendant) CRS# 318624390577 filed by Ironclad Environmental Solutions, Inc. (Defendant) on 05/13/2026**

Prior to the hearing, the Court issued a tentative ruling, which is not contested and is affirmed as set forth below.

The Motion to Be Admitted Pro Hac Vice filed by Ironclad Environmental Solutions, Inc. on 05/13/2026 is Granted.

Pursuant to Government Code section 70617(e)(2), on or before the anniversary of the date of this order Pro Hac Vice Applicant JARED S. KRAMER shall pay a renewal fee of five hundred dollars ($500) for each year that Pro Hac Vice Applicant maintains pro hac vice status in this case. The Court hereby sets a compliance hearing for 06/07/2027 at 02:30 PM in Department 21 at Rene C. Davidson Courthouse. If the renewal fee has been paid at least 10 calendar days before the hearing, no appearance will be required.

The Court ORDERS that the Pro Hac Vice Applicant file a Notice of Renewal when paying the renewal fee. If there is no Notice of Renewal, then the trial judge cannot readily determine whether the applicant has paid the renewal fee.

Upon receipt of this order Counsel are to email the following information to the Dept 21 clerk at dept21@alameda.courts.ca.gov.
Case Name and #;
Date of the PHV order;
First and Last Name;
State Bar Number;
Issuer State;
Organization Name and address;
Email address;
Party they represent.

# SUPERIOR COURT OF CALIFORNIA, COUNTY OF ALAMEDA

The Court orders counsel to obtain a copy of this order from the eCourt portal.

By: B. Mercado, Deputy Clerk

Minutes of: 06/09/2026
Entered on: 06/09/2026

# SUPERIOR COURT OF CALIFORNIA, COUNTY OF ALAMEDA

Rene C. Davidson Courthouse

| | |
|---|---|
| Jawanna Walker<br>Plaintiff/Petitioner(s)<br>vs.<br>Ironclad Environmental Solutions, Inc.<br>Defendant/Respondent (s) | No. 25CV161021<br><br>Date: 06/09/2026<br>Time: 2:30 PM<br>Dept: 21<br>Judge: S. Raj Chatterjee<br><br>ORDER Hearing on Motion to be Admitted Pro Hac Vice filed by Ironclad Environmental Solutions, Inc. (Defendant) CRS# 318624390577 filed by Ironclad Environmental Solutions, Inc. (Defendant) on 05/13/2026 |

Prior to the hearing, the Court issued a tentative ruling, which is not contested and is affirmed as set forth below.

The Motion to Be Admitted Pro Hac Vice filed by Ironclad Environmental Solutions, Inc. on 05/13/2026 is Granted.

Pursuant to Government Code section 70617(e)(2), on or before the anniversary of the date of this order Pro Hac Vice Applicant JARED S. KRAMER shall pay a renewal fee of five hundred dollars ($500) for each year that Pro Hac Vice Applicant maintains pro hac vice status in this case. The Court hereby sets a compliance hearing for 06/07/2027 at 02:30 PM in Department 21 at Rene C. Davidson Courthouse. If the renewal fee has been paid at least 10 calendar days before the hearing, no appearance will be required.

The Court ORDERS that the Pro Hac Vice Applicant file a Notice of Renewal when paying the renewal fee. If there is no Notice of Renewal, then the trial judge cannot readily determine whether the applicant has paid the renewal fee.

# SUPERIOR COURT OF CALIFORNIA, COUNTY OF ALAMEDA

Rene C. Davidson Courthouse

Upon receipt of this order Counsel are to email the following information to the Dept 21 clerk at dept21@alameda.courts.ca.gov.
Case Name and #;
Date of the PHV order;
First and Last Name;
State Bar Number;
Issuer State;
Organization Name and address;
Email address;
Party they represent.

The Court orders counsel to obtain a copy of this order from the eCourt portal.

Dated : 06/09/2026



S. Raj Chatterjee / Judge

| SUPERIOR COURT OF CALIFORNIA<br>COUNTY OF ALAMEDA | Reserved for Clerk's File Stamp<br><br>FILED<br>Superior Court of California<br>County of Alameda<br>06/09/2026<br>Chad Finke, Executive Officer / Clerk of the Court<br>By: Deputy<br>B. Mercado |
|---|---|
| COURTHOUSE ADDRESS:<br>Rene C. Davidson Courthouse<br>1225 Fallon Street, Oakland, CA 94612 | |
| PLAINTIFF/PETITIONER:<br>Jawanna Walker | |
| DEFENDANT/RESPONDENT:<br>Ironclad Environmental Solutions, Inc. | |
| **CERTIFICATE OF ELECTRONIC SERVICE CODE OF CIVIL PROCEDURE 1010.6** | CASE NUMBER:<br>25CV161021 |

**I, the below named Executive Officer/Clerk of Court of the above-entitled court, do hereby certify that I am not a party to the cause herein, and that on this date I served one copy of the Order Hearing on Motion to be Admitted Pro Hac Vice filed by Ironclad Environmental Solutions, Inc. (Defendant) CRS# 318624390577 filed by Ironclad Environmental Solutions, Inc. (Defendant) on 05/13/2026 entered herein upon each party or counsel of record in the above entitled action, by electronically serving the document(s) from my place of business, in accordance with standard court practices.**

Danny Yadidsion
Labor Law PC
danny@laborlawpc.com

John Vance Little
Scopelitis Garvin Light Hanson & Feary
vlittle@scopelitis.com

Chad Finke, Executive Officer / Clerk of the Court

Dated: 06/09/2026

By:

B. Mercado, Deputy Clerk